1
2
3
4
5
6
7

**MAZZARELLA ■ CALDARELLI LLP**
William J. Caldarelli (SBN #149573)
Michael D. Fabiano (SBN #167058)
550 West C Street, Suite 700
San Diego, CA  92101
Tel: (619) 238-4900
Fax: (619) 238-4959
wjc@mazzcal.com
mfabiano@mazzcal.com

Attorneys for Plaintiff Ameranth, Inc.

8
9
10

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

11
12
13
14
15
16
17
18
19
20

| AMERANTH, INC. | |
|---|---|
| Plaintiff, | Civil Action No.: **'11 CV1810 JLS NLS** |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| PIZZA HUT, INC., PIZZA HUT OF AMERICA, INC., DOMINO'S PIZZA, LLC, DOMINO'S PIZZA, INC., PAPA JOHN'S USA, INC., OPENTABLE, INC., GRUBHUB, INC., NETWAITER, LLC and LAUGHSTUB LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

21  / / /
22  / / /
23  / / /
24
25
26
27
28

---

**COMPLAINT FOR PATENT INFRINGEMENT**

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Ameranth, Inc., for its Complaint against defendants Pizza Hut, Inc., Pizza Hut of America, Inc., Domino's Pizza, LLC, Domino's Pizza, Inc., Papa John's USA, Inc., OpenTable, Inc., GrubHub, Inc., Netwaiter, LLC and LaughStub LLC (collectively, "Defendants"), avers as follows:

**PARTIES**

1.      Plaintiff Ameranth, Inc. ("Ameranth") is a Delaware corporation having a principal place of business at 5820 Oberlin Drive, Suite 202, San Diego, California 92121. Ameranth develops, manufactures and sells, *inter alia*, hospitality industry, entertainment, restaurant and food service information technology solutions under the trademarks 21st Century Communications™, 21st Century Restaurant™ , among others, comprising the synchronization and integration of hospitality information and hospitality software applications between fixed, wireless and/or internet applications, including but not limited to computer servers, web servers, databases, affinity/social networking systems, desktop computers, laptops, "smart" phones and other wireless handheld devices..

2.      Defendant Pizza Hut, Inc., is, on information and belief, a California corporation having a principal place of business in Plano, Texas.  Defendant Pizza Hut of America, Inc., is, on information and belief, a Delaware corporation having a principal place of business in Plano, Texas.  On information and belief, Pizza Hut, Inc. and Pizza Hut of America, Inc. are agents and affiliates of one another and knowingly and intentionally acted in concert and under common and coordinated plan, design and control in committing the acts alleged herein, such that each entity is jointly and severally liable for the acts of each other. Pizza Hut, Inc. and Pizza Hut of America, Inc. shall be referred to herein collectively as "Pizza Hut."  On information and belief, Pizza Hut makes, uses, sells and/or offers for sale restaurant and foodservice information technology products, software, components and/or systems within this Judicial District, including products, software, components and/or systems comprising wireless and internet Point of Sale ("POS") and/or hospitality aspects.

3.     Defendant Domino's Pizza, LLC, is, on information and belief, a Michigan limited liability company having a principal place of business in Ann Arbor, Michigan. Defendant Domino's Pizza, Inc. is, on information and belief, a Delaware corporation having a principal place of business in Ann Arbor, Michigan.  On information and belief, Domino's Pizza, LLC and Domino's Pizza, Inc. are agents and affiliates of one another and knowingly and intentionally acted in concert and under common and coordinated plan, design and control in committing the acts alleged herein, such that each entity is jointly and severally liable for the acts of each other.  Domino's Pizza, LLC and Domino's Pizza, Inc. shall be referred to herein collectively as "Domino's."  On information and belief, Domino's makes, uses, sells and/or offers for sale restaurant and foodservice information technology products, software, components and/or systems within this Judicial District, including products, software, components and/or systems comprising wireless and internet POS and/or hospitality aspects.

4.     Defendant Papa John's USA, Inc., ("Papa John's") is, on information and belief, a Kentucky corporation having a principal place of business in Louisville, Kentucky. On information and belief, Papa John's makes, uses, sells and/or offers for sale restaurant and foodservice information technology products, software, components and/or systems within this Judicial District, including products, software, components and/or systems comprising wireless and internet POS and/or hospitality aspects.

5.     Defendant OpenTable, Inc., ("OpenTable") is, on information and belief, a Delaware corporation having a principal place of business in San Francisco, California.  On information and belief, OpenTable makes, uses, sells and/or offers for sale restaurant and foodservice information technology products, software, components and/or systems within this Judicial District, including products, software, components and/or systems comprising wireless and internet  hospitality aspects.

6.     Defendant GrubHub, Inc. ("GrubHub") is, on information and belief, a Delaware corporation having a principal place of business in Chicago, Illinois.   On information and belief, GrubHub makes, uses, sells and/or offers for sale restaurant and

1 foodservice information technology products, software, components and/or systems within
2 this Judicial District, including products, software, components and/or systems comprising
3 wireless and internet POS and/or hospitality aspects.

4     7.     Defendant Netwaiter, LLC ("Netwaiter") is, on information and belief, a
5 California limited liability company having a principal place of business in Redlands,
6 California. On information and belief, Netwaiter makes, uses, sells and/or offers for sale
7 restaurant and foodservice information technology products, software, components and/or
8 systems within this Judicial District, including products, software, components and/or systems
9 comprising wireless and internet POS and/or hospitality aspects.

10     8.     Defendant LaughStub LLC, ("LaughStub") is, on information and belief, a
11 California limited liability company having a principal place of business in Los Angeles,
12 California. On information and belief, LaughStub makes, uses, sells and/or offers for sale
13 entertainment box office management and ticketing information technology products,
14 software, components and/or systems within this Judicial District, including products,
15 software, components and/or systems comprising wireless and internet hospitality aspects.

16                         **JURISDICTION AND VENUE**

17     9.     This is an action for patent infringement arising under the Patent Laws of the
18 United States, 35 U.S.C. §§ 271, 281-285.

19     10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and
20 1338(a).

21     11.     On information and belief, Defendants, and each of them, have engaged in (a)
22 the offer for sale or license and sale or license of hospitality, restaurant, food service, ticketing
23 and/or entertainment technology services, products and/or components in the United States,
24 including this Judicial District, including services, products, software, components, tickets
25 and/or systems comprising wireless and internet POS and/or hospitality aspects; (b) the
26 installation and maintenance of said services, products, software, components and/or systems
27 in hospitality industry, restaurant, food service, and/or entertainment information technology
28 systems in the United States, including this Judicial District; and/or (c) the use of hospitality

1    industry, restaurant, food service, and/or entertainment information technology systems
2    comprising said services, products, software, components and/or systems in the United States,
3    including this Judicial District.

4        12.    This Court has personal jurisdiction over Defendants, and each of them, as
5    each Defendant has committed acts of patent infringement in this Judicial District including,
6    *inter alia*, making, using, offering for sale or license, and/or selling or licensing infringing
7    services, products, software, components and/or systems in this Judicial District.

8        13.    Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and
9    (c) and 1400(b) as regards all Defendants, both separately and together.

10   **BACKGROUND**

11       14.    Ameranth was established in 1996 to develop and provide its 21st Century
12   Communications™ innovative information technology solutions for the hospitality industry
13   (inclusive of e.g. restaurants, hotels, casinos, nightclubs, cruise ships and other entertainment
14   and sports venues). Ameranth has been widely recognized as a technology leader in the
15   provision of wireless and internet-based systems and services to, *inter alia*, restaurants, hotels,
16   casinos, cruise ships and entertainment and sports venues. Ameranth's award winning
17   inventions enable, in relevant part, generation and synchronization of menus, including but
18   not limited to restaurant menus, event tickets, and other products across fixed, wireless and/or
19   internet platforms as well as synchronization of hospitality information and hospitality
20   software applications across fixed, wireless and internet platforms, including but not limited
21   to, computer servers, web servers, databases, affinity/social networking systems, desktop
22   computers, laptops, "smart" phones and other wireless handheld devices.

23       15.    Ameranth began development of the inventions leading to the patents-in-suit in
24   the late Summer of 1998, at a time when the then-available wireless and internet hospitality
25   offerings were extremely limited in functionality, were not synchronized and did not provide
26   an integrated system-wide solution to the pervasive ordering, reservations, affinity program
27   and information management needs of the hospitality industry. Ameranth uniquely recognized
28   the actual problems that needed to be resolved in order to meet those needs, and thereafter

**COMPLAINT FOR PATENT INFRINGEMENT**

1   conceived and developed its breakthrough inventions and products to provide systemic and

2   comprehensive solutions directed to optimally meeting these industry needs. Ameranth has

3   expended considerable effort and resources in inventing, developing and marketing its

4   inventions and protecting its rights therein.

5        16.        Ameranth's pioneering inventions have been widely adopted and are thus now

6   essential to the modern wireless hospitality enterprise of the 21st Century. Ameranth's

7   solutions have been adopted, licensed and/or deployed by numerous entities across the

8   hospitality industry.

9        17.        The adoption of Ameranth's technology by industry leaders and the wide

10  acclaim received by Ameranth for its technological innovations are just some of the many

11  confirmations of the breakthrough aspects of Ameranth's inventions. Ameranth has received

12  twelve different technology awards (three with "end customer" partners) and has been widely

13  recognized as a hospitality wireless/internet technology leader by almost all major national

14  and hospitality print publications, *e.g.*, The Wall Street Journal, New York Times, USA

15  Today and many others. Ameranth was personally nominated by Bill Gates, the Founder of

16  Microsoft, for the prestigious Computerworld Honors Award that Ameranth received in 2001

17  for its breakthrough synchronized reservations/ticketing system with the Improv Comedy

18  Theatres. In his nomination, Mr. Gates described Ameranth as "one of the leading pioneers of

19  information technology for the betterment of mankind." This prestigious award was based on

20  Ameranth's innovative synchronization of wireless/web/fixed hospitality software

21  technology. Subsequently, the United States Patent and Trademark Office granted Ameranth

22  a number of currently-issued patents, two of which are the basis for this lawsuit. Ameranth

23  has issued press releases announcing these patent grants on business wires, on its web sites

24  and at numerous trade shows attended by various of the Defendants since the first of the three

25  presently-asserted patents issued in 2002.

26  ///

27

28

## COUNT I

### Patent Infringement (U.S. Pat. No. 6,384,850)

### (35 U.S.C. § 271)

18.     Plaintiff reiterates and incorporates the allegations set forth in paragraphs 1-17 above as if fully set forth herein.

19.     On May 7, 2002, United States Patent No. 6,384,850 entitled "Information Management and Synchronous Communications System with Menu Generation" ("the '850 patent") (a true and copy of which is attached hereto as **Exhibit A**) was duly and legally issued by the United States Patent & Trademark Office.

20.     Plaintiff Ameranth is the lawful owner by assignment of all right, title and interest in and to the '850 patent.

21.     On information and belief, defendant Pizza Hut has infringed one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 5 through 16 of the '850 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or license and/or selling or licensing infringing systems, including but not limited to systems including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

22.     On information and belief, defendant Pizza Hut has actively induced others to infringe one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 5 through 16 of the '850 patent, in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

23.     On information and belief, defendant Pizza Hut has contributorily infringed one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 5 through 16 of the '850 patent, in violation of 35 U.S.C. §271(c) by offering to sell or license and/or selling or licensing components of systems on which valid and enforceable

**COMPLAINT FOR PATENT INFRINGEMENT**

1    claims of the '850 patent read, constituting a material part of the invention, knowing that the

2    components were especially adapted for use in systems which infringe valid and enforceable

3    claims of the '850 patent, to distributors and/or to restaurant and foodservice users for use in

4    infringing systems and services, including but not limited to systems and services including

5    wireless and internet POS and/or hospitality aspects in the United States without authority or

6    license from Ameranth.

7        24.    On information and belief, the infringement of defendant Pizza Hut has been

8    done with knowledge and willful disregard of Ameranth's patent rights, making this an

9    exceptional case within the meaning of 35 U.S.C. §285.

10       25.    The aforesaid infringing activity has caused damage to plaintiff Ameranth,

11   including loss of profits from sales it would have made but for the infringements.  Unless

12   enjoined, the aforesaid infringing activity will continue and cause irreparable injury to

13   Ameranth for which there is no adequate remedy at law.

14       26.    On information and belief, defendant Domino's has infringed one or more

15   valid and enforceable claims of the '850 patent, specifically one or more of claims 5 through

16   16 of the '850 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or

17   license and/or selling or licensing infringing systems including but not limited to systems

18   including wireless and internet POS and/or hospitality aspects in the United States without

19   authority or license from Ameranth.

20       27.    On information and belief, defendant Domino's has actively induced others to

21   infringe one or more valid and enforceable claims of the '850 patent, specifically one or more

22   of claims 5 through 16 of the '850 patent, in violation of 35 U.S.C. §271(b) by knowingly

23   encouraging, aiding and abetting restaurant and food service users to use infringing systems

24   and services, including but not limited to systems and services including wireless and internet

25   POS and/or hospitality aspects in the United States without authority or license from

26   Ameranth.

27       28.    On information and belief, defendant Domino's has contributorily infringed

28   one or more valid and enforceable claims of the '850 patent, specifically one or more of

1   claims 5 through 16 of the '850 patent, in violation of 35 U.S.C. §271(c) by offering to sell or

2   license and/or selling or licensing components of systems on which valid and enforceable

3   claims of the '850 patent read, constituting a material part of the invention, knowing that the

4   components were especially adapted for use in systems which infringe valid and enforceable

5   claims of the '850 patent, to distributors and/or to restaurant and foodservice users for use in

6   infringing systems and services, including but not limited to systems and services including

7   wireless and internet POS and/or hospitality aspects in the United States without authority or

8   license from Ameranth.

9        29.     On information and belief, the infringement of defendant Domino's has been

10  done with knowledge and willful disregard of Ameranth's patent rights, making this an

11  exceptional case within the meaning of 35 U.S.C. §285.

12       30.     The aforesaid infringing activity has caused damage to plaintiff Ameranth,

13  including loss of profits from sales it would have made but for the infringements.   Unless

14  enjoined, the aforesaid infringing activity will continue and cause irreparable injury to

15  Ameranth for which there is no adequate remedy at law.

16       31.     On information and belief, defendant Papa John's has infringed one or more

17  valid and enforceable claims of the '850 patent, specifically one or more of claims 5 through

18  16 of the '850 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or

19  license and/or selling or licensing infringing systems, including but not limited to systems

20  including wireless and internet POS and/or hospitality aspects in the United States without

21  authority or license from Ameranth.

22       32.     On information and belief, defendant Papa John's has actively induced others

23  to infringe one or more valid and enforceable claims of the '850 patent, specifically one or

24  more of claims 5 through 16 of the '850 patent, in violation of 35 U.S.C. §271(b) by

25  knowingly encouraging, aiding and abetting restaurant and food service users to use

26  infringing systems and services, including but not limited to systems and services including

27  wireless and internet POS and/or hospitality aspects in the United States without authority or

28  license from Ameranth.

33.     On information and belief, defendant Papa John's has contributorily infringed one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 5 through 16 of the '850 patent, in violation of 35 U.S.C. §271(c) by offering to sell or license and/or selling or licensing components of systems on which valid and enforceable claims of the '850 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe valid and enforceable claims of the '850 patent, to distributors and/or to restaurant and foodservice users for use in infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

34.     On information and belief, the infringement of defendant Papa John's has been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §285.

35.     The aforesaid infringing activity has caused damage to plaintiff Ameranth, including loss of profits from sales it would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

36.     On information and belief, defendant OpenTable has infringed one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 5 through 16 of the '850 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or license and/or selling or licensing infringing systems, including but not limited to systems including wireless and internet hospitality aspects in the United States without authority or license from Ameranth.

37.     On information and belief, defendant OpenTable has actively induced others to infringe one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 5 through 16 of the '850 patent, in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems

1  and services, including but not limited to systems and services including wireless and internet

2  hospitality aspects in the United States without authority or license from Ameranth.

3      38.      On information and belief, defendant OpenTable has contributorily infringed

4  one or more valid and enforceable claims of the '850 patent, specifically one or more of

5  claims 5 through 16 of the '850 patent, in violation of 35 U.S.C. §271(c) by offering to sell or

6  license and/or selling or licensing components of systems on which valid and enforceable

7  claims of the '850 patent read, constituting a material part of the invention, knowing that the

8  components were especially adapted for use in systems which infringe valid and enforceable

9  claims of the '850 patent, to distributors and/or to restaurant and foodservice users for use in

10  infringing systems and services including but not limited to systems and services including

11  wireless and internet hospitality aspects in the United States without authority or license

12  from Ameranth.

13      39.      On information and belief, the infringement of defendant OpenTable has been

14  done with knowledge and willful disregard of Ameranth's patent rights, making this an

15  exceptional case within the meaning of 35 U.S.C. §285.

16      40.      The aforesaid infringing activity has caused damage to plaintiff Ameranth,

17  including loss of profits from sales it would have made but for the infringements. Unless

18  enjoined, the aforesaid infringing activity will continue and cause irreparable injury to

19  Ameranth for which there is no adequate remedy at law.

20      41.      On information and belief, defendant GrubHub has infringed one or more valid

21  and enforceable claims of the '850 patent, specifically one or more of claims 5 through 16 of

22  the '850 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or

23  license and/or selling or licensing infringing systems, including but not limited to systems

24  including wireless and internet POS and/or hospitality aspects in the United States without

25  authority or license from Ameranth.

26      42.      On information and belief, defendant GrubHub has actively induced others to

27  infringe one or more valid and enforceable claims of the '850 patent, specifically one or more

28  of claims 5 through 16 of the '850 patent, in violation of 35 U.S.C. §271(b) by knowingly

**COMPLAINT FOR PATENT INFRINGEMENT**

1  encouraging, aiding and abetting restaurant and food service users to use infringing systems

2  and services, including but not limited to systems and services including wireless and internet

3  POS and/or hospitality aspects in the   United States without authority or license from

4  Ameranth.

5      43.      On information and belief, defendant GrubHub has contributorily infringed

6  one or more valid and enforceable claims of the '850 patent, specifically one or more of

7  claims 5 through 16 of the '850 patent, in violation of 35 U.S.C. §271(c) by offering to sell or

8  license and/or selling or licensing components of systems on which valid and enforceable

9  claims of the '850 patent read, constituting a material part of the invention, knowing that the

10  components were especially adapted for use in systems which infringe valid and enforceable

11  claims of the '850 patent, to distributors and/or to restaurant and foodservice users for use in

12  infringing systems and services, including but not limited to systems and services including

13  wireless and internet POS and/or hospitality aspects in the  United States without authority or

14  license from Ameranth.

15      44.      On information and belief, the infringement of defendant GrubHub has been

16  done with knowledge and willful disregard of Ameranth's patent rights, making this an

17  exceptional case within the meaning of 35 U.S.C. §285.

18      45.      The aforesaid infringing activity has caused damage to plaintiff Ameranth,

19  including loss of profits from sales it would have made but for the infringements.  Unless

20  enjoined, the aforesaid infringing activity will continue and cause irreparable injury to

21  Ameranth for which there is no adequate remedy at law.

22      46.      On information and belief, defendant Netwaiter has infringed one or more

23  valid and enforceable claims of the '850 patent, specifically one or more of claims 5 through

24  16 of the '850 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or

25  license and/or selling or licensing infringing systems, including but not limited to systems

26  including wireless and internet POS and/or hospitality aspects in the United States without

27  authority or license from Ameranth.

28

**COMPLAINT FOR PATENT INFRINGEMENT**

47.     On information and belief, defendant Netwaiter has actively induced others to infringe one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 5 through 16 of the '850 patent, in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the   United States without authority or license from Ameranth.

48.     On information and belief, defendant Netwaiter has contributorily infringed one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 5 through 16 of the '850 patent, in violation of 35 U.S.C. §271(c) by offering to sell or license and/or selling or licensing components of systems on which valid and enforceable claims of the '850 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe valid and enforceable claims of the '850 patent, to distributors and/or to restaurant and foodservice users for use in infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the  United States without authority or license from Ameranth.

49.     On information and belief, the infringement of defendant Netwaiter has been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §285.

50.     The aforesaid infringing activity has caused damage to plaintiff Ameranth, including loss of profits from sales it would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

51.     On information and belief, defendant LaughStub has infringed one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 5 through 16 of the '850 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or license and/or selling or licensing infringing systems, including but not limited to systems

**COMPLAINT FOR PATENT INFRINGEMENT**

1  including wireless and internet hospitality aspects in the United States without authority or

2  license from Ameranth.

3      52.      On information and belief, defendant LaughStub has actively induced others to

4  infringe one or more valid and enforceable claims of the '850 patent, specifically one or more

5  of claims 5 through 16 of the '850 patent, in violation of 35 U.S.C. §271(b) by knowingly

6  encouraging, aiding and abetting entertainment venue users to use infringing ticketing and

7  box office management systems and services, including but not limited to systems and

8  services including wireless and internet  hospitality aspects in the  United States without

9  authority or license from Ameranth.

10      53.      On information and belief, defendant LaughStub has contributorily infringed

11  one or more valid and enforceable claims of the '850 patent, specifically one or more of

12  claims 5 through 16 of the '850 patent, in violation of 35 U.S.C. §271(c) by offering to sell or

13  license and/or selling or licensing components of systems on which valid and enforceable

14  claims of the '850 patent read, constituting a material part of the invention, knowing that the

15  components were especially adapted for use in systems which infringe valid and enforceable

16  claims of the '850 patent, to distributors and/or to entertainment venue users for use in

17  infringing ticketing and box office management systems and services, including but not

18  limited to systems and services including wireless and internet  hospitality aspects in the

19  United States without authority or license from Ameranth.

20      54.      On information and belief, the infringement of defendant LaughStub has been

21  done with knowledge and willful disregard of Ameranth's patent rights, making this an

22  exceptional case within the meaning of 35 U.S.C. §285.

23      55.      The aforesaid infringing activity has caused damage to plaintiff Ameranth,

24  including loss of profits from sales it would have made but for the infringements.  Unless

25  enjoined, the aforesaid infringing activity will continue and cause irreparable injury to

26  Ameranth for which there is no adequate remedy at law.

27  / / /

28

**COMPLAINT FOR PATENT INFRINGEMENT**

1

2

3

### COUNT II

**Patent Infringement (U.S. Pat. No. 6,871,325)**

**(35 U.S.C. § 271)**

4    56.    Plaintiff reiterates and incorporates the allegations set forth in paragraphs 1-18

5    above as if fully set forth herein.

6    57.    On March 22, 2005, United States Patent No. 6,871,325 entitled "Information

7    Management and Synchronous Communications System with Menu Generation" ("the '325

8    patent") (a true and correct copy of which is attached hereto as **Exhibit B**) was duly and

9    legally issued by the United States Patent & Trademark Office.

10    58.    Plaintiff Ameranth is the lawful owner by assignment of all right, title and

11    interest in and to the '325 patent.

12    59.    On information and belief, defendant Pizza Hut has infringed one or more

13    valid and enforceable claims of the '325 patent, specifically one or more of claims 2 through

14    5, 7 through 8, and 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(a) by

15    making, using, offering for sale or license and/or selling or licensing infringing systems,

16    including but not limited to systems including wireless and internet POS and/or hospitality

17    aspects in the United States without authority or license from Ameranth.

18    60.    On information and belief, defendant Pizza Hut has actively induced others to

19    one or more valid and enforceable claims of the '325 patent, specifically one or more of

20    claims 2 through 5, 7 through 8, and 11 through 15 of the '325 patent, in violation of 35

21    U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service

22    users to use infringing systems and services, including but not limited to systems and services

23    including wireless and internet POS and/or hospitality aspects in the United States without

24    authority or license from Ameranth.

25    61.    On information and belief, defendant Pizza Hut has contributorily infringed

26    one or more valid and enforceable claims of the '325 patent, specifically one or more of

27    claims 2 through 5, 7 through 8, and 11 through 15 of the '325 patent, in violation of 35

28    U.S.C. §271(c) by offering to sell or license and/or selling or licensing components of systems

14

**COMPLAINT FOR PATENT INFRINGEMENT**

1  on which valid and enforceable claims of the '325 patent read, constituting a material part of

2  the invention, knowing that the components were especially adapted for use in systems which

3  infringe valid and enforceable claims of the '325 patent, to distributors and/or to restaurant

4  and foodservice users for use in infringing systems and services, including but not limited to

5  systems and services including wireless and internet POS and/or hospitality aspects in the

6  United States without authority or license from Ameranth.

7       62.     On information and belief, the infringement of defendant Pizza Hut has been

8  done with knowledge and willful disregard of Ameranth's patent rights, making this an

9  exceptional case within the meaning of 35 U.S.C. §285.

10       63.     The aforesaid infringing activity has caused damage to plaintiff Ameranth,

11  including loss of profits from sales it would have made but for the infringements.  Unless

12  enjoined, the aforesaid infringing activity will continue and cause irreparable injury to

13  Ameranth for which there is no adequate remedy at law.

14       64.     On information and belief, defendant Domino's has infringed one or more

15  valid and enforceable claims of the '325 patent, specifically one or more of claims 2 through

16  5, 7 through 8, and 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(a) by

17  making, using, offering for sale or license and/or selling or licensing infringing systems,

18  including but not limited to systems including wireless and internet POS and/or hospitality

19  aspects in the United States without authority or license from Ameranth.

20       65.     On information and belief, defendant Domino's has actively induced others to

21  infringe one or more valid and enforceable claims of the '325 patent, specifically one or more

22  of claims 2 through 5, 7 through 8, and 11 through 15 of the '325 patent, in violation of 35

23  U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service

24  users to use infringing systems and services, including but not limited to systems and services

25  including wireless and internet POS and/or hospitality aspects in the United States without

26  authority or license from Ameranth.

27       66.     On information and belief, defendant Domino's has contributorily infringed

28  one or more valid and enforceable claims of the '325 patent, specifically one or more of

**COMPLAINT FOR PATENT INFRINGEMENT**

claims 2 through 5, 7 through 8, and 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(c) by offering to sell or license and/or selling or licensing components of systems on which valid and enforceable claims of the '325 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe valid and enforceable claims of the '325 patent, to distributors and/or to restaurant and foodservice users for use in infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

67.    On information and belief, the infringement of defendant Domino's has been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §285.

68.    The aforesaid infringing activity has caused damage to plaintiff Ameranth, including loss of profits from sales it would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

69.    On information and belief, defendant Papa John's has infringed one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 2 through 5, 7 through 8, and 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or license and/or selling or licensing infringing systems, including but not limited to systems including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

70.    On information and belief, defendant Papa John's has actively induced others to infringe one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 2 through 5, 7 through 8, and 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

**COMPLAINT FOR PATENT INFRINGEMENT**

71.     On information and belief, defendant Papa John's has contributorily infringed one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 2 through 5, 7 through 8, and 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(c) by offering to sell or license and/or selling or licensing components of systems on which valid and enforceable claims of the '325 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe valid and enforceable claims of the '325 patent, to distributors and/or to restaurant and foodservice users for use in infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

72.     On information and belief, the infringement of defendant Papa John's has been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §285.

73.     The aforesaid infringing activity has caused damage to plaintiff Ameranth, including loss of profits from sales it would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

74.     On information and belief, defendant OpenTable has infringed one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 2 through 5, 7 through 8, and 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or license and/or selling or licensing infringing systems, including but not limited to systems including wireless and internet  hospitality aspects in the United States without authority or license from Ameranth.

75.     On information and belief, defendant OpenTable has actively induced others to infringe one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 2 through 5, 7 through 8, and 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services, including but not limited to systems and services

including wireless and internet hospitality aspects in the United States without authority or license from Ameranth.

76.     On information and belief, defendant OpenTable has contributorily infringed one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 2 through 5, 7 through 8, and 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(c) by offering to sell or license and/or selling or licensing components of systems on which valid and enforceable claims of the '325 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe valid and enforceable claims of the '325 patent, to distributors and/or to restaurant and foodservice users for use in infringing systems and services, including but not limited to systems and services including wireless and internet  hospitality aspects in the United States without authority or license from Ameranth.

77.     On information and belief, the infringement of defendant OpenTable has been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §285.

78.     The aforesaid infringing activity has caused damage to plaintiff Ameranth, including loss of profits from sales it would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

79.     On information and belief, defendant GrubHub has infringed one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 2 through 5, 7 through 8, and 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or license and/or selling or licensing infringing systems, including but not limited to systems including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

80.     On information and belief, defendant GrubHub has actively induced others to infringe one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 2 through 5, 7 through 8, and 11 through 15 of the '325 patent, in violation of 35

1  U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service

2  users to use infringing systems and services including but not limited to systems and services,

3  including wireless and internet POS and/or hospitality aspects in the United States without

4  authority or license from Ameranth.

5     81.    On information and belief, defendant GrubHub has contributorily infringed

6  one or more valid and enforceable claims of the '325 patent, specifically one or more of

7  claims 2 through 5, 7 through 8, and 11 through 15 of the '325 patent, in violation of 35

8  U.S.C. §271(c) by offering to sell or license and/or selling or licensing components of systems

9  on which valid and enforceable claims of the '325 patent read, constituting a material part of

10 the invention, knowing that the components were especially adapted for use in systems which

11 infringe valid and enforceable claims of the '325 patent, to distributors and/or to restaurant

12 and foodservice users for use in infringing systems and services, including but not limited to

13 systems and services including wireless and internet POS and/or hospitality aspects in the

14 United States without authority or license from Ameranth.

15    82.    On information and belief, the infringement of defendant GrubHub has been

16 done with knowledge and willful disregard of Ameranth's patent rights, making this an

17 exceptional case within the meaning of 35 U.S.C. §285.

18    83.    The aforesaid infringing activity has caused damage to plaintiff Ameranth,

19 including loss of profits from sales it would have made but for the infringements.  Unless

20 enjoined, the aforesaid infringing activity will continue and cause irreparable injury to

21 Ameranth for which there is no adequate remedy at law.

22    84.    On information and belief, defendant Netwaiter has infringed one or more

23 valid and enforceable claims of the '325 patent, specifically one or more of claims 2 through

24 5, 7 through 8, and 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(a) by

25 making, using, offering for sale or license and/or selling or licensing infringing systems,

26 including but not limited to systems including wireless and internet POS and/or hospitality

27 aspects in the United States without authority or license from Ameranth.

28

**COMPLAINT FOR PATENT INFRINGEMENT**

85.     On information and belief, defendant Netwaiter has actively induced others to infringe one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 2 through 5, 7 through 8, and 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

86.     On information and belief, defendant Netwaiter has contributorily infringed one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 2 through 5, 7 through 8, and 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(c) by offering to sell or license and/or selling or licensing components of systems on which valid and enforceable claims of the '325 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe valid and enforceable claims of the '325 patent, to distributors and/or to restaurant and foodservice users for use in infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

87.     On information and belief, the infringement of defendant Netwaiter has been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §285.

88.     The aforesaid infringing activity has caused damage to plaintiff Ameranth, including loss of profits from sales it would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

89.     On information and belief, defendant LaughStub has infringed one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 2 through 5, 7 through 8, and 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or license and/or selling or licensing infringing systems,

1  including but not limited to systems including wireless and internet  hospitality aspects in the

2  United States without authority or license from Ameranth.

3       90.     On information and belief, defendant LaughStub has actively induced others to

4  infringe one or more valid and enforceable claims of the '325 patent, specifically one or more

5  of claims 2 through 5, 7 through 8, and 11 through 15 of the '325 patent, in violation of 35

6  U.S.C. §271(b) by knowingly encouraging, aiding and abetting entertainment venue users to

7  use infringing ticketing and box office management systems and services, including but not

8  limited to systems and services including wireless and internet  hospitality aspects in the

9  United States without authority or license from Ameranth.

10       91.     On information and belief, defendant LaughStub has contributorily infringed

11  one or more valid and enforceable claims of the '325 patent, specifically one or more of

12  claims 2 through 5, 7 through 8, and 11 through 15 of the '325 patent, in violation of 35

13  U.S.C. §271(c) by offering to sell or license and/or selling or licensing components of systems

14  on which valid and enforceable claims of the '325 patent read, constituting a material part of

15  the invention, knowing that the components were especially adapted for use in systems which

16  infringe valid and enforceable claims of the '325 patent, to distributors and/or to

17  entertainment venue users for use in infringing ticketing and box office management systems

18  and services including but not limited to systems and services, including wireless and internet

19  hospitality aspects in the United States without authority or license from Ameranth.

20       92.     On information and belief, the infringement of defendant LaughStub has been

21  done with knowledge and willful disregard of Ameranth's patent rights, making this an

22  exceptional case within the meaning of 35 U.S.C. §285.

23       93.     The aforesaid infringing activity has caused damage to plaintiff Ameranth,

24  including loss of profits from sales it would have made but for the infringements.  Unless

25  enjoined, the aforesaid infringing activity will continue and cause irreparable injury to

26  Ameranth for which there is no adequate remedy at law.

27  / / /

28

**COMPLAINT FOR PATENT INFRINGEMENT**

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff Ameranth respectfully prays for judgment against Defendants, and each of them, as follows:

1.      Adjudging that the manufacture, use, offer for sale or license and /or sale or license of each of the Defendants' accused products, services, software and/or hardware infringes valid and enforceable claims of the '850 patent, specifically one or more of claims 5 through 16 of the '850 patent, and valid and enforceable claims of the '325 patent, specifically one or more of claims 2 through 5, 7 through 8, and 11 through 15 of the '325 patent;

2.      Adjudging that each of the Defendants has infringed, actively induced others to infringe and/or contributorily infringed valid and enforceable claims of the '850 patent, specifically one or more of claims 5 through 16 of the '850 patent, and valid and enforceable claims of the '325 patent, specifically one or more of claims 2 through 5, 7 through 8, and 11 through 15 of the '325 patent;

3.      Adjudging that each of the Defendants has infringed, actively induced others to infringe and/or contributorily infringed valid and enforceable claims of the '850 patent, specifically one or more of claims 5 through 16 of the '850 patent, and valid and enforceable claims of the '325 patent, specifically one or more of claims 2 through 5, 7 through 8, and 11 through 15 of the '325 patent;

4.      Adjudging that Defendants' infringement of the valid and enforceable claims of the '850 and '325 patents has been knowing and willful;

5.      Enjoining each of the Defendants, and their respective officers, directors, employees, attorneys, agents, representatives, parents, subsidiaries, affiliates and all other persons acting in concert, participation or privity with them, and their successors and assigns, from infringing, contributorily infringing and/or inducing others to infringe the valid and enforceable claims of the '850 and '325 patents;

6.      Awarding Ameranth the damages it has sustained by reason of Defendants' infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

**COMPLAINT FOR PATENT INFRINGEMENT**

1    7.    Awarding Ameranth increased damages of three times the amount of damages

2  found or assessed against Defendants by reason of the knowing, willful and deliberate nature

3  of Defendants' acts of infringement pursuant to 35 U.S.C. § 284;

4    8.    Adjudging this to be an exceptional case and awarding Ameranth its attorney's

5  fees pursuant to 35 U.S.C. §285;

6    9.    Awarding to Ameranth its costs of suit, and interest as provided by law; and

7    10.    Awarding to Ameranth such other and further relief that this Court may deem

8  just and proper.

9                  **DEMAND FOR JURY TRIAL**

10    Ameranth demands trial by jury of its claims set forth herein to the maximum extent

11  permitted by law.

12                  Respectfully submitted,

13  Dated: August 15, 2011        MAZZARELLA ■ CALDARELLI LLP

14

15

16  By:   /s William J. Caldarelli
         WILLIAM J. CALDARELLI
         MICHAEL D. FABIANO

17
         Attorneys for Plaintiff Ameranth, Inc.
18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR PATENT INFRINGEMENT**

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS
Ameranth, Inc.

## DEFENDANTS
Pizza Hut, Inc., Pizza Hut of America, Inc., Domino's Pizza, LLC, Domino's Pizza, Inc., Papa John's USA, Inc., OpenTable, Inc., GrubHub, Inc., Netwaiter, LLC, LaughStub LLC

(b) County of Residence of First Listed Plaintiff __San Diego__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mazzarella Caldarelli LLP
550 West C Street
Suite 700
San Diego, CA 92101
(619) 238-4900

Attorneys (If Known)

**'11 CV 1810 JLS NLS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C sections 271, 281-85
Brief description of cause:
Patent Infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
☒ CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE
August 15, 2011

SIGNATURE OF ATTORNEY OF RECORD
/s William J. Caldarelli

FOR OFFICE USE ONLY
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

CSDJS44

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)   County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)   Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded &om Appellate Court. (3) Check this box for cases remanded to the district court for hrther action. Use the date of remand as the lilitlg date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal tiom a magistrate judge's decision.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**            Example:       U.S. Civil Statute: <u>47 USC 553</u>
                                                                     Brief Description: <u>Unauthorized reception of cable service</u>

**VII.  Requested in Complaint.** Class Action. Place an  "X"  in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. 111 this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand sucli as a preliminary injunclion.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.