1

**MAZZARELLA ▪ CALDARELLI LLP**
William J. Caldarelli (SBN #149573)

2

Michael D. Fabiano (SBN #167058)
550 West C Street, Suite 700

3

San Diego, CA  92101
Tel: (619) 238-4900

4

Fax: (619) 238-4959

5

wjc@mazzcal.com
mfabiano@mazzcal.com

6

7

Attorneys for Plaintiff Ameranth, Inc.

8

### UNITED STATES DISTRICT COURT

9

### SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  AMERANTH, INC. | Civil Action No.: 3:11-cv-01810-JLS-NLS |
| 12         Plaintiff, | |
| 13     v. | **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |
| 14  PIZZA HUT, INC., PIZZA HUT OF AMERICA, INC., DOMINO'S PIZZA, LLC, | |
| 15  DOMINO'S PIZZA, INC., PAPA JOHN'S USA, INC., OPENTABLE, INC., | |
| 16  GRUBHUB, INC., NETWAITER, LLC, TICKETMOB, LLC, EXIT 41, LLC, | **JURY TRIAL DEMANDED** |
| 17  QUIKORDER, INC., SEAMLESS NORTH AMERICA, LLC, and O-WEB | |
| 18  TECHNOLOGIES LTD., | |
| 19         Defendants. | |

20

21

22    / / /

23    / / /

24    / / /

25

26

27

28

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Ameranth, Inc., for its Complaint against defendants Pizza Hut, Inc., Pizza Hut of America, Inc., Domino's Pizza, LLC, Domino's Pizza, Inc., Papa John's USA, Inc., OpenTable, Inc., GrubHub, Inc., Netwaiter, LLC, Ticketmob, LLC, Exit 41, LLC, QuikOrder, Inc., Seamless North America, LLC and O-Web Technologies LTD.(collectively, "Defendants"), avers as follows:

## PARTIES

1.     Plaintiff Ameranth, Inc. ("Ameranth") is a Delaware corporation having a principal place of business at 5820 Oberlin Drive, Suite 202, San Diego, California 92121. Ameranth develops, manufactures and sells, *inter alia*, hospitality industry, entertainment, restaurant and food service information technology solutions under the trademarks 21st Century Communications™, 21st Century Restaurant™ , among others, comprising the synchronization and integration of hospitality information and hospitality software applications between fixed, wireless and/or internet applications, including but not limited to computer servers, web servers, databases, affinity/social networking systems, desktop computers, laptops, "smart" phones and other wireless handheld devices..

2.     Defendant Pizza Hut, Inc., is, on information and belief, a California corporation having a principal place of business in Plano, Texas.  Defendant Pizza Hut of America, Inc., is, on information and belief, a Delaware corporation having a principal place of business in Plano, Texas.  On information and belief, Pizza Hut, Inc. and Pizza Hut of America, Inc. are agents and affiliates of one another and knowingly and intentionally acted in concert and under common and coordinated plan, design and control in committing the acts alleged herein, such that each entity is jointly and severally liable for the acts of each other. Pizza Hut, Inc. and Pizza Hut of America, Inc. shall be referred to herein collectively as "Pizza Hut."  On information and belief, Pizza Hut makes, uses, sells and/or offers for sale restaurant and foodservice information technology products, software, components and/or systems within this Judicial District, including products, software, components and/or systems comprising wireless and internet Point of Sale ("POS") and/or hospitality aspects.

1

3.      Defendant Domino's Pizza, LLC, is, on information and belief, a Michigan limited liability company having a principal place of business in Ann Arbor, Michigan. Defendant Domino's Pizza, Inc. is, on information and belief, a Delaware corporation having a principal place of business in Ann Arbor, Michigan.  On information and belief, Domino's Pizza, LLC and Domino's Pizza, Inc. are agents and affiliates of one another and knowingly and intentionally acted in concert and under common and coordinated plan, design and control in committing the acts alleged herein, such that each entity is jointly and severally liable for the acts of each other.  Domino's Pizza, LLC and Domino's Pizza, Inc. shall be referred to herein collectively as "Domino's."  On information and belief, Domino's makes, uses, sells and/or offers for sale restaurant and foodservice information technology products, software, components and/or systems within this Judicial District, including products, software, components and/or systems comprising wireless and internet POS and/or hospitality aspects.

4.      Defendant Papa John's USA, Inc., ("Papa John's") is, on information and belief, a Kentucky corporation having a principal place of business in Louisville, Kentucky. On information and belief, Papa John's makes, uses, sells and/or offers for sale restaurant and foodservice information technology products, software, components and/or systems within this Judicial District, including products, software, components and/or systems comprising wireless and internet POS and/or hospitality aspects.

5.      Defendant OpenTable, Inc., ("OpenTable") is, on information and belief, a Delaware corporation having a principal place of business in San Francisco, California.  On information and belief, OpenTable makes, uses, sells and/or offers for sale restaurant and foodservice information technology products, software, components and/or systems within this Judicial District, including products, software, components and/or systems comprising wireless and internet  hospitality aspects.

6.      Defendant GrubHub, Inc. ("GrubHub") is, on information and belief, a Delaware corporation having a principal place of business in Chicago, Illinois.  On information and belief, GrubHub makes, uses, sells and/or offers for sale restaurant and

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1  foodservice information technology products, software, components and/or systems within

2  this Judicial District, including products, software, components and/or systems comprising

3  wireless and internet POS and/or hospitality aspects.

4      7.      Defendant Netwaiter, LLC ("Netwaiter") is, on information and belief, a

5  California limited liability company having a principal place of business in Redlands,

6  California.  On information and belief, Netwaiter makes, uses, sells and/or offers for sale

7  restaurant and foodservice information technology products, software, components and/or

8  systems within this Judicial District, including products, software, components and/or systems

9  comprising wireless and internet POS and/or hospitality aspects.

10     8.      Defendant Ticketmob, LLC is, on information and belief, a California limited

11  liability company having a principal place of business in Los Angeles, California, doing

12  business as "LaughStub, LLC" ("LaughStub").  On information and belief, LaughStub makes,

13  uses, sells and/or offers for sale entertainment box office management and ticketing

14  information technology products, software, components and/or systems within this Judicial

15  District, including products, software, components and/or systems comprising wireless and

16  internet hospitality aspects.

17     9.      Defendant Exit 41, LLC ("Exit 41") is, on information and belief, a Delaware

18  limited liability company having a principal place of business in Andover, Massachusetts.  On

19  information and belief, Exit 41 makes, uses, sells and/or offers for sale restaurant and

20  foodservice information technology products, software, components and/or systems within

21  this Judicial District, including products, software, components and/or systems comprising

22  wireless and internet POS and/or hospitality aspects.

23     10.     Defendant QuikOrder, Inc. ("QuikOrder") is, on information and belief, an

24  Illinois corporation having a principal place of business in Chicago, Illinois.  On information

25  and belief, QuikOrder makes, uses, sells and/or offers for sale restaurant and foodservice

26  information technology products, software, components and/or systems within this Judicial

27  District, including products, software, components and/or systems comprising wireless and

28  internet POS and/or hospitality aspects.

3

1      11.    Defendant Seamless North America, LLC ("Seamless") is, on information and

2  belief, a Delaware limited liability company having a principal place of business in New

3  York, New York.  On information and belief, Seamless makes, uses, sells and/or offers for

4  sale restaurant and foodservice information technology products, software, components and/or

5  systems within this Judicial District, including products, software, components and/or systems

6  comprising wireless and internet POS and/or hospitality aspects.

7      12.    Defendant O-Web Technologies LTD., is, on information and belief, an Ohio

8  limited liability company having a principal place of business in Cleveland, Ohio, doing

9  business as "Onosys" ("Onosys").  On information and belief, Onosys makes, uses, sells

10  and/or offers for sale restaurant and foodservice information technology products, software,

11  components and/or systems within this Judicial District, including products, software,

12  components and/or systems comprising wireless and internet POS and/or hospitality aspects.

13

14                 **JURISDICTION AND VENUE**

15      13.    This is an action for patent infringement arising under the Patent Laws of the

16  United States, 35 U.S.C. §§ 271, 281-285.

17      14.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

18  1338(a).

19      15.    On information and belief, Defendants, and each of them, have engaged in (a)

20  the offer for sale or license and sale or license of hospitality, restaurant, food service, ticketing

21  and/or entertainment technology services, products and/or components in the United States,

22  including this Judicial District, including services, products, software, components, tickets

23  and/or systems comprising wireless and internet POS and/or hospitality aspects; (b) the

24  installation and maintenance of said services, products, software, components and/or systems

25  in hospitality industry, restaurant, food service, and/or entertainment information technology

26  systems in the United States, including this Judicial District; and/or (c) the use of hospitality

27  industry, restaurant, food service, and/or entertainment information technology systems

28

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

1  comprising said services, products, software, components and/or systems in the United States,

2  including this Judicial District.

3       16.     This Court has personal jurisdiction over Defendants, and each of them, as

4  each Defendant has committed acts of patent infringement in this Judicial District including,

5  *inter alia*, making, using, offering for sale or license, and/or selling or licensing infringing

6  services, products, software, components and/or systems in this Judicial District.

7       17.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and

8  (c) and 1400(b) as regards all Defendants, both separately and together.

9  **BACKGROUND**

10       18.     Ameranth was established in 1996 to develop and provide its 21st Century

11  Communications™ innovative information technology solutions for the hospitality industry

12  (inclusive of e.g. restaurants, hotels, casinos, nightclubs, cruise ships and other entertainment

13  and sports venues).  Ameranth has been widely recognized as a technology leader in the

14  provision of wireless and internet-based systems and services to, *inter alia*, restaurants, hotels,

15  casinos, cruise ships and entertainment and sports venues.  Ameranth's award winning

16  inventions enable, in relevant part, generation and synchronization of menus, including but

17  not limited to restaurant menus, event tickets, and other products across fixed, wireless and/or

18  internet platforms as well as synchronization of hospitality information and hospitality

19  software applications across fixed, wireless and internet platforms, including but not limited

20  to, computer servers, web servers, databases, affinity/social networking systems, desktop

21  computers, laptops, "smart" phones and other wireless handheld devices.

22       19.     Ameranth began development of the inventions leading to the patents-in-suit in

23  the late Summer of 1998, at a time when the then-available wireless and internet hospitality

24  offerings were extremely limited in functionality, were not synchronized and did not provide

25  an integrated system-wide solution to the pervasive ordering, reservations, affinity program

26  and information management needs of the hospitality industry. Ameranth uniquely recognized

27  the actual problems that needed to be resolved in order to meet those needs, and thereafter

28  conceived and developed its breakthrough inventions and products to provide systemic and

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

1   comprehensive solutions directed to optimally meeting these industry needs.  Ameranth has

2   expended considerable effort and resources in inventing, developing and marketing its

3   inventions and protecting its rights therein.

4        20.        Ameranth's pioneering inventions have been widely adopted and are thus now

5   essential to the modern wireless hospitality enterprise of the 21st Century. Ameranth's

6   solutions have been adopted, licensed and/or deployed by numerous entities across the

7   hospitality industry.

8        21.        The adoption of Ameranth's technology by industry leaders and the wide

9   acclaim received by Ameranth for its technological innovations are just some of the many

10  confirmations of the breakthrough aspects of Ameranth's inventions.  Ameranth has received

11  twelve different technology awards (three with "end customer" partners) and has been widely

12  recognized as a hospitality wireless/internet technology leader by almost all major national

13  and hospitality print publications, *e.g.*, The Wall Street Journal, New York Times, USA

14  Today and many others.  Ameranth was personally nominated by Bill Gates, the Founder of

15  Microsoft, for the prestigious Computerworld Honors Award that Ameranth received in 2001

16  for its breakthrough synchronized reservations/ticketing system with the Improv Comedy

17  Theatres. In his nomination, Mr. Gates described Ameranth as "one of the leading pioneers of

18  information technology for the betterment of mankind." This prestigious award was based on

19  Ameranth's    innovative    synchronization   of   wireless/web/fixed   hospitality   software

20  technology. Subsequently, the United States Patent and Trademark Office granted Ameranth

21  a number of currently-issued patents, two of which are the basis for this lawsuit.  Ameranth

22  has issued press releases announcing these patent grants on business wires, on its web sites

23  and at numerous trade shows attended by various of the Defendants since the first of the two

24  presently-asserted patents issued in 2002.

25  / / /

26

27

28

6

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

### COUNT I

**Patent Infringement (U.S. Pat. No. 6,384,850)**

**(35 U.S.C. § 271)**

22.      Plaintiff reiterates and incorporates the allegations set forth in paragraphs 1-21 above as if fully set forth herein.

23.      On May 7, 2002, United States Patent No. 6,384,850 entitled "Information Management and Synchronous Communications System with Menu Generation" ("the '850 patent") (a true and copy of which is attached hereto as **Exhibit A**) was duly and legally issued by the United States Patent & Trademark Office.

24.      Plaintiff Ameranth is the lawful owner by assignment of all right, title and interest in and to the '850 patent.

25.      On information and belief, defendant Pizza Hut has infringed one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or license and/or selling or licensing infringing systems, including but not limited to systems including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

26.      On information and belief, defendant Pizza Hut has actively induced others to infringe one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

27.      On information and belief, defendant Pizza Hut has contributorily infringed one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(c) by offering to sell or license and/or selling or licensing components of systems on which valid and enforceable

1   claims of the '850 patent read, constituting a material part of the invention, knowing that the

2   components were especially adapted for use in systems which infringe valid and enforceable

3   claims of the '850 patent, to distributors and/or to restaurant and foodservice users for use in

4   infringing systems and services, including but not limited to systems and services including

5   wireless and internet POS and/or hospitality aspects in the United States without authority or

6   license from Ameranth.

7       28.     On information and belief, the infringement of defendant Pizza Hut has been

8   done with knowledge and willful disregard of Ameranth's patent rights, making this an

9   exceptional case within the meaning of 35 U.S.C. §285.

10      29.     The aforesaid infringing activity has caused damage to plaintiff Ameranth,

11  including loss of profits from sales it would have made but for the infringements.  Unless

12  enjoined, the aforesaid infringing activity will continue and cause irreparable injury to

13  Ameranth for which there is no adequate remedy at law.

14      30.     On information and belief, defendant Domino's has infringed one or more

15  valid and enforceable claims of the '850 patent, specifically one or more of claims 12 through

16  16 of the '850 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or

17  license and/or selling or licensing infringing systems including but not limited to systems

18  including wireless and internet POS and/or hospitality aspects in the United States without

19  authority or license from Ameranth.

20      31.     On information and belief, defendant Domino's has actively induced others to

21  infringe one or more valid and enforceable claims of the '850 patent, specifically one or more

22  of claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(b) by knowingly

23  encouraging, aiding and abetting restaurant and food service users to use infringing systems

24  and services, including but not limited to systems and services including wireless and internet

25  POS and/or hospitality aspects in the United States without authority or license from

26  Ameranth.

27      32.     On information and belief, defendant Domino's has contributorily infringed

28  one or more valid and enforceable claims of the '850 patent, specifically one or more of

8

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(c) by offering to sell or license and/or selling or licensing components of systems on which valid and enforceable claims of the '850 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe valid and enforceable claims of the '850 patent, to distributors and/or to restaurant and foodservice users for use in infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

33.     On information and belief, the infringement of defendant Domino's has been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §285.

34.     The aforesaid infringing activity has caused damage to plaintiff Ameranth, including loss of profits from sales it would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

35.     On information and belief, defendant Papa John's has infringed one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or license and/or selling or licensing infringing systems, including but not limited to systems including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

36.     On information and belief, defendant Papa John's has actively induced others to infringe one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

9

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

37.     On information and belief, defendant Papa John's has contributorily infringed one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(c) by offering to sell or license and/or selling or licensing components of systems on which valid and enforceable claims of the '850 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe valid and enforceable claims of the '850 patent, to distributors and/or to restaurant and foodservice users for use in infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

38.     On information and belief, the infringement of defendant Papa John's has been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §285.

39.     The aforesaid infringing activity has caused damage to plaintiff Ameranth, including loss of profits from sales it would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

40.     On information and belief, defendant OpenTable has infringed one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or license and/or selling or licensing infringing systems, including but not limited to systems including wireless and internet hospitality aspects in the United States without authority or license from Ameranth.

41.     On information and belief, defendant OpenTable has actively induced others to infringe one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems

and services, including but not limited to systems and services including wireless and internet hospitality aspects in the United States without authority or license from Ameranth.

42.     On information and belief, defendant OpenTable has contributorily infringed one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(c) by offering to sell or license and/or selling or licensing components of systems on which valid and enforceable claims of the '850 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe valid and enforceable claims of the '850 patent, to distributors and/or to restaurant and foodservice users for use in infringing systems and services including but not limited to systems and services including wireless and internet hospitality aspects in the United States without authority or license from Ameranth.

43.     On information and belief, the infringement of defendant OpenTable has been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §285.

44.     The aforesaid infringing activity has caused damage to plaintiff Ameranth, including loss of profits from sales it would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

45.     On information and belief, defendant GrubHub has infringed one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or license and/or selling or licensing infringing systems, including but not limited to systems including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

46.     On information and belief, defendant GrubHub has actively induced others to infringe one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(b) by knowingly

11

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

1 encouraging, aiding and abetting restaurant and food service users to use infringing systems
2 and services, including but not limited to systems and services including wireless and internet
3 POS and/or hospitality aspects in the United States without authority or license from
4 Ameranth.

5     47.     On information and belief, defendant GrubHub has contributorily infringed
6 one or more valid and enforceable claims of the '850 patent, specifically one or more of
7 claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(c) by offering to sell
8 or license and/or selling or licensing components of systems on which valid and enforceable
9 claims of the '850 patent read, constituting a material part of the invention, knowing that the
10 components were especially adapted for use in systems which infringe valid and enforceable
11 claims of the '850 patent, to distributors and/or to restaurant and foodservice users for use in
12 infringing systems and services, including but not limited to systems and services including
13 wireless and internet POS and/or hospitality aspects in the United States without authority or
14 license from Ameranth.

15     48.     On information and belief, the infringement of defendant GrubHub has been
16 done with knowledge and willful disregard of Ameranth's patent rights, making this an
17 exceptional case within the meaning of 35 U.S.C. §285.

18     49.     The aforesaid infringing activity has caused damage to plaintiff Ameranth,
19 including loss of profits from sales it would have made but for the infringements. Unless
20 enjoined, the aforesaid infringing activity will continue and cause irreparable injury to
21 Ameranth for which there is no adequate remedy at law.

22     50.     On information and belief, defendant Netwaiter has infringed one or more
23 valid and enforceable claims of the '850 patent, specifically one or more of claims 12 through
24 16 of the '850 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or
25 license and/or selling or licensing infringing systems, including but not limited to systems
26 including wireless and internet POS and/or hospitality aspects in the United States without
27 authority or license from Ameranth.

28

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

51.     On information and belief, defendant Netwaiter has actively induced others to infringe one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

52.     On information and belief, defendant Netwaiter has contributorily infringed one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(c) by offering to sell or license and/or selling or licensing components of systems on which valid and enforceable claims of the '850 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe valid and enforceable claims of the '850 patent, to distributors and/or to restaurant and foodservice users for use in infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

53.     On information and belief, the infringement of defendant Netwaiter has been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §285.

54.     The aforesaid infringing activity has caused damage to plaintiff Ameranth, including loss of profits from sales it would have made but for the infringements. Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

55.     On information and belief, defendant LaughStub has infringed one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or license and/or selling or licensing infringing systems, including but not limited to systems

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

including wireless and internet hospitality aspects in the United States without authority or license from Ameranth.

56.     On information and belief, defendant LaughStub has actively induced others to infringe one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting entertainment venue users to use infringing ticketing and box office management systems and services, including but not limited to systems and services including wireless and internet hospitality aspects in the United States without authority or license from Ameranth.

57.     On information and belief, defendant LaughStub has contributorily infringed one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(c) by offering to sell or license and/or selling or licensing components of systems on which valid and enforceable claims of the '850 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe valid and enforceable claims of the '850 patent, to distributors and/or to entertainment venue users for use in infringing ticketing and box office management systems and services, including but not limited to systems and services including wireless and internet hospitality aspects in the United States without authority or license from Ameranth.

58.     On information and belief, the infringement of defendant LaughStub has been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §285.

59.     The aforesaid infringing activity has caused damage to plaintiff Ameranth, including loss of profits from sales it would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

60.     On information and belief, defendant Exit 41 has infringed one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 12 through 16 of

14

1   the '850 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or

2   license and/or selling or licensing infringing systems, including but not limited to systems

3   including wireless and internet POS and/or hospitality aspects in the United States without

4   authority or license from Ameranth.

5       61.    On information and belief, defendant Exit 41 has actively induced others to

6   infringe one or more valid and enforceable claims of the '850 patent, specifically one or more

7   of claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(b) by knowingly

8   encouraging, aiding and abetting restaurant and food service users to use infringing systems

9   and services, including but not limited to systems and services including wireless and internet

10  POS and/or hospitality aspects in the United States without authority or license from

11  Ameranth.

12      62.    On information and belief, defendant Exit 41 has contributorily infringed one

13  or more valid and enforceable claims of the '850 patent, specifically one or more of claims 12

14  through 16 of the '850 patent, in violation of 35 U.S.C. §271(c) by offering to sell or license

15  and/or selling or licensing components of systems on which valid and enforceable claims of

16  the '850 patent read, constituting a material part of the invention, knowing that the

17  components were especially adapted for use in systems which infringe valid and enforceable

18  claims of the '850 patent, to distributors and/or to restaurant and foodservice users for use in

19  infringing systems and services, including but not limited to systems and services including

20  wireless and internet POS and/or hospitality aspects in the United States without authority or

21  license from Ameranth.

22      63.    On information and belief, the infringement of defendant Exit 41 has been

23  done with knowledge and willful disregard of Ameranth's patent rights, making this an

24  exceptional case within the meaning of 35 U.S.C. §285.

25      64.    The aforesaid infringing activity has caused damage to plaintiff Ameranth,

26  including loss of profits from sales it would have made but for the infringements.  Unless

27  enjoined, the aforesaid infringing activity will continue and cause irreparable injury to

28  Ameranth for which there is no adequate remedy at law.

65.     On information and belief, defendant QuikOrder has infringed one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or license and/or selling or licensing infringing systems, including but not limited to systems including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

66.     On information and belief, defendant QuikOrder has actively induced others to infringe one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

67.     On information and belief, defendant QuikOrder has contributorily infringed one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(c) by offering to sell or license and/or selling or licensing components of systems on which valid and enforceable claims of the '850 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe valid and enforceable claims of the '850 patent, to distributors and/or to restaurant and foodservice users for use in infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

68.     On information and belief, the infringement of defendant QuikOrder has been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §285.

69.     The aforesaid infringing activity has caused damage to plaintiff Ameranth, including loss of profits from sales it would have made but for the infringements.  Unless

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

1  enjoined, the aforesaid infringing activity will continue and cause irreparable injury to
2  Ameranth for which there is no adequate remedy at law.

3       70.     On information and belief, defendant Seamless has infringed one or more valid
4  and enforceable claims of the '850 patent, specifically one or more of claims 12 through 16 of
5  the '850 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or
6  license and/or selling or licensing infringing systems, including but not limited to systems
7  including wireless and internet POS and/or hospitality aspects in the United States without
8  authority or license from Ameranth.

9       71.     On information and belief, defendant Seamless has actively induced others to
10  infringe one or more valid and enforceable claims of the '850 patent, specifically one or more
11  of claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(b) by knowingly
12  encouraging, aiding and abetting restaurant and food service users to use infringing systems
13  and services, including but not limited to systems and services including wireless and internet
14  POS and/or hospitality aspects in the United States without authority or license from
15  Ameranth.

16       72.     On information and belief, defendant Seamless has contributorily infringed one
17  or more valid and enforceable claims of the '850 patent, specifically one or more of claims 12
18  through 16 of the '850 patent, in violation of 35 U.S.C. §271(c) by offering to sell or license
19  and/or selling or licensing components of systems on which valid and enforceable claims of
20  the '850 patent read, constituting a material part of the invention, knowing that the
21  components were especially adapted for use in systems which infringe valid and enforceable
22  claims of the '850 patent, to distributors and/or to restaurant and foodservice users for use in
23  infringing systems and services, including but not limited to systems and services including
24  wireless and internet POS and/or hospitality aspects in the United States without authority or
25  license from Ameranth.

26       73.     On information and belief, the infringement of defendant Seamless has been
27  done with knowledge and willful disregard of Ameranth's patent rights, making this an
28  exceptional case within the meaning of 35 U.S.C. §285.

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

74.     The aforesaid infringing activity has caused damage to plaintiff Ameranth, including loss of profits from sales it would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

75.     On information and belief, defendant Onosys has infringed one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or license and/or selling or licensing infringing systems, including but not limited to systems including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

76.     On information and belief, defendant Onosys has actively induced others to infringe one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

77.     On information and belief, defendant Onosys has contributorily infringed one or more valid and enforceable claims of the '850 patent, specifically one or more of claims 12 through 16 of the '850 patent, in violation of 35 U.S.C. §271(c) by offering to sell or license and/or selling or licensing components of systems on which valid and enforceable claims of the '850 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe valid and enforceable claims of the '850 patent, to distributors and/or to restaurant and foodservice users for use in infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

78.     On information and belief, the infringement of defendant Onosys has been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §285.

79.     The aforesaid infringing activity has caused damage to plaintiff Ameranth, including loss of profits from sales it would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

**COUNT II**

**Patent Infringement (U.S. Pat. No. 6,871,325)**

**(35 U.S.C. § 271)**

80.     Plaintiff reiterates and incorporates the allegations set forth in paragraphs 1-21 above as if fully set forth herein.

81.     On March 22, 2005, United States Patent No. 6,871,325 entitled "Information Management and Synchronous Communications System with Menu Generation" ("the '325 patent") (a true and correct copy of which is attached hereto as **Exhibit B**) was duly and legally issued by the United States Patent & Trademark Office.

82.     Plaintiff Ameranth is the lawful owner by assignment of all right, title and interest in and to the '325 patent.

83.     On information and belief, defendant Pizza Hut has infringed one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or license and/or selling or licensing infringing systems, including but not limited to systems including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

84.     On information and belief, defendant Pizza Hut has actively induced others to one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems

19

and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

85.     On information and belief, defendant Pizza Hut has contributorily infringed one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(c) by offering to sell or license and/or selling or licensing components of systems on which valid and enforceable claims of the '325 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe valid and enforceable claims of the '325 patent, to distributors and/or to restaurant and foodservice users for use in infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

86.     On information and belief, the infringement of defendant Pizza Hut has been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §285.

87.     The aforesaid infringing activity has caused damage to plaintiff Ameranth, including loss of profits from sales it would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

88.     On information and belief, defendant Domino's has infringed one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or license and/or selling or licensing infringing systems, including but not limited to systems including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

89.     On information and belief, defendant Domino's has actively induced others to infringe one or more valid and enforceable claims of the '325 patent, specifically one or more

of claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

90.     On information and belief, defendant Domino's has contributorily infringed one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(c) by offering to sell or license and/or selling or licensing components of systems on which valid and enforceable claims of the '325 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe valid and enforceable claims of the '325 patent, to distributors and/or to restaurant and foodservice users for use in infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

91.     On information and belief, the infringement of defendant Domino's has been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §285.

92.     The aforesaid infringing activity has caused damage to plaintiff Ameranth, including loss of profits from sales it would have made but for the infringements. Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

93.     On information and belief, defendant Papa John's has infringed one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or license and/or selling or licensing infringing systems, including but not limited to systems including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

21

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

94.     On information and belief, defendant Papa John's has actively induced others to infringe one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

95.     On information and belief, defendant Papa John's has contributorily infringed one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(c) by offering to sell or license and/or selling or licensing components of systems on which valid and enforceable claims of the '325 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe valid and enforceable claims of the '325 patent, to distributors and/or to restaurant and foodservice users for use in infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

96.     On information and belief, the infringement of defendant Papa John's has been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §285.

97.     The aforesaid infringing activity has caused damage to plaintiff Ameranth, including loss of profits from sales it would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

98.     On information and belief, defendant OpenTable has infringed one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or license and/or selling or licensing infringing systems, including but not limited to systems

1  including wireless and internet  hospitality aspects in the United States without authority or

2  license from Ameranth.

3   99. On information and belief, defendant OpenTable has actively induced others to

4  infringe one or more valid and enforceable claims of the '325 patent, specifically one or more

5  of claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(b) by knowingly

6  encouraging, aiding and abetting restaurant and food service users to use infringing systems

7  and services, including but not limited to systems and services including wireless and internet

8  hospitality aspects in the United States without authority or license from Ameranth.

9   100. On information and belief, defendant OpenTable has contributorily infringed

10  one or more valid and enforceable claims of the '325 patent, specifically one or more of

11  claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(c) by offering to sell

12  or license and/or selling or licensing components of systems on which valid and enforceable

13  claims of the '325 patent read, constituting a material part of the invention, knowing that the

14  components were especially adapted for use in systems which infringe valid and enforceable

15  claims of the '325 patent, to distributors and/or to restaurant and foodservice users for use in

16  infringing systems and services, including but not limited to systems and services including

17  wireless and internet hospitality aspects in the United States without authority or license from

18  Ameranth.

19   101. On information and belief, the infringement of defendant OpenTable has been

20  done with knowledge and willful disregard of Ameranth's patent rights, making this an

21  exceptional case within the meaning of 35 U.S.C. §285.

22   102. The aforesaid infringing activity has caused damage to plaintiff Ameranth,

23  including loss of profits from sales it would have made but for the infringements.  Unless

24  enjoined, the aforesaid infringing activity will continue and cause irreparable injury to

25  Ameranth for which there is no adequate remedy at law.

26   103. On information and belief, defendant GrubHub has infringed one or more valid

27  and enforceable claims of the '325 patent, specifically one or more of claims 11 through 15 of

28  the '325 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or

23

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

1   license and/or selling or licensing infringing systems, including but not limited to systems

2   including wireless and internet POS and/or hospitality aspects in the United States without

3   authority or license from Ameranth.

4       104.      On information and belief, defendant GrubHub has actively induced others to

5   infringe one or more valid and enforceable claims of the '325 patent, specifically one or more

6   of claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(b) by knowingly

7   encouraging, aiding and abetting restaurant and food service users to use infringing systems

8   and services including but not limited to systems and services, including wireless and internet

9   POS and/or hospitality aspects in the United States without authority or license from

10   Ameranth.

11       105.      On information and belief, defendant GrubHub has contributorily infringed

12   one or more valid and enforceable claims of the '325 patent, specifically one or more of

13   claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(c) by offering to sell

14   or license and/or selling or licensing components of systems on which valid and enforceable

15   claims of the '325 patent read, constituting a material part of the invention, knowing that the

16   components were especially adapted for use in systems which infringe valid and enforceable

17   claims of the '325 patent, to distributors and/or to restaurant and foodservice users for use in

18   infringing systems and services, including but not limited to systems and services including

19   wireless and internet POS and/or hospitality aspects in the United States without authority or

20   license from Ameranth.

21       106.      On information and belief, the infringement of defendant GrubHub has been

22   done with knowledge and willful disregard of Ameranth's patent rights, making this an

23   exceptional case within the meaning of 35 U.S.C. §285.

24       107.      The aforesaid infringing activity has caused damage to plaintiff Ameranth,

25   including loss of profits from sales it would have made but for the infringements.  Unless

26   enjoined, the aforesaid infringing activity will continue and cause irreparable injury to

27   Ameranth for which there is no adequate remedy at law.

28

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

108.     On information and belief, defendant Netwaiter has infringed one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or license and/or selling or licensing infringing systems, including but not limited to systems including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

109.     On information and belief, defendant Netwaiter has actively induced others to infringe one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

110.     On information and belief, defendant Netwaiter has contributorily infringed one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(c) by offering to sell or license and/or selling or licensing components of systems on which valid and enforceable claims of the '325 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe valid and enforceable claims of the '325 patent, to distributors and/or to restaurant and foodservice users for use in infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

111.     On information and belief, the infringement of defendant Netwaiter has been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §285.

112.     The aforesaid infringing activity has caused damage to plaintiff Ameranth, including loss of profits from sales it would have made but for the infringements.  Unless

25

1    enjoined, the aforesaid infringing activity will continue and cause irreparable injury to

2    Ameranth for which there is no adequate remedy at law.

3        113.        On information and belief, defendant LaughStub has infringed one or more

4    valid and enforceable claims of the '325 patent, specifically one or more of claims 11 through

5    15 of the '325 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or

6    license and/or selling or licensing infringing systems, including but not limited to systems

7    including wireless and internet  hospitality aspects in the United States without authority or

8    license from Ameranth.

9        114.        On information and belief, defendant LaughStub has actively induced others to

10   infringe one or more valid and enforceable claims of the '325 patent, specifically one or more

11   of claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(b) by knowingly

12   encouraging, aiding and abetting entertainment venue users to use infringing ticketing and

13   box office management systems and services, including but not limited to systems and

14   services including wireless and internet  hospitality aspects in the United States without

15   authority or license from Ameranth.

16       115.        On information and belief, defendant LaughStub has contributorily infringed

17   one or more valid and enforceable claims of the '325 patent, specifically one or more of

18   claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(c) by offering to sell

19   or license and/or selling or licensing components of systems on which valid and enforceable

20   claims of the '325 patent read, constituting a material part of the invention, knowing that the

21   components were especially adapted for use in systems which infringe valid and enforceable

22   claims of the '325 patent, to distributors and/or to entertainment venue users for use in

23   infringing ticketing and box office management systems and services including but not

24   limited to systems and services, including wireless and internet  hospitality aspects in the

25   United States without authority or license from Ameranth.

26       116.        On information and belief, the infringement of defendant LaughStub has been

27   done with knowledge and willful disregard of Ameranth's patent rights, making this an

28   exceptional case within the meaning of 35 U.S.C. §285.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

117.    The aforesaid infringing activity has caused damage to plaintiff Ameranth, including loss of profits from sales it would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

118.    On information and belief, defendant Exit 41 has infringed one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or license and/or selling or licensing infringing systems, including but not limited to systems including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

119.    On information and belief, defendant Exit 41 has actively induced others to infringe one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services including but not limited to systems and services, including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

120.    On information and belief, defendant Exit 41 has contributorily infringed one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(c) by offering to sell or license and/or selling or licensing components of systems on which valid and enforceable claims of the '325 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe valid and enforceable claims of the '325 patent, to distributors and/or to restaurant and foodservice users for use in infringing systems and services, including but not limited to systems and services including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

121.     On information and belief, the infringement of defendant Exit 41 has been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §285.

122.     The aforesaid infringing activity has caused damage to plaintiff Ameranth, including loss of profits from sales it would have made but for the infringements. Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

123.     On information and belief, defendant Seamless has infringed one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or license and/or selling or licensing infringing systems, including but not limited to systems including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

124.     On information and belief, defendant Seamless has actively induced others to infringe one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services including but not limited to systems and services, including wireless and internet POS and/or hospitality aspects in the United States without authority or license from Ameranth.

125.     On information and belief, defendant Seamless has contributorily infringed one or more valid and enforceable claims of the '325 patent, specifically one or more of claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(c) by offering to sell or license and/or selling or licensing components of systems on which valid and enforceable claims of the '325 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe valid and enforceable claims of the '325 patent, to distributors and/or to restaurant and foodservice users for use in infringing systems and services, including but not limited to systems and services including

28

1  wireless and internet POS and/or hospitality aspects in the United States without authority or

2  license from Ameranth.

3     126.     On information and belief, the infringement of defendant Seamless has been

4  done with knowledge and willful disregard of Ameranth's patent rights, making this an

5  exceptional case within the meaning of 35 U.S.C. §285.

6     127.     The aforesaid infringing activity has caused damage to plaintiff Ameranth,

7  including loss of profits from sales it would have made but for the infringements.  Unless

8  enjoined, the aforesaid infringing activity will continue and cause irreparable injury to

9  Ameranth for which there is no adequate remedy at law.

10     128.     On information and belief, defendant QuikOrder has infringed one or more

11  valid and enforceable claims of the '325 patent, specifically one or more of claims 11 through

12  15 of the '325 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or

13  license and/or selling or licensing infringing systems, including but not limited to systems

14  including wireless and internet POS and/or hospitality aspects in the United States without

15  authority or license from Ameranth.

16     129.     On information and belief, defendant QuikOrder has actively induced others to

17  infringe one or more valid and enforceable claims of the '325 patent, specifically one or more

18  of claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(b) by knowingly

19  encouraging, aiding and abetting restaurant and food service users to use infringing systems

20  and services including but not limited to systems and services, including wireless and internet

21  POS and/or hospitality aspects in the United States without authority or license from

22  Ameranth.

23     130.     On information and belief, defendant QuikOrder has contributorily infringed

24  one or more valid and enforceable claims of the '325 patent, specifically one or more of

25  claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(c) by offering to sell

26  or license and/or selling or licensing components of systems on which valid and enforceable

27  claims of the '325 patent read, constituting a material part of the invention, knowing that the

28  components were especially adapted for use in systems which infringe valid and enforceable

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

1   claims of the '325 patent, to distributors and/or to restaurant and foodservice users for use in

2   infringing systems and services, including but not limited to systems and services including

3   wireless and internet POS and/or hospitality aspects in the United States without authority or

4   license from Ameranth.

5       131.    On information and belief, the infringement of defendant QuikOrder has been

6   done with knowledge and willful disregard of Ameranth's patent rights, making this an

7   exceptional case within the meaning of 35 U.S.C. §285.

8       132.    The aforesaid infringing activity has caused damage to plaintiff Ameranth,

9   including loss of profits from sales it would have made but for the infringements.   Unless

10  enjoined, the aforesaid infringing activity will continue and cause irreparable injury to

11  Ameranth for which there is no adequate remedy at law.

12      133.    On information and belief, defendant Onosys has infringed one or more valid

13  and enforceable claims of the '325 patent, specifically one or more of claims 11 through 15 of

14  the '325 patent, in violation of 35 U.S.C. §271(a) by making, using, offering for sale or

15  license and/or selling or licensing infringing systems, including but not limited to systems

16  including wireless and internet POS and/or hospitality aspects in the United States without

17  authority or license from Ameranth.

18      134.    On information and belief, defendant Onosys has actively induced others to

19  infringe one or more valid and enforceable claims of the '325 patent, specifically one or more

20  of claims 11 through 15 of the '325 patent, in violation of 35 U.S.C. §271(b) by knowingly

21  encouraging, aiding and abetting restaurant and food service users to use infringing systems

22  and services including but not limited to systems and services, including wireless and internet

23  POS and/or hospitality aspects in the United States without authority or license from

24  Ameranth.

25      135.    On information and belief, defendant Onosys has contributorily infringed one

26  or more valid and enforceable claims of the '325 patent, specifically one or more of claims 11

27  through 15 of the '325 patent, in violation of 35 U.S.C. §271(c) by offering to sell or license

28  and/or selling or licensing components of systems on which valid and enforceable claims of

30

1  the '325 patent read, constituting a material part of the invention, knowing that the

2  components were especially adapted for use in systems which infringe valid and enforceable

3  claims of the '325 patent, to distributors and/or to restaurant and foodservice users for use in

4  infringing systems and services, including but not limited to systems and services including

5  wireless and internet POS and/or hospitality aspects in the United States without authority or

6  license from Ameranth.

7  136.    On information and belief, the infringement of defendant Onosys has been

8  done with knowledge and willful disregard of Ameranth's patent rights, making this an

9  exceptional case within the meaning of 35 U.S.C. §285.

10  137.    The aforesaid infringing activity has caused damage to plaintiff Ameranth,

11  including loss of profits from sales it would have made but for the infringements.  Unless

12  enjoined, the aforesaid infringing activity will continue and cause irreparable injury to

13  Ameranth for which there is no adequate remedy at law.

14

15  **PRAYER FOR RELIEF**

16  **WHEREFORE**, plaintiff Ameranth respectfully prays for judgment against

17  Defendants, and each of them, as follows:

18  1.    Adjudging that the manufacture, use, offer for sale or license and /or sale or

19  license of each of the Defendants' accused products, services, software and/or hardware

20  infringes valid and enforceable claims of the '850 patent, specifically one or more of claims

21  12 through 16 of the '850 patent, and valid and enforceable claims of the '325 patent,

22  specifically one or more of claims 11 through 15 of the '325 patent;

23  2.    Adjudging that each of the Defendants has infringed, actively induced others to

24  infringe and/or contributorily infringed valid and enforceable claims of the '850 patent,

25  specifically one or more of claims 12 through 16 of the '850 patent, and valid and enforceable

26  claims of the '325 patent, specifically one or more of claims 11 through 15 of the '325 patent;

27  3.    Adjudging that each of the Defendants has infringed, actively induced others to

28  infringe and/or contributorily infringed valid and enforceable claims of the '850 patent,

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

specifically one or more of claims 12 through 16 of the '850 patent, and valid and enforceable claims of the '325 patent, specifically one or more of claims 11 through 15 of the '325 patent;

4.     Adjudging that Defendants' infringement of the valid and enforceable claims of the '850 and '325 patents has been knowing and willful;

5.     Enjoining each of the Defendants, and their respective officers, directors, employees, attorneys, agents, representatives, parents, subsidiaries, affiliates and all other persons acting in concert, participation or privity with them, and their successors and assigns, from infringing, contributorily infringing and/or inducing others to infringe the valid and enforceable claims of the '850 and '325 patents;

6.     Awarding Ameranth the damages it has sustained by reason of Defendants' infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

7.     Awarding Ameranth increased damages of three times the amount of damages found or assessed against Defendants by reason of the knowing, willful and deliberate nature of Defendants' acts of infringement pursuant to 35 U.S.C. § 284;

8.     Adjudging this to be an exceptional case and awarding Ameranth its attorney's fees pursuant to 35 U.S.C. §285;

9.     Awarding to Ameranth its costs of suit, and interest as provided by law; and

10.     Awarding to Ameranth such other and further relief that this Court may deem just and proper.

/ / /

/ / /

/ / /

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

1

2

## DEMAND FOR JURY TRIAL

3    Ameranth demands trial by jury of its claims set forth herein to the maximum extent

4 permitted by law.

5                                         Respectfully submitted,

6
     Dated:  September 13, 2011          MAZZARELLA ■ CALDARELLI LLP
7

8
                                         By:   /s William J. Caldarelli
9                                              WILLIAM J. CALDARELLI
                                               MICHAEL D. FABIANO
10
                                         Attorneys for Plaintiff Ameranth, Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**