# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC., <br><br>             Plaintiff, <br> v. <br><br> PIZZA HUT, INC., PIZZA HUT OF AMERICA, INC., DOMINO'S PIZZA, LLC, DOMINO'S PIZZA, INC., PAPA JOHN'S USA, INC., OPENTABLE, INC., GRUBHUB, INC., NETWAITER, LLC, TICKETMOB, LLC, EXIT 41, LLC, QUIKORDER, INC., SEAMLESS NORTH AMERICA, LLC, and O-WEB TECHNOLOGIES LTD., <br><br>             Defendants. | Civil No. 3:11-cv-01810-JLS-NLS <br><br> **ORDER GRANTING IN PART JOINT MOTION FOR PROTECTIVE ORDER TO DETERMINE PARTIES' DISPUTE REGARDING PATENT PROSECUTION BAR** <br><br> **Discovery Dispute No. 1** <br><br> [Doc. No. 133] |

Plaintiff Ameranth, Inc. ("Ameranth") provides wireless and internet-based systems and services to restaurants, hotels, casinos, cruise ships, and entertainment and sports venues. Compl. ¶ 17. Plaintiff alleges that Defendants' use of wireless and internet point-of-sale ("POS") integration, online and mobile product ordering, integration with social media and/or third-party web-based applications infringes patents owned by Ameranth, specifically U.S. Patent Nos. 6,384,850 ('850 patent) and 6,871,325 ('325 patent). Compl. ¶¶ 24-133, 137-246.

The court held a Case Management Conference ("CMC") on December 15, 2011. As part of the CMC, the court ordered counsel to meet and confer regarding a joint proposed protective order to govern the production of documents in this case. Because the parties could not agree on the scope of a

patent prosecution bar proposed by Defendants, they filed the instant "Joint Motion Re Defendants' Request For A Prosecution Bar" asking the court to resolve their dispute.

For good cause shown, the court **GRANTS in part** Defendants' proposed prosecution bar, but limits the bar to exclude reexamination proceedings.

**Issue:** **Should the Protective Order Include A Patent Prosecution Bar On Persons Having Access To "Highly Confidential" Information, And, If So, Should the Bar Include Reexamination, Reissue and Appeals Proceedings?**

**1. Relevant Facts**.

The following facts taken from Defendants' contribution to the joint motion are not contested by Plaintiff so the court considers them true for purposes of resolving this motion. Ameranth is a small company with few employees and a number of patents. *Joint Motion Re Defendants' Request For A Prosecution Bar (Joint Motion)* at 6, ¶ 3. Enforcement of these patents is Ameranth's business model. (*Id*.) Ameranth has been or currently is involved in five lawsuits concerning the same patents at issue in this case. (*Id*.) Here, Ameranth accuses Defendants of infringing the '850 patent and the '325 patent which claims priority to the '850 patent. (*Id*.) Ameranth is prosecuting two additional patent applications (the '990 Application and the '663 Application) which claim priority to the '850 patent and are still pending. (*Id*.) Attorney Michael Fabiano who is co-litigation counsel for Ameranth in this case is also the patent prosecutor on these pending patent applications. (*Id*.) According to Defendants, Fabiano took over the prosecution of these patent applications in 2010 after attorney John Osborne withdrew because of his position as trial counsel on a case in the Eastern District of Texas involving the same patents at issue here.[1] (*Id*.) Since taking over patent prosecution in 2010, Fabiano has filed some 15 documents with the Patent and Trademark Office ("PTO"). Fabiano's prosecution duties include "analyzing and submitting prior art, making strategic decisions concerning claim scope, and amending the claims." (*Id*.) Fabiano has amended the claims four times in the '633 Application and two times in the '990 application. (*Id*.) Fabiano has also filed Information Disclosure Statements that identify relevant prior art and the invalidity verdict concerning the patents-in-suit in both pending applications. (*Id*.)

---

[1] Defendants do not say whether the Texas district court barred attorney Osborne from prosecuting the patent applications and the court does not draw that conclusion.

Because of concerns regarding Fabiano's access to their Highly Confidential technical information in the course of discovery in this case, Defendants proposed the following prosecution bar be included in the court's protective order:

> Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to [(1) food or beverage service related software for use through the Internet and/or wireless devices, (2) food or beverage service related point of sale (POS) software, or (3) food or beverage service related reservation software], including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[2] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL–SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

[*Joint Motion*], Ex. A at 13.[3]

Plaintiff objects to this proposed prosecution bar specifically on the grounds that it is too broad. Plaintiff argues the bar should extend for no more than one year following the conclusion of the lawsuit, and should not bar participation in reexamination, reissue, appeal, or petition proceedings. *(Joint Motion* at 1.) Additionally, while the parties initially agreed a prosecution bar of some degree was necessary, after Defendants rejected Plaintiff's compromise proposal, Plaintiff now asks that the Court not impose a prosecution bar at all. (*Joint Motion*, at n.1.) Thus, the court must determine whether to impose a prosecution bar, and if so, to what extent.

**2. The Northern District's Model Protective Order.**

Defendants' proposed prosecution bar is taken from the Northern District of California's Interim Model Protective Order. Defendants ask this court to adopt the model bar language entirely, while Plaintiff would omit the bar altogether. Upon review of the model bar language, the court finds it

---

[2]Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

[3]Defendants proposed language is taken from the Northern District of California's Interim Model Protective Order, *Joint Motion*, Ex. A at 13. This court's approved form of protective order for patent cases does not include a patent prosecution bar. (*Joint Motion* at 1.)

somewhat confusing as to whether reissue and reexamination proceedings are included or excluded from the bar. As the court reads the model language, a person who receives highly confidential information in the course of the lawsuit cannot act as a patent prosecutor on his or her own clients' patents related to the subject of the lawsuit but can act as a prosecutor challenging someone else's patents in the subject field.[4] In both instances, reexamination and reissue proceedings are considered "prosecution."

### 3. Applicable Legal Standards.

When necessary, courts include prosecution bars in protective orders because they recognize that "there may be circumstances in which even the most rigorous efforts of the recipient of [sensitive] information to preserve confidentiality in compliance . . . with a protective order may not prevent inadvertent compromise." *In re Deutsche Bank Trust Co.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). In these circumstances, a protective bar is a less drastic alternative to the disqualification of counsel or experts. *See, e.g.*, *Cummins–Alison Corp. v. Glory Ltd.*, No. 02 C 7008, 2003 U.S. Dist. LEXIS 23653, at *29–30 (E.D. Ill. 2003).

When deciding whether to impose a prosecution bar, courts must balance the "one party's right to broad discovery and the other party's ability to protect its confidential materials from misuse by competitors." *Avocent Redmond Corp. v. Rose Electronics*, 242 F.R.D. 574, 577 (W.D. Wash. 2007) (citing *U.S. Steel Corp.*, 730 F.2d 1465, 1468 (Fed. Cir. 1984). The decision to impose a patent prosecution bar is a matter governed by Federal Circuit law, and a party seeking to include it carries the burden of showing good cause for its inclusion. *Deutsche Bank*, 605 F.3d at 1378.

### A. The *Deutsche Bank* Criteria for Imposing a Prosecution Bar.

In 2010, the Federal Circuit clarified the standards for imposing a prosecution bar in *In re Deutsche Bank Trust Co.*, 605 F.3d 1373.

#### i. "Competitive Decisionmaking".

First, Defendants must show that the prosecution bar is necessary in light of the risk presented by

---

[4] Beginning in the middle of Section 8 the model language reads: "For purposes of this paragraph, 'prosecution' includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims." At this point, we are directed to a footnote, which says: "Prosecution includes, for example, original prosecution, reissue and reexamination proceedings." However, the very next sentence says, "[t]o avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, or *inter partes* reexamination)."

the disclosure of proprietary competitive information. To show this risk, Defendants must present sufficient facts to demonstrate that Ameranth's counsel is involved in "competitive decisionmaking" for Ameranth. *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984). The *U.S. Steel* court defined competitive decisionmaking as "activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." (*Id.* at 1468, n. 3.)

The Federal Circuit in *Deutsche Bank* rejected the notion that every patent prosecution attorney is necessarily involved in competitive decisionmaking. *Deutsche Bank*, 605 F.3d at 1379. In so finding, the *Deutsche Bank* court distinguished administrative and oversight duties from activities in which counsel play a "significant role in crafting the content of patent applications or advising clients on the direction to take their portfolios," with the latter activities posing a more significant risk of inadvertent disclosure than the former. *Id.* at 1379–80; *Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 183 (D. Del. 2010). In order to determine the risk, the Court is required to "examine all relevant facts surrounding counsel's actual preparation and prosecution activities, on a counsel-by-counsel basis." *Deutsche Bank*, 605 F.3d at 1380.

**ii. Scope of the Prosecution Bar v. Risk to Opposing Party.**

Second, once Defendants demonstrate opposing counsel is a competitive decisionmaker, Defendants then bear the burden of showing as a threshold matter that the proposed prosecution bar is reasonable in scope. *Deutsche Bank*, 605 F.3d at 1381. This inquiry measures whether (1) the information designed to trigger the bar, (2) the scope of activities prohibited by the bar, (3) the duration of the bar, and (4) the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information. (*Id.*) If Defendants meet this threshold requirement, the court must then weigh the risk of inadvertent disclosure by individuals involved in competitive decisionmaking against the potential injury to the party deprived of its counsel of choice. (*Id.*)

**iii. Burden Shifts To Plaintiff To Prove An Exemption Applies.**

Once a Defendant establishes the need for a prosecution bar, and that the proposed bar is reasonable, the burden shifts to Plaintiff to prove an exemption applies. To establish this, Plaintiff must

show on a counsel-by-counsel basis: (1) that counsel's representation of the client in matters before the Patent and Trademark Office does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation, and (2) that the potential injury to the moving party from restrictions imposed on its choice of litigation and prosecution counsel outweighs the potential injury to the opposing party caused by such inadvertent use. *Deutsche Bank*, 605 F.3d at 1381.

**4. The Parties' Positions**.

**A. Ameranth.**

Generally, Ameranth opposes the proposed prosecution bar as unnecessary and overly broad. Ameranth says, at most, the prosecution bar should extend for no more than one year after the conclusion of the lawsuit. (*Joint Motion*, at 1.) It also argues that the bar should not prohibit participation in reexamination, reissue, or appeals proceedings, as any risk that might be present when allowing a patentee's counsel to access a defendant's Highly Confidential information in original patent prosecution proceedings does not exist in reexamination, reissue, or appeals proceedings. (*Id.* at 1, 3.)

**B. Defendants.**

Defendants claim the prosecution bar is necessary to prevent inadvertent disclosure of competitive information by Ameranth's trial counsel, Michael Fabiano, who Defendants claim is substantially engaged in patent prosecution for Ameranth and could use Defendants' confidential information in any amendments of the patents-in-suit and their progeny. (*Joint Motion*, at 6-7.) Defendants argue that the prosecution bar must include the restriction on participation in reexamination, reissue, or appeals proceedings because patent claims may be amended in these proceedings. (*Id.*) They further argue the two-year ban is reasonable under *Applied Signal Tech., Inc. v. Emerging Markets Commc'ns, Inc.,* No. C-09-021800-SBA, 2011 WL 197811 (N.D. Cal. Jan. 20, 2011). (*Id.*)

**5. Analysis.**

**A. Is Mr. Fabiano a "Competitive Decisionmaker" for Ameranth?**

Before defending the scope of the proposed prosecution bar, Defendants bear an initial burden of demonstrating that the risk of inadvertent disclosure necessitates the inclusion of a prosecution bar. As discussed earlier, this determination is made on a counsel-by-counsel basis. As to this issue, Defendants

assert that counsel for Ameranth, Michael Fabiano, is a competitive decisionmaker for Ameranth. "Ameranth's patent portfolio is vital to its business, and any decisions relating to patent prosecution are critical business decisions. Fabiano makes these decisions for Ameranth . . . ." (*Joint Motion*, at 10.) Specifically, Mr. Fabiano's prosecution duties include analyzing and submitting prior art, making strategic decisions concerning claim scope, and amending claims. These activities demonstrate Mr. Fabiano is substantially engaged in prosecution, and is properly considered a competitive decisionmaker. *Deutsche Bank*, 605 F.3d at 1380-81. Indeed, Ameranth does not refute that Fabiano is a competitive decisionmaker. (*Joint Motion*, at 1-6.)

### B. Is the Scope of the Prosecution Bar Proposed by Defendants Reasonable?

By showing that Mr. Fabiano is a competitive decisionmaker, Defendants have established a potential risk exists so that a prosecution bar of some sort is necessary. However, the court must still consider whether the proposed bar is reasonable in scope. To do so, the court considers whether (1) the information designed to trigger the bar, (2) the scope of activities prohibited by the bar, (3) the duration of the bar, and (4) the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information. *Deutsche Bank*, 605 F.3d at 1381. Ameranth contends that the <u>scope</u> of the activities prohibited by the bar and the <u>duration</u> of the bar do not reasonably reflect the risk presented by the disclosure of proprietary competitive information. (*Joint Motion*, at 1.) The court will examine these two factors in turn.

**Scope.**

Defendants' proposed prosecution bar would prohibit any individual who receives access to Highly Confidential information from "directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims," including participation in all "original prosecution, reissue and reexamination proceedings." (*Joint Motion,* Ex. A at 13.) Ameranth argues that Defendants cannot justify barring participation in reexamination proceedings, reissue proceedings, or appeals and petitions. (*Joint Motion*, at 2.) Specifically, Ameranth claims any risks present when allowing a patentee's counsel to access a defendant's Highly Confidential information in original patent prosecution proceedings do not exist on reexamination, reissue, or appeal. (*Id*.) Defendants claim that the high risk of inadvertent disclosure of highly confidential information is still present during

reexamination and reissue proceedings, because patent claims can be amended in those proceedings. (*Id.* at 9.) Defendants assert that "nothing restricts Fabiano from reviewing Defendants' information, including confidential source code, and amending the claims during . . . reexamination . . . to cover Defendants' products . . . ." *(Joint Motion*, at 8.)

To resolve this question, it is necessary to consider the parameters of reexamination. "Patent reexaminations, as the name suggests, are invoked to challenge a PTO patent grant . . . . [T]hey are exclusively a 'post-grant' procedure, distinguishable from prosecution efforts on an initial patent application." *Pall Corporation v. Entegris, Inc.*, 655 F. Supp.2d 169, 173 (E.D.N.Y. 2008). Amendments are allowed on reexamination, though they "must not enlarge the scope of a claim nor introduce new matter. Amended or new claims which broaden or enlarge the scope of a claim of the patent should be rejected under 35 U.S.C. 314(a)." *Manual of Patent Examining Procedure* ("*MPEP*") § 2666.01. "A claim presented in a reexamination proceeding enlarges the scope of the claims of the patent being reexamined where the claim is broader than each and every claim of the patent." *MPEP* § 2658.

The restrictions placed on reexamination "both underscores the distinction between initial patent prosecution and reexamination, and effectively mitigates the potential to misuse PTO procedures to gain a collateral business or litigation advantage, thereby rendering a prosecution bar in the reexamination context largely unnecessary." *Pall Corporation*, 655 F. Supp. 2d at 173. The *Pall Corporation* court is not unique in its reasoning, as a review of cases directly discussing a prosecution bar applied to reexamination finds near unanimous support *against* extending the bar to cover reexamination. *See NeXedge, LLC v. Freescale Semiconductor, Inc.*, 2011 WL 5007835 (D. Ariz. 2011) ("the concern about disadvantageous use of that information is reduced to a significant degree by the nature of reexaminations"); *Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182 (D. Del. 2010) (holding the risk of inadvertent or competitive use of defendants' confidential information on reexamination is outweighed by the potential harm in denying plaintiff the full benefit of its trial counsel in reexamination); *Vasudevan Software, Inc. v. Int'l Business Machines Corp.*, 2010 WL 3629830 (N.D. Cal. 2010) (noting that access to other party's confidential information is not valuable on reexamination due to the limited nature of reexamination). In sum, "[b]ecause reexamination involves only the patent and the prior art,

defendant's confidential information is 'basically irrelevant to the reexamination.'" *Kenexa Brassring Inc., v. Talaeo Corp.*, 2009 WL 393782, at *2 (D. Del. 2009).

Defendants argue that their proposed prosecution bar–the Northern District of California's model–has been accepted by two courts, and should thus be found reasonable. (*Joint Motion*, at 8.) While those courts generally accepted the model prosecution bar, neither specifically addressed the reasonableness of the bar as applied to reexamination. *See Kelora Systems, LLC v. Target Corp.*, 2011 WL 6000759 (N.D. Cal. 2011); *Applied Signal Tech. Inc. v. Emerging Markets Commc'ns, Inc.*, 2011 WL 197811 (N.D. Cal. 2011). Thus, this court does not find those cases particularly helpful on the question whether to bar participation in reexamination proceedings.

Based on existing case law, this Court finds it is unnecessary to extend the prosecution bar to reexamination proceedings. However, reissue and appeal proceedings should not be considered synonymous with reexamination particularly where continuation applications are being considered by the Patent Office. On reissue, an amendment may enlarge the scope of the claims, provided it is applied for within two years from the grant of the original patent. *MPEP* § 1453. On appeal, the patentee may amend and expand the scope of the claims with a showing of good and sufficient reasons for the amendment. *MPEP* § 1206. Thus, there are more avenues for enlarging the scope of the patent claims on reissue and on appeal than on reexamination. Due to the higher likelihood of harm to Defendants, extending the prosecution bar to include these proceedings is reasonable.

**Duration.**

Defendants' proposed prosecution bar states that the bar "shall end two (2) years after final termination of this action." (*Joint Motion*, Ex. A at 13.) Plaintiff contends that if any bar is imposed, it should extend for no more than one year after the conclusion of the lawsuit. (*Joint Motion*, at 1.) As Defendants point out, a two-year prosecution bar has been found reasonable. *Applied Signal Tech. Inc.*, 2011 WL 197811, at *2. This court finds no compelling reason to hold otherwise. The purpose of the bar is to prevent inadvertent disclosure of confidential information. A two-year bar fulfills this purpose more so than a one-year bar, as the confidential information will be less readily available in the memory of counsel.

**C. Exemption Analysis.**

Ameranth did not argue that it qualified for an exemption to a prosecution bar under *Deutsche Bank*. Even so, the court briefly considers the exemption doctrine to consider its application to the facts at hand.

A party seeking an exemption from a patent prosecution bar must show on a counsel-by-counsel basis: (1) that counsel's representation of the client in matters before the PTO does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation, and (2) that the potential injury to the moving party from restrictions imposed on its choice of litigation and prosecution counsel outweighs the potential injury to the opposing party caused by such inadvertent use. *Deutsche Bank*, 605 F.3d at 1381.

As decided previously, Mr. Fabiano is a competitive decisionmaker for Ameranth, so the first requirement for exemption cannot be met. Further, Ameranth has made no showing that Fabiano's access to confidential information is critical to litigating this case. As Defendants point out, Fabiano is relatively new to Ameranth, as he has worked there as counsel for less than two years. Further, Ameranth is represented here by two other litigation counsel, William Caldarelli and John Osborne. The court believes Fabiano should make a choice: either prosecute patents in this family of patents, or litigate the patents at issue, but not both.

Thus, the court finds that (1) a prosecution bar is necessary; and (2) all provisions of Defendants' proposed prosecution bar are permissible except for the provision disallowing Plaintiff's counsel from participating in reexamination proceedings, and (3) Plaintiff is unable to meet the requirements that would exempt it from imposition of the prosecution bar.

**Conclusion and Order.**

The court finds that Defendants have a legitimate concern that their "Highly Confidential" information will be put at risk of inadvertent disclosure by Ameranth. Recognizing this potential prejudice, and finding good cause, the court imposes Defendants' proposed prosecution bar, except for the provision which bars those receiving access to Defendants' "Highly Confidential" information from participating in <u>reexamination</u> proceedings. The bar, however, will extend to reissues, appeals,

continuances, and all other aspects of patent prosecution as described in Defendants' proposed prosecution bar.

The parties shall make the appropriate revisions to the proposed protective order reflecting this requirement. The parties shall lodge that revised protective order with Judge Stormes by **March 2, 2012**.

**IT IS SO ORDERED.**

DATED: February 17, 2012

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court