# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC.,<br><br>                               Plaintiff,<br>vs.<br><br>PIZZA HUT, INC.; PIZZA HUT OF AMERICA, INC.; DOMINO'S PIZZA, LLC; DOMINO'S PIZZA, INC.; PAPA JOHN'S USA, INC.; OPENTABLE, INC.; GRUBHUB, INC.; TICKETMOB, LLC; EXIT 41, LLC; QUIKORDER, INC.; SEAMLESS NORTH AMERICA, LLC; O-WEB TECHNOLOGIES LTD,<br><br>                              Defendants. | CASE NO. 11-CV-1810 JLS (NLS)<br><br>**ORDER: DENYING DEFENSE COUNSEL'S MOTION TO WITHDRAW**<br><br>(ECF No. 138) |

      On January 27, 2012, Daniel A. Lawton, counsel for Defendant Exit41, Inc., filed a motion to withdraw as counsel of record (ECF No. 138), to which no party has objected. Mr. Lawton provided his client a copy of this motion, and declares that his client consents to his withdrawal. (Lawton Decl. ¶ 4, ECF No. 138-2.) Mr. Lawton does not articulate his reasons for withdrawal, merely stating that several bases listed in California Rule of Court 3-700 exist here. (*Id.* at ¶ 2.)

      Mr. Lawton is the sole attorney of record for Defendant Exit41. As a corporation, Exit41 may participate in this action only through an attorney. *Rowland v. California Men's Colony*, 506 U.S. 195, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.")  Further, Defendant

- 1 -

11cv1810

1  will retain all the obligations of a litigant even if not represented by counsel, and its failure to

2  appoint an attorney may lead to adverse results, such as the entry of default against it.[1]  Thus, the

3  Court declines to grant Mr. Lawton's request for leave to withdraw without ensuring Defendant

4  Exit41 has as an opportunity to obtain substitute counsel, as well as notice that failure to take

5  action may result in serious legal consequences.  *See* 7A C.J.S. *Attorney & Client* § 269 (2011);

6  *Urethane Foam Experts, Inc. v. Latimer*, 31 Cal. App. 4th 763, 406 (1995) (finding the trial court

7  erred in allowing counsel of record to withdraw without advising corporate defendant of the

8  consequences of failure to obtain new counsel).

9  Accordingly, Mr. Lawton's motion is **DENIED** at this time.  He may renew the motion

10  after serving a copy of this Order on his client, Defendant Exit41, and filing proof of such service

11  with the Court, along with a declaration explaining what action Defendant Exit41 has taken in

12  securing counsel and proceeding in its defense in this case.

13  **IT IS SO ORDERED.**

15  DATED: April 19, 2012

16  *Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[1] *See, e.g.*, *Consol. Cigar Corp. v. Monte Cristi de Tabacos*, 58 F. Supp. 2d 188, 191 (S.D.N.Y. 1999) (granting default judgment against defendant corporation after the corporation had failed to retain new counsel when previous counsel was permitted to withdraw); *R. Maganlal & Co. v. M.G. Chem. Co., Inc.*, 1996 WL 420234, at *3 (S.D.N.Y. July 25, 1996) (granting attorney's request to withdraw and notifying defendant corporation that "failure to retain new counsel may result in the entry of a default"); *Dianese, Inc. v. Pennsylvania*, 2002 WL 1340316, at *2 (E.D. Pa. June 19, 2002) (permitting withdrawal even though plaintiff corporation would go unrepresented, and still refusing to allow corporation to appear without counsel); *Grass Lake All Seasons Resort, Inc. v. United States*, 2005 WL 3447869, at *2 (E.D. Mich. Dec.15, 2005) (discussing how the Court had previously granted counsel for plaintiff corporation's request to withdraw without first requiring substitute counsel); *Carrico v. Village of Sugar Mountain*, 114 F. Supp. 2d 422, 424 (W.D.N.C. 2000) (dismissing corporate plaintiff's claims after, in a previous ruling allowing plaintiff's counsel to withdraw); *Fed. Ins. Co. v. Yusen Air & Sea Servs.*, 2001 WL 498412, at *3 (S.D.N.Y. May 9, 2001) (permitting withdrawal even though no substitute counsel had been retained).