SCHIFF HARDIN LLP
GEORGE C. YU (CSB # 193881)
ALISON L. MADDEFORD (CSB # 248523)
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
Telephone:     (415) 901-8700
Facsimile:      (415) 901-8701
*gyu@schiffhardin.com*
*amaddeford@schiffhardin.com*
Attorneys for Defendant
QuikOrder, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>PIZZA HUT, INC., PIZZA HUT OF AMERICA, INC., DOMINO'S PIZZA, LLC, DOMINO'S PIZZA, INC., PAPA JOHN'S USA, INC., OPENTABLE INC., GRUBHUB, INC., NETWAITER, LLC, TICKETMOB, LLC, EXIT 41, LLC, QUIKORDER, INC., SEAMLESS NORTH AMERICA, LLC, and O-WEB TECHNOLOGIES LTD.,<br><br>            Defendant. | Case No. 3:11-cv-01810-JLS-NLS<br><br><br>**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 1 -                                    Case No. 3:11-cv-01810-JLS-NLS
**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

1    Defendant QuikOrder, Inc. ("QuikOrder") responds to the Second Amended Complaint
2    filed by Ameranth, Inc. ("Ameranth"), and states as follows:

**I.    ANSWER**

**PARTIES**

1.    QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies them.

2.    The allegations in paragraph 2 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies them.

3.    The allegations in paragraph 3 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies them.

4.    The allegations in paragraph 4 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

5.    The allegations in paragraph 5 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies them.

6.    The allegations in paragraph 6 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7.    The allegations in paragraph 7 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -    Case No. 3:11-cv-01810-JLS-NLS
**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

1   information sufficient to form a belief as to the truth of the allegations in paragraph 7 and

2   therefore denies them.

3         8.     The allegations in paragraph 8 do not appear to require an answer from

4   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

5   information sufficient to form a belief as to the truth of the allegations in paragraph 8 and

6   therefore denies them.

7         9.     QuikOrder admits that it is an Illinois Corporation having a principle place of

8   business in Chicago, Illinois.  QuikOrder denies the remaining allegations in paragraph 9.

9        10.    The allegations in paragraph 10 do not appear to require an answer from

10   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

11   information sufficient to form a belief as to the truth of the allegations in paragraph 10 and

12   therefore denies them.

13        11.    The allegations in paragraph 11 do not appear to require an answer from

14   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

15   information sufficient to form a belief as to the truth of the allegations in paragraph 11 and

16   therefore denies them.

17   **JURISDICTION AND VENUE**

18        12.    QuikOrder admits that Ameranth's Second Amended Complaint purports to state

19   a claim for patent infringement.

20        13.    QuikOrder admits that jurisdiction is proper in this Court pursuant to 28 U.S.C.

21   §§ 1331 and 1338(a).

22        14.    QuikOrder is without knowledge or information sufficient to form a belief as to

23   the truth of the allegations in paragraph 14 and therefore denies them.

24        15.    QuikOrder admits that QuikOrder is subject to personal jurisdiction in this

25   Judicial District and denies the remaining allegations in paragraph 15.

26        16.    QuikOrder admits that venue is proper in this Judicial District pursuant to 28

27   U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b), with respect to QuikOrder.  With respect to the

28   remaining defendants, QuikOrder is without knowledge or information sufficient to form a belief

Schiff Hardin LLP
Attorneys At Law
San Francisco

- 3 -                    Case No. 3:11-cv-01810-JLS-NLS

**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH,
INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

1  as to the truth of the allegations in paragraph 16 and therefore denies them.

2  **<u>BACKGROUND</u>**

3      17.     QuikOrder is without knowledge or information sufficient to form a belief as to

4  the truth of the allegations in paragraph 17 and therefore denies them.

5      18.     QuikOrder is without knowledge or information sufficient to form a belief as to

6  the truth of the allegations in paragraph 18 and therefore denies them.

7      19.     QuikOrder denies the allegations in paragraph 19.

8      20.     QuikOrder admits that Ameranth is asserting two patents in this lawsuit, which on

9  their face appear to be assigned to Ameranth Wireless.  With respect to the remaining allegations

10  in paragraph 20, QuikOrder is without knowledge or information sufficient to form a belief as to

11  the truth of the allegations in paragraph 20 and therefore denies them.

12  **<u>Count I</u>**

13  Patent Infringement (U.S. Pat. No. 6,384,850)

14  (35 U.S.C. § 271)

15      21.     QuikOrder incorporates its responses in paragraphs 1-20 as if set forth fully

16  herein.

17      22.     QuikOrder admits that Exhibit A appears to be a copy of United States Patent

18  No. 6,384,850 entitled "Information Management and Synchronous Communications System

19  with Menu Generation" ("the '850 patent") and that the document speaks for itself.  QuikOrder

20  denies the remaining allegations in paragraph 22.

21      23.     QuikOrder is without knowledge or information sufficient to form a belief as to

22  the truth of the allegations in paragraph 23 and therefore denies them.

23  <u>Direct Infringement, Inducing Infringement, and Contributing to Infringement of the '850</u>

24  <u>Patent by Defendant Pizza Hut</u>

25      24.     The allegations in paragraph 24 do not appear to require an answer from

26  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

27  information sufficient to form a belief as to the truth of the allegations in paragraph 24 and

28  therefore denies them.

**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

25.     The allegations in paragraph 25 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them.

26.     The allegations in paragraph 26 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies them.

27.     The allegations in paragraph 27 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies them.

28.     The allegations in paragraph 28 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies them.

29.     The allegations in paragraph 29 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies them.

30.     The allegations in paragraph 30 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies them.

31.     The allegations in paragraph 31 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies them.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -     Case No. 3:11-cv-01810-JLS-NLS
DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH,
INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

32.     The allegations in paragraph 32 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies them.

33.     The allegations in paragraph 33 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies them.

34.     The allegations in paragraph 34 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies them.

<u>Direct Infringement, Inducing Infringement, and Contributing to Infringement of the '850 Patent by Defendant Domino's</u>

35.     The allegations in paragraph 35 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies them.

36.     The allegations in paragraph 36 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies them.

37.     The allegations in paragraph 37 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies them.

38.     The allegations in paragraph 38 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -                                    Case No. 3:11-cv-01810-JLS-NLS
**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

1  information sufficient to form a belief as to the truth of the allegations in paragraph 38 and

2  therefore denies them.

3       39.     The allegations in paragraph 39 do not appear to require an answer from

4  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

5  information sufficient to form a belief as to the truth of the allegations in paragraph 39 and

6  therefore denies them.

7       40.     The allegations in paragraph 40 do not appear to require an answer from

8  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

9  information sufficient to form a belief as to the truth of the allegations in paragraph 40 and

10  therefore denies them.

11       41.     The allegations in paragraph 41 do not appear to require an answer from

12  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

13  information sufficient to form a belief as to the truth of the allegations in paragraph 41 and

14  therefore denies them.

15       42.     The allegations in paragraph 42 do not appear to require an answer from

16  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

17  information sufficient to form a belief as to the truth of the allegations in paragraph 42 and

18  therefore denies them.

19       43.     The allegations in paragraph 43 do not appear to require an answer from

20  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

21  information sufficient to form a belief as to the truth of the allegations in paragraph 43 and

22  therefore denies them.

23       44.     The allegations in paragraph 44 do not appear to require an answer from

24  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

25  information sufficient to form a belief as to the truth of the allegations in paragraph 44 and

26  therefore denies them.

27       45.     The allegations in paragraph 45 do not appear to require an answer from

28  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

1   information sufficient to form a belief as to the truth of the allegations in paragraph 45 and

2   therefore denies them.

3   <u>Direct Infringement, Inducing Infringement, and Contributing to Infringement of the '850</u>

4   <u>Patent by Defendant Papa John's</u>

5   46.     The allegations in paragraph 46 do not appear to require an answer from

6   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

7   information sufficient to form a belief as to the truth of the allegations in paragraph 46 and

8   therefore denies them.

9   47.     The allegations in paragraph 47 do not appear to require an answer from

10  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

11  information sufficient to form a belief as to the truth of the allegations in paragraph 47 and

12  therefore denies them.

13  48.     The allegations in paragraph 48 do not appear to require an answer from

14  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

15  information sufficient to form a belief as to the truth of the allegations in paragraph 48 and

16  therefore denies them.

17  49.     The allegations in paragraph 49 do not appear to require an answer from

18  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

19  information sufficient to form a belief as to the truth of the allegations in paragraph 49 and

20  therefore denies them.

21  50.     The allegations in paragraph 50 do not appear to require an answer from

22  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

23  information sufficient to form a belief as to the truth of the allegations in paragraph 50 and

24  therefore denies them.

25  51.     The allegations in paragraph 51 do not appear to require an answer from

26  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

27  information sufficient to form a belief as to the truth of the allegations in paragraph 51 and

28  therefore denies them.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO
- 8 -                                        Case No. 3:11-cv-01810-JLS-NLS
**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH,
INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

52.     The allegations in paragraph 52 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore denies them.

53.     The allegations in paragraph 53 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore denies them.

54.     The allegations in paragraph 54 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies them.

55.     The allegations in paragraph 55 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies them.

56.     The allegations in paragraph 56 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore denies them.

Direct Infringement, Inducing Infringement, and Contributing to Infringement of the '850 Patent by Defendant OpenTable

57.     The allegations in paragraph 57 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore denies them.

58.     The allegations in paragraph 58 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 -                                Case No. 3:11-cv-01810-JLS-NLS

**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

information sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore denies them.

59.     The allegations in paragraph 59 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore denies them.

60.     The allegations in paragraph 60 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 and therefore denies them.

61.     The allegations in paragraph 61 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore denies them.

62.     The allegations in paragraph 62 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore denies them.

63.     The allegations in paragraph 63 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore denies them.

64.     The allegations in paragraph 64 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore denies them.

65.     The allegations in paragraph 65 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

1  information sufficient to form a belief as to the truth of the allegations in paragraph 65 and
2  therefore denies them.

3      66.     The allegations in paragraph 66 do not appear to require an answer from
4  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or
5  information sufficient to form a belief as to the truth of the allegations in paragraph 66 and
6  therefore denies them.

7      67.     The allegations in paragraph 67 do not appear to require an answer from
8  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or
9  information sufficient to form a belief as to the truth of the allegations in paragraph 67 and
10 therefore denies them.

11     Direct Infringement, Inducing Infringement, and Contributing to Infringement of the '850
12                         Patent by Defendant GrubHub

13     68.     The allegations in paragraph 68 do not appear to require an answer from
14 QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or
15 information sufficient to form a belief as to the truth of the allegations in paragraph 68 and
16 therefore denies them.

17     69.     The allegations in paragraph 69 do not appear to require an answer from
18 QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or
19 information sufficient to form a belief as to the truth of the allegations in paragraph 69 and
20 therefore denies them.

21     70.     The allegations in paragraph 70 do not appear to require an answer from
22 QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or
23 information sufficient to form a belief as to the truth of the allegations in paragraph 70 and
24 therefore denies them.

25     71.     The allegations in paragraph 71 do not appear to require an answer from
26 QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or
27 information sufficient to form a belief as to the truth of the allegations in paragraph 71 and
28 therefore denies them.

**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

72.     The allegations in paragraph 72 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 and therefore denies them.

73.     The allegations in paragraph 73 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore denies them.

74.     The allegations in paragraph 74 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore denies them.

75.     The allegations in paragraph 75 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 and therefore denies them.

76.     The allegations in paragraph 76 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 and therefore denies them.

77.     The allegations in paragraph 77 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and therefore denies them.

78.     The allegations in paragraph 78 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 and therefore denies them.

**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

<u>Direct Infringement, Inducing Infringement, and Contributing to Infringement of the '850</u>

<u>Patent by Defendant LaughStub</u>

79.     The allegations in paragraph 79 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 and therefore denies them.

80.     The allegations in paragraph 80 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 and therefore denies them.

81.     The allegations in paragraph 81 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 and therefore denies them.

82.     The allegations in paragraph 82 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 and therefore denies them.

83.     The allegations in paragraph 83 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 and therefore denies them.

84.     The allegations in paragraph 84 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 and therefore denies them.

85.     The allegations in paragraph 85 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

information sufficient to form a belief as to the truth of the allegations in paragraph 85 and therefore denies them.

86.     The allegations in paragraph 86 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 and therefore denies them.

87.     The allegations in paragraph 87 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 and therefore denies them.

88.     The allegations in paragraph 88 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 and therefore denies them.

89.     The allegations in paragraph 89 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 and therefore denies them.

<u>Direct Infringement, Inducing Infringement, and Contributing to Infringement of the '850 Patent by Defendant Exit 41</u>

90.     The allegations in paragraph 90 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 and therefore denies them.

91.     The allegations in paragraph 91 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91and therefore denies them.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 14 -     Case No. 3:11-cv-01810-JLS-NLS
**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

92.     The allegations in paragraph 92 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 and therefore denies them.

93.     The allegations in paragraph 93 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 and therefore denies them.

94.     The allegations in paragraph 94 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 and therefore denies them.

95.     The allegations in paragraph 95 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 and therefore denies them.

96.     The allegations in paragraph 96 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 and therefore denies them.

97.     The allegations in paragraph 97 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 and therefore denies them.

98.     The allegations in paragraph 98 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 and therefore denies them.

**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

99.     The allegations in paragraph 99 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 and therefore denies them.

100.    The allegations in paragraph 100 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 and therefore denies them.

Direct Infringement, Inducing Infringement, and Contributing to Infringement of the '850 Patent by Defendant QuikOrder

101.    QuikOrder denies the allegations in paragraph 101.

102.    QuikOrder denies the allegations in paragraph 102.

103.    QuikOrder denies the allegations in paragraph 103.

104.    QuikOrder denies the allegations in paragraph 104.

105.    QuikOrder denies the allegations in paragraph 105.

106.    QuikOrder admits that it had knowledge of the '850 patent by no later than the date it was served with the complaint in this action.  QuikOrder denies the remaining allegations in paragraph 106.

107.    QuikOrder denies the allegations in paragraph 107.

108.    QuikOrder denies the allegations in paragraph 108.

109.    QuikOrder admits that it had knowledge of the '850 patent by no later than the date it was served with the complaint in this action.  QuikOrder denies the remaining allegations in paragraph 109.

110.    QuikOrder denies the allegations in paragraph 110.

111.    QuikOrder denies the allegations in paragraph 111.

Direct Infringement, Inducing Infringement, and Contributing to Infringement of the '850 Patent by Defendant Seamless

112.    The allegations in paragraph 112 do not appear to require an answer from

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 16 -                    Case No. 3:11-cv-01810-JLS-NLS
DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

QuikOrder. However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 and therefore denies them.

113. The allegations in paragraph 113 do not appear to require an answer from QuikOrder. However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 and therefore denies them.

114. The allegations in paragraph 114 do not appear to require an answer from QuikOrder. However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 and therefore denies them.

115. The allegations in paragraph 115 do not appear to require an answer from QuikOrder. However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 and therefore denies them.

116. The allegations in paragraph 116 do not appear to require an answer from QuikOrder. However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 and therefore denies them.

117. The allegations in paragraph 117 do not appear to require an answer from QuikOrder. However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 and therefore denies them.

118. The allegations in paragraph 118 do not appear to require an answer from QuikOrder. However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 and therefore denies them.

119. The allegations in paragraph 119 do not appear to require an answer from

**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

QuikOrder. However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 and therefore denies them.

120. The allegations in paragraph 120 do not appear to require an answer from QuikOrder. However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 and therefore denies them.

121. The allegations in paragraph 121 do not appear to require an answer from QuikOrder. However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 and therefore denies them.

122. The allegations in paragraph 122 do not appear to require an answer from QuikOrder. However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 and therefore denies them.

<u>Direct Infringement, Inducing Infringement, and Contributing to Infringement of the '850 Patent by Defendant Onosys</u>

123. The allegations in paragraph 123 do not appear to require an answer from QuikOrder. However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 and therefore denies them.

124. The allegations in paragraph 124 do not appear to require an answer from QuikOrder. However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 and therefore denies them.

125. The allegations in paragraph 125 do not appear to require an answer from QuikOrder. However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 and

**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

1  therefore denies them.

2      126.   The allegations in paragraph 126 do not appear to require an answer from

3  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

4  information sufficient to form a belief as to the truth of the allegations in paragraph 126 and

5  therefore denies them.

6      127.   The allegations in paragraph 127 do not appear to require an answer from

7  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

8  information sufficient to form a belief as to the truth of the allegations in paragraph 127 and

9  therefore denies them.

10      128.   The allegations in paragraph 128 do not appear to require an answer from

11  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

12  information sufficient to form a belief as to the truth of the allegations in paragraph 128 and

13  therefore denies them.

14      129.   The allegations in paragraph 129 do not appear to require an answer from

15  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

16  information sufficient to form a belief as to the truth of the allegations in paragraph 129 and

17  therefore denies them.

18      130.   The allegations in paragraph 130 do not appear to require an answer from

19  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

20  information sufficient to form a belief as to the truth of the allegations in paragraph 130 and

21  therefore denies them.

22      131.   The allegations in paragraph 131 do not appear to require an answer from

23  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

24  information sufficient to form a belief as to the truth of the allegations in paragraph 131 and

25  therefore denies them.

26      132.   The allegations in paragraph 132 do not appear to require an answer from

27  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

28  information sufficient to form a belief as to the truth of the allegations in paragraph 132 and

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO
- 19 -     Case No. 3:11-cv-01810-JLS-NLS
DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH,
INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1  therefore denies them.

2       133.    The allegations in paragraph 133 do not appear to require an answer from

3  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

4  information sufficient to form a belief as to the truth of the allegations in paragraph 133 and

5  therefore denies them.

6  **COUNT II**

7  Patent Infringement (U.S. Pat. No. 6,871,325)

8  (35 U.S.C. § 271)

9       134.    QuikOrder reiterates and reincorporates its responses set forth in paragraphs 1-20

10  as if set forth fully herein.

11      135.    QuikOrder admits that Exhibit B appears to be a copy of United States Patent

12  No. 6,871,325 entitled "Information Management and Synchronous Communications System

13  with Menu Generation" ("the '325 patent") and that the document speaks for itself.  QuikOrder

14  denies the remaining allegations in paragraph 135.

15      136.    QuikOrder is without knowledge or information sufficient to form a belief as to

16  the truth of the allegations in paragraph 136 and therefore denies them.

17  Direct Infringement, Inducing Infringement, and Contributing to Infringement of the '325

18  Patent by Defendant Pizza Hut

19      137.    The allegations in paragraph 137 do not appear to require an answer from

20  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

21  information sufficient to form a belief as to the truth of the allegations in paragraph 137 and

22  therefore denies them.

23      138.    The allegations in paragraph 138 do not appear to require an answer from

24  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

25  information sufficient to form a belief as to the truth of the allegations in paragraph 138 and

26  therefore denies them.

27      139.    The allegations in paragraph 139 do not appear to require an answer from

28  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 20 -                    Case No. 3:11-cv-01810-JLS-NLS
**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

1    information sufficient to form a belief as to the truth of the allegations in paragraph 139 and

2    therefore denies them.

3          140.    The allegations in paragraph 140 do not appear to require an answer from

4    QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

5    information sufficient to form a belief as to the truth of the allegations in paragraph 140 and

6    therefore denies them.

7          141.    The allegations in paragraph 141 do not appear to require an answer from

8    QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

9    information sufficient to form a belief as to the truth of the allegations in paragraph 141 and

10   therefore denies them.

11         142.    The allegations in paragraph 142 do not appear to require an answer from

12   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

13   information sufficient to form a belief as to the truth of the allegations in paragraph 142 and

14   therefore denies them.

15         143.    The allegations in paragraph 143 do not appear to require an answer from

16   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

17   information sufficient to form a belief as to the truth of the allegations in paragraph 143 and

18   therefore denies them.

19         144.    The allegations in paragraph 144 do not appear to require an answer from

20   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

21   information sufficient to form a belief as to the truth of the allegations in paragraph 144 and

22   therefore denies them.

23         145.    The allegations in paragraph 145 do not appear to require an answer from

24   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

25   information sufficient to form a belief as to the truth of the allegations in paragraph 145 and

26   therefore denies them.

27         146.    The allegations in paragraph 146 do not appear to require an answer from

28   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 21 -                                    Case No. 3:11-cv-01810-JLS-NLS

**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

1    information sufficient to form a belief as to the truth of the allegations in paragraph 146 and

2    therefore denies them.

3         147.    The allegations in paragraph 147 do not appear to require an answer from

4    QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

5    information sufficient to form a belief as to the truth of the allegations in paragraph 147 and

6    therefore denies them.

7    Direct Infringement, Inducing Infringement, and Contributing to Infringement of the '325

8                            Patent by Defendant Domino's

9         148.    The allegations in paragraph 148 do not appear to require an answer from

10   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

11   information sufficient to form a belief as to the truth of the allegations in paragraph 148 and

12   therefore denies them.

13        149.    The allegations in paragraph 149 do not appear to require an answer from

14   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

15   information sufficient to form a belief as to the truth of the allegations in paragraph 149 and

16   therefore denies them.

17        150.    The allegations in paragraph 150 do not appear to require an answer from

18   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

19   information sufficient to form a belief as to the truth of the allegations in paragraph 150 and

20   therefore denies them.

21        151.    The allegations in paragraph 151 do not appear to require an answer from

22   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

23   information sufficient to form a belief as to the truth of the allegations in paragraph 151 and

24   therefore denies them.

25        152.    The allegations in paragraph 152 do not appear to require an answer from

26   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

27   information sufficient to form a belief as to the truth of the allegations in paragraph 152 and

28   therefore denies them.

**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

153.    The allegations in paragraph 153 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 and therefore denies them.

154.    The allegations in paragraph 154 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 and therefore denies them.

155.    The allegations in paragraph 155 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 and therefore denies them.

156.    The allegations in paragraph 156 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 and therefore denies them.

157.    The allegations in paragraph 157 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157 and therefore denies them.

158.    The allegations in paragraph 158 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158 and therefore denies them.

Direct Infringement, Inducing Infringement, and Contributing to Infringement of the '325 Patent by Defendant Papa John's

159.    The allegations in paragraph 159 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

information sufficient to form a belief as to the truth of the allegations in paragraph 159 and therefore denies them.

160.    The allegations in paragraph 160 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160 and therefore denies them.

161.    The allegations in paragraph 161 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 and therefore denies them.

162.    The allegations in paragraph 162 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162 and therefore denies them.

163.    The allegations in paragraph 163 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163 and therefore denies them.

164.    The allegations in paragraph 164 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 and therefore denies them.

165.    The allegations in paragraph 165 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165 and therefore denies them.

166.    The allegations in paragraph 166 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

information sufficient to form a belief as to the truth of the allegations in paragraph 166 and therefore denies them.

167. The allegations in paragraph 167 do not appear to require an answer from QuikOrder. However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167 and therefore denies them.

168. The allegations in paragraph 168 do not appear to require an answer from QuikOrder. However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168 and therefore denies them.

169. The allegations in paragraph 169 do not appear to require an answer from QuikOrder. However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169 and therefore denies them.

<u>Direct Infringement, Inducing Infringement, and Contributing to Infringement of the '325 Patent by Defendant OpenTable</u>

170. The allegations in paragraph 170 do not appear to require an answer from QuikOrder. However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170 and therefore denies them.

171. The allegations in paragraph 171 do not appear to require an answer from QuikOrder. However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171 and therefore denies them.

172. The allegations in paragraph 172 do not appear to require an answer from QuikOrder. However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172 and therefore denies them.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:11-cv-01810-JLS-NLS

**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

173.   The allegations in paragraph 173 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173 and therefore denies them.

174.   The allegations in paragraph 174 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174 and therefore denies them.

175.   The allegations in paragraph 175 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175 and therefore denies them.

176.   The allegations in paragraph 176 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176 and therefore denies them.

177.   The allegations in paragraph 177 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177 and therefore denies them.

178.   The allegations in paragraph 178 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178 and therefore denies them.

179.   The allegations in paragraph 179 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179 and therefore denies them.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 26 -                     Case No. 3:11-cv-01810-JLS-NLS
DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH,
INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

180.    The allegations in paragraph 180 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180 and therefore denies them.

<u>Direct Infringement, Inducing Infringement, and Contributing to Infringement of the '325 Patent by Defendant GrubHub</u>

181.    The allegations in paragraph 181 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 181 and therefore denies them.

182.    The allegations in paragraph 182 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182 and therefore denies them.

183.    The allegations in paragraph 183 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183 and therefore denies them.

184.    The allegations in paragraph 184 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184 and therefore denies them.

185.    The allegations in paragraph 185 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 185 and therefore denies them.

186.    The allegations in paragraph 186 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

information sufficient to form a belief as to the truth of the allegations in paragraph 186 and therefore denies them.

187.    The allegations in paragraph 187 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 187 and therefore denies them.

188.    The allegations in paragraph 188 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188 and therefore denies them.

189.    The allegations in paragraph 189 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189 and therefore denies them.

190.    The allegations in paragraph 190 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 190 and therefore denies them.

191.    The allegations in paragraph 191 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191 and therefore denies them.

<u>Direct Infringement, Inducing Infringement, and Contributing to Infringement of the '325 Patent by Defendant LaughStub</u>

192.    The allegations in paragraph 192 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192 and therefore denies them.

Schiff Hardin LLP
Attorneys At Law
San Francisco

- 28 -    Case No. 3:11-cv-01810-JLS-NLS
**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

193.    The allegations in paragraph 193 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193 and therefore denies them.

194.    The allegations in paragraph 194 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 194 and therefore denies them.

195.    The allegations in paragraph 195 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195 and therefore denies them.

196.    The allegations in paragraph 196 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196 and therefore denies them.

197.    The allegations in paragraph 197 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 197 and therefore denies them.

198.    The allegations in paragraph 198 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 198 and therefore denies them.

199.    The allegations in paragraph 199 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 199 and therefore denies them.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 29 -                                      Case No. 3:11-cv-01810-JLS-NLS
DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH,
INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1    200.    The allegations in paragraph 200 do not appear to require an answer from

2    QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

3    information sufficient to form a belief as to the truth of the allegations in paragraph 200 and

4    therefore denies them.

5    201.    The allegations in paragraph 201 do not appear to require an answer from

6    QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

7    information sufficient to form a belief as to the truth of the allegations in paragraph 201 and

8    therefore denies them.

9    202.    The allegations in paragraph 202 do not appear to require an answer from

10   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

11   information sufficient to form a belief as to the truth of the allegations in paragraph 202 and

12   therefore denies them.

13   <u>Direct Infringement, Inducing Infringement, and Contributing to Infringement of the '325

14   Patent by Defendant Exit 41</u>

15   203.    The allegations in paragraph 203 do not appear to require an answer from

16   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

17   information sufficient to form a belief as to the truth of the allegations in paragraph 203 and

18   therefore denies them.

19   204.    The allegations in paragraph 204 do not appear to require an answer from

20   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

21   information sufficient to form a belief as to the truth of the allegations in paragraph 204 and

22   therefore denies them.

23   205.    The allegations in paragraph 205 do not appear to require an answer from

24   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

25   information sufficient to form a belief as to the truth of the allegations in paragraph 205 and

26   therefore denies them.

27   206.    The allegations in paragraph 206 do not appear to require an answer from

28   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

Schiff Hardin LLP
Attorneys At Law
San Francisco

- 30 -    Case No. 3:11-cv-01810-JLS-NLS
**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

1    information sufficient to form a belief as to the truth of the allegations in paragraph 206 and

2    therefore denies them.

3          207.     The allegations in paragraph 207 do not appear to require an answer from

4    QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

5    information sufficient to form a belief as to the truth of the allegations in paragraph 207 and

6    therefore denies them.

7          208.     The allegations in paragraph 208 do not appear to require an answer from

8    QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

9    information sufficient to form a belief as to the truth of the allegations in paragraph 208 and

10   therefore denies them.

11         209.     The allegations in paragraph 209 do not appear to require an answer from

12   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

13   information sufficient to form a belief as to the truth of the allegations in paragraph 209 and

14   therefore denies them.

15         210.     The allegations in paragraph 210 do not appear to require an answer from

16   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

17   information sufficient to form a belief as to the truth of the allegations in paragraph 210 and

18   therefore denies them.

19         211.     The allegations in paragraph 211 do not appear to require an answer from

20   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

21   information sufficient to form a belief as to the truth of the allegations in paragraph 211 and

22   therefore denies them.

23         212.     The allegations in paragraph 212 do not appear to require an answer from

24   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

25   information sufficient to form a belief as to the truth of the allegations in paragraph 212 and

26   therefore denies them.

27         213.     The allegations in paragraph 213 do not appear to require an answer from

28   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 31 -                      Case No. 3:11-cv-01810-JLS-NLS
**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH,
INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

1   information sufficient to form a belief as to the truth of the allegations in paragraph 213 and

2   therefore denies them.

3   Direct Infringement, Inducing Infringement, and Contributing to Infringement of the '325

4   Patent by Defendant QuikOder

5       214.    QuikOrder denies the allegations in paragraph 214.

6       215.    QuikOrder denies the allegations in paragraph 215.

7       216.    QuikOrder denies the allegations in paragraph 216.

8       217.    QuikOrder denies the allegations in paragraph 217.

9       218.    QuikOrder denies the allegations in paragraph 218.

10      219.    QuikOrder admits that it had knowledge of the '325 patent by no later than the

11  date it was served with the complaint in this action.  QuikOrder denies the remaining allegations

12  in paragraph 219.

13      220.    QuikOrder denies the allegations in paragraph 220.

14      221.    QuikOrder denies the allegations in paragraph 221.

15      222.    QuikOrder admits that it had knowledge of the '325 patent by no later than the

16  date it was served with the complaint in this action.  QuikOrder denies the remaining allegations

17  in paragraph 222.

18      223.    QuikOrder denies the allegations in paragraph 223.

19      224.    QuikOrder denies the allegations in paragraph 224.

20  Direct Infringement, Inducing Infringement, and Contributing to Infringement of the '325

21  Patent by Defendant Seamless

22      225.    The allegations in paragraph 225 do not appear to require an answer from

23  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

24  information sufficient to form a belief as to the truth of the allegations in paragraph 225 and

25  therefore denies them.

26      226.    The allegations in paragraph 226 do not appear to require an answer from

27  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

28  information sufficient to form a belief as to the truth of the allegations in paragraph 226 and

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 32 -                           Case No. 3:11-cv-01810-JLS-NLS

**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

therefore denies them.

227.    The allegations in paragraph 227 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 227 and therefore denies them.

228.    The allegations in paragraph 228 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 228 and therefore denies them.

229.    The allegations in paragraph 229 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 229 and therefore denies them.

230.    The allegations in paragraph 230 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 230 and therefore denies them.

231.    The allegations in paragraph 231 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 231 and therefore denies them.

232.    The allegations in paragraph 232 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 232 and therefore denies them.

233.    The allegations in paragraph 233 do not appear to require an answer from QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 233 and

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 33 -                                  Case No. 3:11-cv-01810-JLS-NLS
DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH,
INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1    therefore denies them.

2           234.    The allegations in paragraph 234 do not appear to require an answer from

3    QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

4    information sufficient to form a belief as to the truth of the allegations in paragraph 234 and

5    therefore denies them.

6           235.    The allegations in paragraph 235 do not appear to require an answer from

7    QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

8    information sufficient to form a belief as to the truth of the allegations in paragraph 235 and

9    therefore denies them.

10   <u>Direct Infringement, Inducing Infringement, and Contributing to Infringement of the '325</u>

11                        <u>Patent by Defendant Onosys</u>

12          236.    The allegations in paragraph 236 do not appear to require an answer from

13   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

14   information sufficient to form a belief as to the truth of the allegations in paragraph 236 and

15   therefore denies them.

16          237.    The allegations in paragraph 237 do not appear to require an answer from

17   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

18   information sufficient to form a belief as to the truth of the allegations in paragraph 237 and

19   therefore denies them.

20          238.    The allegations in paragraph 238 do not appear to require an answer from

21   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

22   information sufficient to form a belief as to the truth of the allegations in paragraph 238 and

23   therefore denies them.

24          239.    The allegations in paragraph 239 do not appear to require an answer from

25   QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or

26   information sufficient to form a belief as to the truth of the allegations in paragraph 239 and

27   therefore denies them.

28          240.    The allegations in paragraph 240 do not appear to require an answer from

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 34 -                Case No. 3:11-cv-01810-JLS-NLS
**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH,
INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

1  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or
2  information sufficient to form a belief as to the truth of the allegations in paragraph 240 and
3  therefore denies them.

4          241.    The allegations in paragraph 241 do not appear to require an answer from
5  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or
6  information sufficient to form a belief as to the truth of the allegations in paragraph 241 and
7  therefore denies them.

8          242.    The allegations in paragraph 242 do not appear to require an answer from
9  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or
10  information sufficient to form a belief as to the truth of the allegations in paragraph 242 and
11  therefore denies them.

12          243.    The allegations in paragraph 243 do not appear to require an answer from
13  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or
14  information sufficient to form a belief as to the truth of the allegations in paragraph 243 and
15  therefore denies them.

16          244.    The allegations in paragraph 244 do not appear to require an answer from
17  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or
18  information sufficient to form a belief as to the truth of the allegations in paragraph 244 and
19  therefore denies them.

20          245.    The allegations in paragraph 245 do not appear to require an answer from
21  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or
22  information sufficient to form a belief as to the truth of the allegations in paragraph 245 and
23  therefore denies them.

24          246.    The allegations in paragraph 246 do not appear to require an answer from
25  QuikOrder.  However, to the extent an answer is required, QuikOrder is without knowledge or
26  information sufficient to form a belief as to the truth of the allegations in paragraph 246 and
27  therefore denies them.

28

**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

**PRAYER FOR RELIEF**

QuikOrder denies that Ameranth is entitled to any of the relief requested in Nos. 1-9 of Ameranth's Prayer for Relief.

**II.    AFFIRMATIVE DEFENSES**

Further responding to the Complaint, QuikOrder asserts the following defenses, without admitting any allegations of the Complaint not otherwise admitted and without assuming any burden where such burden would otherwise be on Ameranth.

**First Affirmative Defense**
**(Non-Infringement)**

1.    QuikOrder has not infringed and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '850 patent or the '325 patent. QuikOrder's product does not have each of the limitations in any of the asserted claims. For example, QuikOrder does not have a central database or a handheld computing device as required by the claims.

**Second Affirmative Defense**
**(Invalidity)**

2.    One or more of the claims of the '850 patent or the '325 patent is invalid for failing to meet the conditions for patentability as set forth in one or more sections of Title 35 of the U.S. Code, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112 for one or more of the reasons specified in Defendants' Preliminary Invalidity Contentions served on Ameranth on June 18, 2012. (Attached as **Exhibit A**.) For example, the asserted patents are invalid because they are not patentable subject matter under the requirements of 35 U.S.C. § 101. Further, the asserted claims of the patents-in-suit are invalid under at least 35 U.S.C. §§ 102 and 103 in light of at least U.S. Pat. No. 6,208,976, U.S. Pat. No. 6,341,268 and U.S. Pat. No. 7,966,215, each of which discloses every element of each asserted claim. The asserted claims of the patents-in-suit are invalid for failure to satisfy the written disclosure, enablement and best mode requirements of 35 U.S.C. § 112, including but not limited to the terms "application program interface," "a communication control module," synchronous communication," etc., as

**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

explained in Defendants' Preliminary Invalidity Contentions.

**Third Affirmative Defense**
**(Unenforceability)**

3.      One or more of the claims of the '850 patent or the '325 patent is unenforceable.

**Fourth Affirmative Defense**
**(Estoppel)**

4.      Ameranth's claims are barred in whole or in part under the doctrine of estoppel.

**Fifth Affirmative Defense**
**(Laches and Equitable Estoppel)**

5.      Ameranth's claims are barred and any purported damages are limited by the equitable doctrines of Laches and Equitable Estoppel.

**Sixth Affirmative Defense**
**(Limitations on Damages and Costs)**

6.      Ameranth's claims for damages and costs are statutorily limited by 35 U.S.C. §§ 286, 287, and 288.

7.      This case is exceptional pursuant to 35. U.S.C. § 285, and QuikOrder is entitled to an award for its reasonable attorneys' fees, expenses and costs incurred in this action.

8.      QuikOrder expressly reserves the right to assert any other legal or equitable defenses to which it is entitled.

## III.      <u>COUNTERCLAIMS</u>

QuikOrder brings these counterclaims for declaratory judgment, without admitting any allegation of the Complaint not otherwise admitted and without assuming the burden of proof that would otherwise be on Ameranth.  In support of its counterclaims, QuikOrder alleges as follows:

1.      On September 13, 2011, Ameranth brought an action against QuikOrder for infringement of U.S. Patent Nos. 6,384,850 ("the '850 patent") and 6,871,325 ("the '325 patent"). QuikOrder brings this counterclaim for declaratory judgment that the '850 patent and the '325 patent, and each claim thereof, are not infringed and are invalid and/or unenforceable.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 37 -                    Case No. 3:11-cv-01810-JLS-NLS
**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

**THE PARTIES**

2.      QuikOrder, Inc. ("QuikOrder") is an Illinois corporation having a principal place of business at 351 W. Hubbard St., Suite 501, Chicago, Illinois, 60654.

3.      On information and belief, Ameranth, Inc. ("Ameranth") is a Delaware corporation based in San Diego, California and having a principal place of business at 5820 Oberlin Drive, Suite 22, San Diego California.

**JURISDICTION AND VENUE**

4.      This Counterclaim arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* and under the declaratory judgments laws of the United States, 28 U.S.C. §§ 2201 and 2202.

5.      Jurisdiction of this counterclaim arises under 28 U.S.C. §§ 2201 and 2202 and under 28 U.S.C. § 1338(a).

6.      By virtue of Ameranth's action for infringement of the '850 patent and the '325 patent, filed September 13, 2011 in the Southern District California, a justiciable controversy exists between QuikOrder and Ameranth concerning the validity and scope of Ameranth's alleged rights with respect to the '850 patent and the '325 patent.

7.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

8.      Ameranth is subject to personal jurisdiction in this District.

**FIRST COUNTERCLAIM**
**(Declaratory Judgment Of Noninfringement)**

9.      QuikOrder incorporates by reference paragraphs 1 through 8 of this Counterclaim as if fully set forth herein.

10.      There is an actual, substantial, and continuing justiciable case or controversy between QuikOrder and Ameranth regarding, *inter alia*, noninfringement of the '850 patent and the '325 patent.

11.      QuikOrder has not infringed and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '850 patent or the '325 patent. QuikOrder's product does not have each of the limitations in any of the asserted claims. For example,

QuikOrder does not have a central database or a handheld computing device as required by the claims.

12.     QuikOrder is entitled to a declaratory judgment that QuikOrder has not infringed and is not infringing, directly or indirectly, any claim of the '850 patent or the '325 patent.

**SECOND COUNTERCLAIM**
**(Declaratory Judgment Of Invalidity)**

13.     QuikOrder incorporates by reference paragraphs 1-12 of this Counterclaim as if fully set forth herein.

14.     There is an actual, substantial, and continuing justiciable case or controversy between QuikOrder and Ameranth regarding, *inter alia*, invalidity of the '850 patent and the '325 patent.

15.     The claims of the '850 and '325 patents are invalid under one or more sections of Title 35 of the U.S. Code, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112 for one or more of the reasons specified in Defendants' Preliminary Invalidity Contentions served on Ameranth on June 18, 2012.  (Attached as **Exhibit A**.)  For example, the asserted patents are invalid because they are not patentable subject matter under the requirements of 35 U.S.C. § 101. Further, the asserted claims of the patents-in-suit are invalid under at least 35 U.S.C. §§ 102 and 103 in light of at least U.S. Pat. No. 6,208,976, U.S. Pat. No. 6,341,268 and U.S. Pat. No. 7,966,215, each of which discloses every element of each asserted claim.  The asserted claims of the patents-in-suit are invalid for failure to satisfy the written disclosure, enablement and best mode requirements of 35 U.S.C. § 112, including but not limited to the terms "application program interface," "a communication control module," synchronous communication," etc., as explained in Defendants' Preliminary Invalidity Contentions.

16.     QuikOrder is entitled to a declaratory judgment that the '850 patent and the '325 patent, and each claim thereof, are invalid.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant and Counter-Plaintiff QuikOrder, Inc. respectfully request that this Court enter judgment in its favor and against Plaintiff and Counter-Defendant Ameranth,

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 39 -                    Case No. 3:11-cv-01810-JLS-NLS

**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Inc. as follows:

        A.      Declare that QuikOrder has not infringed and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '850 patent or the '325 patent;

        B.      Declare that each claim of the '850 patent and the '325 patent is invalid;

        C.      Declare that the '850 patent and the '325 patent are unenforceable against QuikOrder;

        D.      Declare that Ameranth is not entitled to any damages, interest, costs, attorney fees or other relief from or against QuikOrder;

        E.      Declare that this is an "exceptional case" within the meaning of 35 U.S.C. § 285, and award QuikOrder reasonable attorneys fees, expenses and costs in this action; and

        F.      Grant such other and further relief as the Court deems just and proper.

Dated: July 17, 2012              SCHIFF HARDIN LLP

By: */s/ George C. Yu*
      George C. Yu
      Attorneys for Defendant
      QuikOrder, Inc.

**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that, on July 17, 2012, the foregoing document was filed via the Case

3

Management/Electronic Case Filing (CM/ECF) system, and was served on all parties via the

4

automated generation and e-mailing of a Notice of Electronic Filing (NEF) by the CM/ECF

5

system to counsel for all parties.

6

7

*/s/ George C. Yu*

8

George C. Yu
E-Mail:  gyu@schiffhardin.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT QUIKORDER, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO AMERANTH, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**