**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERANTH, INC.,<br><br>            Plaintiff,<br><br>vs.<br><br><br><br>STARWOOD HOTELS AND<br>RESORTS WORLDWIDE, INC.,<br><br>            Defendant.<br>_____<br>AND RELATED CASES. | CASE NOS.<br>11-CV-1810 JLS (NLS)<br>12-CV-1629 JLS (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>(ECF No. 16) |

Presently before the Court is Defendant Starwood Hotels and Resorts Worldwide, Inc.'s ("Starwood") motion to dismiss Plaintiff Ameranth, Inc.'s ("Ameranth") complaint. (ECF No. 16.) Also before the Court are Ameranth's response in opposition, (Resp. in Opp., ECF No. 20), and Starwood's reply in support, (Reply in Supp., ECF No. 23). The hearing set for the motion on December 13, 2012, was vacated, and the matter taken under submission on the papers. (11-cv-1810, ECF No. 319.) Having considered the parties' arguments and the law, the Court **GRANTS** Starwood's motion to dismiss.

# BACKGROUND[1]

This action is part of a consolidated action for patent infringement by Plaintiff Ameranth, Inc. ("Ameranth") against various Defendants in thirty-one related cases. In the present case, Ameranth has asserted direct and indirect infringement claims against Starwood of three patents: U.S. Patent Nos. 6,384,850 (the '850 patent), 6,871,325 (the '325 patent) and 8,146,077 (the '077 patent, and collectively, the "Asserted Patents"). (ECF No. 1.) On October 4, 2012, the Court consolidated the instant action and all related actions with the lead case, *Ameranth v. Pizza Hut, Inc.*, Case No. 11-CV-1810 ("lead case" or "1810"), for pretrial purposes up to and including claim construction. (1810, ECF No. 279.) On September 24, 2012, Starwood filed the instant motion to dismiss Ameranth's complaint, including claims of direct infringement, induced infringement, contributory infringement, and willful infringement, for failure to meet the pleading requirements of Rule 8. (ECF No. 16-1.)

## II.   The Asserted Patents[2]

The '850 and '325 Patents cover an information management and synchronous communications system and method for generating computerized menus for use on specialized displays. The invention allows for the more efficient use of handheld wireless devices in the restaurant and hospitality fields by creating an integrated solution that formats data for smaller displays and allows for synchronization of data.

The '077 Patent also covers an information management and synchronous communications system and method for generating computerized menus for use on specialized displays, but with the added ability to manually modify the entries with handwriting or voice. Generally, the '077 Patent expands upon the prior two patents and also covers the incorporation of a manual interface to allow consumers to manually input a selection.

---

[1] The factual background is based on the factual allegations as set forth in Ameranth's Complaint, except where otherwise noted. (*See generally* Complaint, ECF No. 1.)

[2] This section is based on the published Patents. (*See generally* ECF No. 1-1.)

As stated in the complaint, the Asserted Patents are directed to:

> [the] generation and synchronization of menus, including but not limited to restaurant menus, event tickets, and other products across fixed, wireless and/or internet platforms as well as synchronization of hospitality information and hospitality software applications across fixed, wireless and internet platforms, including but not limited to, computer servers, web servers, databases, affinity/social networking systems, desktop computers, laptops, "smart" phones and other wireless handheld computing devices.[3]

*A. The '850 Patent — Information Management and Synchronous Communications System with Menu Generation*

The '850 Patent covers an information management and synchronous communications system and method for generating computerized menus for use on specialized displays. The invention allows for the more efficient use of handheld wireless devices in the restaurant and hospitality fields by creating an integrated solution that formats data for smaller displays and allows for synchronization of data.

*B. The '325 Patent — Information Management and Synchronous Communications System with Menu Generation*

The '325 Patent also covers an information management and synchronous communications system and method for generating computerized menus for use on specialized displays. The asserted claims of both the '325 and '850 Patents share the following elements: (1) a central database containing hospitality applications and data; (2) at least one wireless handheld computing device on which hospitality applications and data are stored; (3) at least one Web server on which hospitality applications and data are stored; (4) at least one Web page on which hospitality application and data are stored; (5) an application program interface; and (6) a communications control module.

*C. The '077 Patent — Information Management and Synchronous Communications System with Menu Generation, and Handwriting and Voice Modification of Orders*

The '077 Patent also covers an information management and synchronous communications system and method for generating computerized menus for use on

---

[3]ECF No. 1 at 3.

specialized displays, but with the added ability to manually modify the entries with handwriting or voice. Generally, the '077 Patent expands upon the prior two patents and also covers the incorporation of a manual interface to allow consumers to manually input a selection.

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that a complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. These motions provide a basis by which a party may challenge the sufficiency of a claim, including counterclaims such as those presently at issue. In *Twombly*, the Court held that an adequate complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (internal citation omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). To accomplish this goal, a pleader must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In alleging sufficient facts to state a claim upon which relief can be granted and survive a motion to dismiss, *Twombly* and *Iqbal* do not require a pleader show a claim is probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 679 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

## ANALYSIS

Starwood moves to dismiss Ameranth's complaint in its entirety for: (1) failure to sufficiently allege acts of direct infringement by Starwood; (2) failure to sufficiently establish scienter and underlying acts of direct infringement by third parties; and (3) failure to plausibly plead willfulness based on any pre-filing conduct. (ECF No. 16-1 at 5.) The Court addresses each argument in turn.

### I.   Direct Infringement Claims

Starwood contends that Ameranth does not, and cannot, plausibly plead direct infringement because Ameranth's theory of direct infringement requires components in the possession or control of third parties. (ECF No. 16-1 at 10-14.) Specifically, Starwood contends that Ameranth's theory of direct infringement requires "the use of applications and wireless handheld computing devices provided by third parties," and thus Ameranth cannot allege that Starwood or a single entity uses the entire system. (ECF No. 16-1 at 14.)

In *Centillion*, the Federal Circuit held that, to "use" a patented system as required under 271(a) for purposes of direct infringement, a party must put the invention into service. *Centillion Data Sys. LLC v. Qwest Commc'ns Int'l*, 631 F.3d 1279, 1284 (Fed. Cir. 2011.) In other words, the direct infringer "must put the invention into service, i.e., control the system as a whole and obtain benefit from it." *Id.* (citing *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1317 (Fed. Cir. 2005)). The accused system in *Centillion* incorporated a "front-end" system

1  maintained by consumers on their personal computers that would allow the
2  consumers to access data processed by a "back-end" system maintained by the
3  service provider. *Centillion Data Sys.*, 631 F.3d 1279 at 1281.  The patent-in-suit
4  included an element requiring "personal computer data processing means adapted to
5  perform additional processing." *Id.*  The Federal Circuit held that the consumers,
6  rather than the service provider, were the "users" of the patented invention because
7  they invoked the back end processing services and also performed the additional
8  front end processing on an adopted device. *Id.* at 1285.  In contrast, the service
9  provider did not use the system because it only provided the software for customers
10 to install and never put into service the personal computer data processing means.
11 *Id.* at 1286.

12      Here, Ameranth contends that it has sufficiently plead that Starwood uses the
13 claimed invention by placing the system as a whole into service by generating menus
14 to wireless handheld computing devices and synchronizing data and applications
15 with such devices.  (ECF No. 20 at 8-10.)  The Court agrees with this argument, and
16 notes that "a user does not necessarily need to 'have physical control over' all
17 elements of a system in order to 'use' a system." *Techn. Patents LLC v. T-Mobile*
18 *(UK) Ltd.*, 700 F.3d 482, 501 (Fed. Cir. 2012) (citing *Centillion*, 631 F.3d at 1284).
19 The fact that the wireless handheld computing devices at issue here may be used and
20 provided by Starwood's customers rather than by Starwood itself is not sufficient to
21 preclude "use" of the accused system as a whole by Starwood.  Accordingly, the
22 Court **DENIES** Starwood's motion on this basis.  At this stage of litigation, further
23 factual discovery is required to determine the scope and use of the accused system to
24 determine whether Starwood's customers, rather than Starwood itself, "control the
25 system as a whole and obtain benefit from it."

26      Further, the Court notes that Ameranth has sufficiently pleaded its direct
27 infringement claims by satisfying the specificity requirements of Form 18 in the
28 Appendix of Forms to the Federal Rules of Civil Procedure.  (ECF No. 20 at 6.)

Form 18 requires that a complaint for direct infringement contain: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that the defendant has been infringing the patent by making, selling, and using the device embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007).

The Federal Circuit has recently addressed the plausibility requirements for complaints that allege patent infringement. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323 (Fed. Cir. 2012). Considering Form 18, the court held that "whether [a plaintiff's] complaints adequately plead direct infringement is to be measured by the specificity required by Form 18," rather than the more stringent standards of *Twombly* and *Iqbal*. *Id.* at 1334. The court further addressed the issue in *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, stating that "to the extent any conflict exists between *Twombly* (and its progeny) and the Forms regarding pleadings requirements, the Forms control." 714 F.3d 1277, 1283 (Fed. Cir. 2013).

Here, Ameranth's complaint satisfies Form 18. Ameranth has adequately alleged jurisdiction and ownership of the Asserted Patents. (ECF No. 1 ¶¶ 3-7, 61, 31, 45.) Ameranth further alleges that Starwood has directly infringed the Asserted Patents and had notice of the infringement. (ECF No. 1 ¶¶ 17-27, 32-41, 46-55.) Finally, Ameranth's complaint contains a demand for an injunction and damages. (ECF No. 1 at 14.) Accordingly, the Court finds that Ameranth's complaint contains sufficient allegations to satisfy Form 18, and that Ameranth's direct infringement claims therefore survive Starwood's motion to dismiss.

///

///

///

**II.    Indirect Infringement Claims**

Starwood moves to dismiss Ameranth's induced infringement and contributory infringement claims for: (1) failure to identify an underlying act of direct infringement; and (2) failure to sufficiently plead that Starwood had knowledge of the Asserted Patents. Starwood further contends that Ameranth has failed to plausibly plead intent to induce infringement. The Court addresses each argument in turn.

### A. *Underlying Act of Direct Infringement*

"Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement . . . ." *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993). Accordingly, Ameranth's complaint must plausibly allege that the Asserted Patents were directly infringed to survive Starwood's motion to dismiss. However, "a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading*, 681 F.3d 1323, 1339 (2012).

Here, Ameranth alleges in pertinent part:

> [T]he Starwood Reservation System, as deployed and/or used at or from one or more locations by Starwood, its agents, distributors, partners, affiliates, licensees, and/or their customers, infringes one or more valid and enforceable claims of the '850 patent . . . .[4]

> [T]he Starwood Reservation System, as deployed and/or used at or from one or more locations by Starwood, its agents, distributors, partners, affiliates, licensees, and/or their customers, infringes one or more valid and enforceable claims of the '325 patent . . . .[5]

> [C]ustomers of Starwood, including consumers and hotel/restaurant operators, use the Starwood Reservation System in a manner that infringes upon one or more valid and enforceable claims of the '325 patent.[6]

> Defendant actively induces others to infringe the '325 patent in violation of 35 U.S.C. § 271(b) by knowingly encouraging, aiding and abetting customers of Starwood, including consumers and hotel/restaurant operators, to use the infringing Starwood Reservation

---

[4]ECF No. 1 ¶ 18.

[5]ECF No. 1 ¶ 33.

[6]ECF No. 1 ¶ 35

> System in the United States without authority or license from Ameranth.[7]
>
> [T]he Starwood Reservation System, as deployed and/or used at or from one or more locations by Starwood, its agents, distributors, partners, affiliates, licensees, and/or their customers, infringes one or more valid and enforceable claims of the '077 patent . . .[8]
>
> [C]ustomers of Starwood, including consumers and hotel/restaurant operators, use the Starwood Reservation System in a manner that infringes upon one or more valid and enforceable claims of the '077 patent.[9]
>
> Defendant actively induces others to infringe the '077 patent in violation of 35 U.S.C. § 271(b) by knowingly encouraging, aiding and abetting customers of Starwood, including consumers and hotel/restaurant operators, to use the infringing Starwood Reservation System in the United States without authority or license from Ameranth.[10]

Considered as a whole, the Court finds that Ameranth's allegations are sufficient to allow an inference that at least one direct infringer exists. Here, Ameranth generically identifies direct infringers as "customers," including "consumers and restaurant operators." At the pleading stage, this is sufficient to identify an underlying act of direct infringement to maintain Ameranth's indirect infringement claims.[11] Accordingly, the Court **DENIES** Starwood's motion to dismiss Ameranth's indirect infringement claims on this basis.

---

[7] ECF No. 1 ¶ 36.

[8] ECF No. 1 ¶ 47.

[9] ECF No. 1 ¶ 49.

[10] ECF No. 1 ¶ 50.

[11] As discussed above, the sufficiency of a complaint alleging direct infringement is governed by Form 18, which, besides allegations of jurisdiction, notice, and damages, requires only a statement that the plaintiff owns the patent and that the alleged infringer has been infringing the patent by making, selling, and using the device embodying the patent. *In re Bill of Lading*, 681 F.3d at 1333-34. Although Form 18 does not apply to indirect infringement claims, the Court is unconvinced that a stricter standard should apply when a plaintiff is alleging an underlying act of direct infringement in support of an indirect infringement claim rather than alleging a direct infringement claim. The Court further notes that "Form 18 and the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met" and that "a plaintiff need not even identify which claims it asserts are being infringed." *Id.* at 1335.

### B.     *Knowledge of the Patents*

Starwood further contends that Ameranth's indirect infringement claims must fail because Ameranth has failed to sufficiently plead that Starwood had knowledge of the Asserted Patents. (ECF No. 16-1 at 16-17.) For an induced infringement claim, "the patentee must show . . . that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Kyocera Wireless Corp. v. ITC*, 545 F.3d 1340, 1353–54 (Fed. Cir. 2008) (internal citations and quotations omitted). "[T]he specific intent necessary to induce infringement requires more than just intent to cause the acts that produce direct infringement. Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement." *Id.* at 1354. Similarly, for a contributory infringement claim, the patentee must show that the alleged infringer knows that the component is "especially made or especially adapted for use in an infringement of [the] patent." 35 U.S.C. § 271(c); *see also i4i P'ship v. Microsoft Corp.*, 598 F.3d 831, 850-51 (Fed. Cir. 2010).

Here, Ameranth contends that it has sufficiently plead Starwood's knowledge of the Asserted Patents by pleading the wide-spread awareness of Ameranth's technology in the hospitality sector. (ECF No. 20 at 17-19.) However, the majority of Ameranth's allegations relate only to public knowledge of Ameranth and its technology, and say nothing about whether Starwood knew of Ameranth and the Asserted Patents. The only specific allegation in Ameranth's complaint as to Starwood's knowledge of the Asserted Patents is the statement that "Starwood has had knowledge of [the Asserted Patents]." (ECF No. 1 ¶¶ 22, 26, 40, 54.)

The Court finds that Ameranth has failed to plausibly plead that Starwood had knowledge of the Asserted Patents. A conclusory allegation that Starwood had actual knowledge of the patents at issue is insufficient to set out a plausible claim for indirect infringement. Although Ameranth cites to the factors used by the court in *Trading Technologies International, Inc. v. BCG Partners, Inc.*, the complaint in

that case included an allegation that the patentee had marked its product with the asserted patent's number. No. 10-cv-715, 2011 WL 3946581, at *3-4 (N.D. Ill. Sept. 2, 2011). That court was thus able to infer that the defendants, as competitors with the patentee, would be aware of any patents issued to the patentee. Such a finding does not apply here, and the Court is unconvinced that allegations of some public knowledge of Ameranth's patents is sufficient to support an inference that Starwood also had knowledge of the Asserted Patents.

Further, to the extent that Ameranth contends that Starwood had knowledge of the Asserted Patents as of the filing of the complaints, such allegations are insufficient to support Ameranth's indirect infringement claims unless Ameranth limits its claims to post-litigation conduct. Otherwise, Starwood could be held liable for acts inducing infringement or contributing to infringement prior to having any knowledge of the Asserted Patents. *Proxyconn Inc. v. Microsoft Corp., C.A.*, No. 11–1681–DOC, 2012 WL 1835680, at *7 (C.D. Cal. May 16, 2012). Accordingly, the Court **GRANTS** Starwood's motion to dismiss Ameranth's indirect infringement claims on this basis.

C.  *Induced Infringement Claim*

Starwood further contends that Ameranth has failed to plausibly allege the requisite intent for its induced infringement claims. (ECF No. 16-1 at 17.) Under § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "To prevail on inducement, the patentee must show, first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Kyocera*, 545 F.3d at 1353-54 (internal citations and quotations omitted). "[T]he specific intent necessary to induce infringement requires more than just intent to cause the acts that produce direct infringement. Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement." *Id.* at 1354.

Here, Ameranth alleges in pertinent part:

Starwood provides instruction and direction regarding the use of the Starwood Reservation System, and advertises, promotes, and encourages the use of the Starwood Reservation System.[12]

Additionally, Starwood intended that its actions would induce direct infringement by those users.[13]

The Court finds that Ameranth has failed to plausibly allege intent to induce infringement. Although Ameranth' cites to *In re Bill of Lading* for the proposition that a plaintiff need only state facts allowing for the inference of intent to induce infringement, Ameranth has not stated any such facts here. (ECF No. 20 at 19-20.) The complaints discussed in *In re Bill of Lading* contained "detailed factual allegations," "quotations from [defendants'] websites, advertising, and industry publications," and "allegations about [defendants'] strategic partnerships with other companies, their advertising, and their involvement at trade shows." 681 F.3d at 1330. Ameranth's generic allegations that "Starwood provides instruction and direction regarding the use of the Starwood Reservation System, and advertises, promotes, and encourages the use of the Starwood Reservation System" are insufficient to support such an inference of intent. (ECF No. 1 ¶¶ 20, 24, 35, 38, 49, 52.) Accordingly, the Court **GRANTS** Starwood's motion to dismiss Ameranth's induced infringement claims on this basis.

### III.   Willfulness

"[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007). Although a patentee need only "make out the barest factual assertion of knowledge of an issued patent," a "bare recitation of the required legal elements for willful infringement" is insufficient.

---

[12] ECF No. 1 ¶¶ 20, 24, 35, 38, 49, 52.

[13] ECF No. 1 ¶¶ 22,

*IpVenture, Inc. v. Cellco P'ship.*, No. C 10-04755-JSW, 2011 WL 207978, at *2 (N.D. Cal. Jan. 21, 2011); *see also Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, No. 11-cv-4049-JW, 2012 WL 1030031, at *3-4 (N.D. Cal. Mar. 22, 2012).

Starwood contends that Ameranth has failed to plausibly plead willfulness based on any pre-filing conduct. (ECF No. 16-1 at 18-19.) The Court agrees. As noted above, Ameranth's only allegation as to Starwood's knowledge of the Asserted Patents in Ameranth's complaints is the statement that "Starwood has had knowledge of [the Asserted Patents]." (ECF No. 1 ¶¶ 22, 26, 40, 54.) Ameranth's allegations regarding the allegedly wide-spread public knowledge of its technology is insufficient to support an inference that Starwood had any knowledge of the Asserted Patents. Accordingly, the Court finds that Ameranth has failed to allege any facts suggesting that Starwood had knowledge of the Asserted Patents prior to the filing of the complaints and **GRANTS** Starwood's motion to dismiss Ameranth's claims for willful infringement.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Starwood's motion to dismiss. The Court **GRANTS** Starwood's motion **WITHOUT PREJUDICE** as to Ameranth's indirect infringement and willful infringement claims. The Court **DENIES** Starwood's motion as to Ameranth's direct infringement claims.

**IT IS SO ORDERED**.

DATED: July 9, 2013

Honorable Janis L. Sammartino
United States District Judge