UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC.,<br><br>      Plaintiff,<br><br> vs.<br><br>USABLENET, INC.,<br><br>      Defendant.<br>_____<br>AND RELATED CASES | CASE NOS.<br>11-CV-1810 JLS (NLS),<br>12-CV-1650 JLS (NLS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>(ECF No. 10) |

  Presently before the Court is Defendant Usablenet, Inc.'s ("Usablenet") motion to dismiss Plaintiff Ameranth, Inc.'s ("Ameranth") complaint. (ECF No. 10.) Also before the Court are Ameranth's response in opposition, (Resp. in Opp., 11-cv-1810 ECF No. 280), and Usablenet's reply in support, (Reply in Supp., 11-cv-1810 ECF No. 286). The hearing set for the motion on November 8, 2012, was vacated, and the matter taken under submission on the papers. Having considered the parties' arguments and the law, the Court **GRANTS** Usablenet's motion to dismiss.

# BACKGROUND[1]

## I. Procedural History

This action is part of a consolidated action for patent infringement by Plaintiff Ameranth, Inc. ("Ameranth") against various Defendants in thirty-one related cases. In the present case, Ameranth has asserted inducement of infringement and contributory infringement claims against Usablenet of three patents: U.S. Patent Nos. 6,384,850 (the '850 patent), 6,871,325 (the '325 patent) and 8,146,077 (the '077 patent, and collectively, the "Asserted Patents"). (ECF No. 1.)  On October 4, 2012, the Court consolidated the instant action and all related actions with the lead case, *Ameranth v. Pizza Hut, Inc. et al*, Case No. 11-CV-1810 ("lead case" or "1810"), for pretrial purposes up to and including claim construction. (1810, ECF No. 279.)  On September 10, 2012, Usablenet filed the instant motion to dismiss Ameranth's complaint, including claims of induced infringement, contributory infringement, and willful infringement, for failure to meet the pleading requirements of Rule 8. (ECF No. 10.)

## II. The Asserted Patents[2]

The '850 and '325 Patents cover an information management and synchronous communications system and method for generating computerized menus for use on specialized displays. The invention allows for the more efficient use of handheld wireless devices in the restaurant and hospitality fields by creating an integrated solution that formats data for smaller displays and allows for synchronization of data.

The '077 Patent also covers an information management and synchronous communications system and method for generating computerized menus for use on specialized displays, but with the added ability to manually modify the entries with

---

[1] The factual background is based on the factual allegations as set forth in Ameranth's Complaint, except where otherwise noted. (*See generally* Complaint, ECF No. 1.)

[2] This section is based on the published Patents. (*See generally* ECF No. 1-1.)

handwriting or voice. Generally, the '077 Patent expands upon the prior two patents and also covers the incorporation of a manual interface to allow consumers to manually input a selection.

As stated in the complaint, the Asserted Patents are directed to:

> [the] generation and synchronization of menus, including but not limited to restaurant menus, event tickets, and other products across fixed, wireless and/or internet platforms as well as synchronization of hospitality information and hospitality software applications across fixed, wireless and internet platforms, including but not limited to, computer servers, web servers, databases, affinity/social networking systems, desktop computers, laptops, "smart" phones and other wireless handheld computing devices.[3]

*A. The '850 Patent — Information Management and Synchronous Communications System with Menu Generation*

The '850 Patent covers an information management and synchronous communications system and method for generating computerized menus for use on specialized displays. The invention allows for the more efficient use of handheld wireless devices in the restaurant and hospitality fields by creating an integrated solution that formats data for smaller displays and allows for synchronization of data.

*B. The '325 Patent — Information Management and Synchronous Communications System with Menu Generation*

The '325 Patent also covers an information management and synchronous communications system and method for generating computerized menus for use on specialized displays. The asserted claims of both the '325 and '850 Patents share the following elements: (1) a central database containing hospitality applications and data; (2) at least one wireless handheld computing device on which hospitality applications and data are stored; (3) at least one Web server on which hospitality applications and data are stored; (4) at least one Web page on which hospitality application and data are stored; (5) an application program interface; and (6) a

---
[3] ECF No. 1 at 3.

communications control module.

## C. The '077 Patent — Information Management and Synchronous Communications System with Menu Generation, and Handwriting and Voice Modification of Orders

The '077 Patent also covers an information management and synchronous communications system and method for generating computerized menus for use on specialized displays, but with the added ability to manually modify the entries with handwriting or voice. Generally, the '077 Patent expands upon the prior two patents and also covers the incorporation of a manual interface to allow consumers to manually input a selection.

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that a complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. These motions provide a basis by which a party may challenge the sufficiency of a claim, including counterclaims such as those presently at issue. In *Twombly*, the Court held that an adequate complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). To accomplish this goal, a pleader must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In alleging sufficient facts to state a claim upon which relief can be granted and survive a motion to dismiss, *Twombly* and *Iqbal* do not require a pleader show a claim is probable, but there must be "more than a sheer possibility that a defendant

has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 679 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

## ANALYSIS

**I.     Indirect Infringement Claims**

Usablenet moves to dismiss Ameranth's induced infringement and contributory infringement claims for: (1) failure to identify an underlying act of direct infringement; and (2) failure to sufficiently plead that Usablenet had knowledge of the Asserted Patents. Usablenet further contends that Ameranth has failed to plausibly plead intent to induce infringement. The Court addresses each argument in turn.

*A.     Underlying Act of Direct Infringement*

"Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement . . . ." *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993). Accordingly, Ameranth's complaint must plausibly allege that the Asserted Patents were directly infringed to

survive Usablenet's motion to dismiss. However, "a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading*, 681 F.3d 1323, 1339 (2012).

Here, Ameranth alleges in pertinent part:

> [S]ystems including one or more of the Usablenet Products, as deployed and/or used at or from one or more locations by Usablenet, its agents, distributors, partners, affiliates, licensees, and/or their customers, infringes one or more valid and enforceable claims of the '850 patent . . . .[4]
>
> [S]ystems including one or more of the Usablenet Products, as deployed and/or used at or from one or more locations by Usablenet, its agents, distributors, partners, affiliates, licensees, and/or their customers, infringes one or more valid and enforceable claims of the '325 patent . . . .[5]
>
> Defendant actively induces others to infringe the '325 patent in violation of 35 U.S.C. § 271(b) by knowingly encouraging, aiding and abetting customers of Usablenet, including consumers and hotel/restaurant operators, to use the infringing Usablenet Products in the United States without authority or license from Ameranth.[6]
>
> [S]ystems including one or more of the Usablenet Products, as deployed and/or used at or from one or more locations by Usablenet, its agents, distributors, partners, affiliates, licensees, and/or their customers, infringes one or more valid and enforceable claims of the '077 patent . . .[7]
>
> Defendant actively induces others to infringe the '077 patent in violation of 35 U.S.C. § 271(b) by knowingly encouraging, aiding and abetting customers of Usablenet, including consumers and hotel/restaurant operators, to use the infringing Usablenet Products in the United States without authority or license from Ameranth.[8]
>
> [C]ustomers of Usablenet, including consumers and restaurant operators, use the Usablenet Products . . . .[9]

Considered as a whole, the Court finds that Ameranth's allegations are

---

[4] ECF No. 1 ¶ 18.

[5] ECF No. 1 ¶ 30.

[6] ECF No. 1 ¶ 32.

[7] ECF No. 1 ¶ 42.

[8] ECF No. 1 ¶ 44.

[9] ECF No. 1 ¶¶ 19, 31, 43.

sufficient to allow an inference that at least one direct infringer exists. Here, Ameranth generically identifies direct infringers as "customers," including "consumers and restaurant operators." At the pleading stage, this is sufficient to identify an underlying act of direct infringement to maintain Ameranth's indirect infringement claims.[10] Accordingly, the Court **DENIES** Usablenet's motion to dismiss Ameranth's indirect infringement claims on this basis.

### B. *Knowledge of the Patents*

Usablenet further contends that Ameranth's indirect infringement claims must fail because Ameranth has failed to sufficiently plead that Usablenet had knowledge of the Asserted Patents. For an induced infringement claim, "the patentee must show . . . that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Kyocera Wireless Corp. v. ITC*, 545 F.3d 1340, 1353–54 (Fed. Cir. 2008) (internal citations and quotations omitted). "[T]he specific intent necessary to induce infringement requires more than just intent to cause the acts that produce direct infringement. Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement." *Id.* at 1354. Similarly, for a contributory infringement claim, the patentee must show that the alleged infringer knows that the component is "especially made or especially adapted for use in an infringement of [the] patent." 35 U.S.C. § 271(c); *see also i4i P'ship v. Microsoft Corp.*, 598 F.3d 831, 850-51 (Fed. Cir. 2010).

---

[10]The Court notes that the sufficiency of a complaint alleging direct infringement is governed by Form 18, which, besides allegations of jurisdiction, notice, and damages, requires only a statement that the plaintiff owns the patent and that the alleged infringer has been infringing the patent by making, selling, and using the device embodying the patent. *In re Bill of Lading,* 681 F.3d at 1333-34. Although Form 18 does not apply to indirect infringement claims, the Court is unconvinced that a stricter standard should apply when a plaintiff is alleging an underlying act of direct infringement in support of an indirect infringement claim rather than alleging a direct infringement claim. As to Usablenet's contentions that Ameranth has failed to identify the infringing product and infringed claims, the Court notes that "Form 18 and the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met" and that "a plaintiff need not even identify which claims it asserts are being infringed." *Id.* at 1335.

Here, Ameranth contends that it has sufficiently plead Usablenet's knowledge of the Asserted Patents by pleading the wide-spread awareness of Ameranth's technology in the hospitality sector.  (ECF No. 280 at 11.)  However, the majority of Ameranth's allegations relate only to public knowledge of Ameranth and its technology, and say nothing about whether Usablenet knew of Ameranth and the Asserted Patents.  The only specific allegation in Ameranth's complaint as to Usablenet's knowledge of the Asserted Patents is the statement that "Usablenet has had knowledge of [the Asserted Patents]."  (ECF No. 1 ¶¶ 23, 35, 47.)

The Court finds that Ameranth has failed to plausibly plead that Usablenet had knowledge of the Asserted Patents.  A conclusory allegation that Usablenet had actual knowledge of the patents at issue is insufficient to set out a plausible claim for indirect infringement.  Although Ameranth cites to the factors used by the court in *Trading Technologies International, Inc. v. BCG Partners, Inc.*, the complaint in that case included an allegation that the patentee had marked its product with the asserted patent's number.  No. 10-cv-715, 2011 WL 3946581, at *3-4 (N.D. Ill. Sept. 2, 2011).  That court was thus able to infer that the defendants, as competitors with the patentee, would be aware of any patents issued to the patentee.  Such a finding does not apply here, and the Court is unconvinced that allegations of some public knowledge of Ameranth's patents is sufficient to support an inference that Usablenet also had knowledge of the Asserted Patents.

Further, to the extent that Ameranth contends that Usablenet had knowledge of the Asserted Patents as of the filing of the complaints, such allegations are insufficient to support Ameranth's indirect infringement claims unless Ameranth limits its claims to post-litigation conduct.  Otherwise, Usablenet could be held liable for acts inducing infringement or contributing to infringement prior to having any knowledge of the Asserted Patents.  *Proxyconn Inc. v. Microsoft Corp., C.A.*, No. 11–1681–DOC, 2012 WL 1835680, at *7 (C.D. Cal. May 16, 2012).  Accordingly, the Court **GRANTS** Usablenet's motion to dismiss Ameranth's

indirect infringement claims on this basis.

## C.     *Induced Infringement Claim*

Usablenet further contends that Ameranth has failed to plausibly allege the requisite intent for its induced infringement claims. (ECF No. 10-1 at 18.) Under § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "To prevail on inducement, the patentee must show, first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Kyocera*, 545 F.3d at 1353-54 (internal citations and quotations omitted). "[T]he specific intent necessary to induce infringement requires more than just intent to cause the acts that produce direct infringement. Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement." *Id.* at 1354.

The Court finds that Ameranth has failed to plausibly allege intent to induce infringement. The only allegation in Ameranth's complaint as to Usablenet's intent is the conclusory assertion that "Usablenet intended that its actions would induce infringement by those users." (ECF No. 1 ¶ 20.) Although Ameranth' cites to *In re Bill of Lading* for the proposition that a plaintiff need only state facts allowing for the inference of intent to induce infringement, Ameranth has not stated any such facts here. The complaints discussed in *In re Bill of Lading* contained "detailed factual allegations," "quotations from [defendants'] websites, advertising, and industry publications," and "allegations about [defendants'] strategic partnerships with other companies, their advertising, and their involvement at trade shows." 681 F.3d at 1330. Ameranth's generic allegations that "Usablenet provides instruction and direction regarding the use of Usablenet Products, and advertises, promotes, and encourages the use of the Usablenet Products" are insufficient to support such an inference of intent. (ECF No. 1 ¶¶ 22, 34, 46.) Accordingly, the Court **GRANTS** Usablenet's motion to dismiss Ameranth's induced infringement claims on this

basis.

## II. Willfulness

"[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007). Although a patentee need only "make out the barest factual assertion of knowledge of an issued patent," a "bare recitation of the required legal elements for willful infringement" is insufficient. *IpVenture, Inc. v. Cellco P'ship.*, No. C 10-04755-JSW, 2011 WL 207978, at *2 (N.D. Cal. Jan. 21, 2011); *see also Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, No. 11-cv-4049-JW, 2012 WL 1030031, at *3-4 (N.D. Cal. Mar. 22, 2012).

Usablenet contends that Ameranth has failed to plausibly plead willfulness based on any pre-filing conduct. (ECF No. 10-1 at 24-27.) The Court agrees. As noted above, Ameranth's only allegation as to Usablenet's knowledge of the Asserted Patents in Ameranth's complaints is the statement that "Usablenet has had knowledge of [the Asserted Patents]." (ECF No. 1 ¶¶ 23, 35, 47.) Ameranth's allegations regarding the allegedly wide-spread public knowledge of its technology is insufficient to support an inference that Usablenet had any knowledge of the Asserted Patents. Accordingly, the Court finds that Ameranth has failed to allege any facts suggesting that Usablenet had knowledge of the Asserted Patents prior to the filing of the complaints and **GRANTS** Usablenet's motion to dismiss Ameranth's claims for willful infringement.

///
///
///
///
///
///
///

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Usablenet's motion to dismiss Ameranth's indirect infringement and willful infringement claims **WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

DATED: July 9, 2013

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge