**CALDARELLI HEJMANOWSKI & PAGE LLP**
William J. Caldarelli (SBN #149573)
Ben West (SBN #251018)
12340 El Camino Real, Suite 430
San Diego, CA 92130
Telephone: (858) 720-8080
Facsimile: (858) 720-6680
wjc@chplawfirm.com
dbw@chplawfirm.com

**FABIANO LAW FIRM, P.C.**
Michael D. Fabiano (SBN #167058)
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (619) 742-9631
mdfabiano@fabianolawfirm.com

**OSBORNE LAW LLC**
John W. Osborne *(Appointed Pro Hac Vice)*
33 Habitat Lane
Cortlandt Manor, NY 10567
Telephone: (914) 714-5936
josborne@osborneipl.com

**WATTS LAW OFFICES**
Ethan M. Watts (SBN #234441)
12340 El Camino Real, Suite 430
San Diego, CA 92130
Telephone: (858) 509-0808
Facsimile: (619) 878-5784
emw@ewattslaw.com

Attorneys for Plaintiff Ameranth, Inc.

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST TICKETMASTER LLC AND LIVE NATION ENTERTAINMENT, INC.**        **3:11-cv-01810-DMS-WVG**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC., | Civil Action No.: 3:11-cv-01810-DMS-WVG |
| Plaintiff, | Consolidated with: |
| v. | 12cv729 DMS-WVG    12cv1640 DMS-WVG<br>12cv731 DMS-WVG    12cv1642 DMS-WVG<br>12cv732 DMS-WVG    12cv1643 DMS-WVG |
| PIZZA HUT, INC., ET AL., | 12cv733 DMS-WVG    12cv1644 DMS-WVG<br>12cv737 DMS-WVG    12cv1646 DMS-WVG |
| Defendants. | 12cv739 DMS-WVG    12cv1648 DMS-WVG<br>12cv742 DMS-WVG    12cv1649 DMS-WVG<br>12cv858 DMS-WVG    12cv1650 DMS-WVG<br>12cv1627 DMS-WVG   12cv1651 DMS-WVG<br>12cv1629 DMS-WVG   12cv1652 DMS-WVG<br>12cv1630 DMS-WVG   12cv1653 DMS-WVG<br>12cv1631 DMS-WVG   12cv1654 DMS-WVG<br>12cv1633 DMS-WVG   12cv1655 DMS-WVG<br>12cv1634 DMS-WVG   12cv1656 DMS-WVG<br>12cv1636 DMS-WVG |
| | **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST TICKETMASTER, LLC AND LIVE NATION ENTERTAINMENT, INC.**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: August 15, 2011 |
| AND RELATED CASES. | |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST TICKETMASTER, LLC AND LIVE NATION ENTERTAINMENT, INC.**      **3:11-cv-01810-DMS-WVG**

1    **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

2           Plaintiff Ameranth, Inc. ("Ameranth"), for its First Amended Complaint

3    against Defendants TicketMaster, LLC and Live Nation Entertainment, Inc.

4    (collectively "TicketMaster"), avers as follows:

5                                    **PARTIES**

6           1.   Plaintiff Ameranth is a Delaware corporation having a principal place

7    of business at 5820 Oberlin Drive, Suite 202, San Diego, California 92121.

8    Ameranth develops, manufactures and sells, *inter alia*, hospitality industry,

9    entertainment, restaurant and food service information technology solutions

10   under the trademarks 21st Century Communications™, and 21st Century

11   Restaurant™, among others, comprising the synchronization and integration of

12   hospitality information and hospitality software applications between fixed,

13   wireless and/or internet applications, including but not limited to computer

14   servers, web servers, databases, affinity/social networking systems, desktop

15   computers, laptops, "smart" phones and other wireless handheld computing

16   devices.

17          2.   Defendant TicketMaster, LLC is, on information and belief, a Virginia

18   limited liability corporation having a principal place of business and

19   headquarters in Beverly Hills, California.    Defendant Live Nation

20   Entertainment, Inc. is, on information and belief, a Delaware corporation having

21   a principal place of business and headquarters in Beverly Hills, California.  On

22   information and belief, TicketMaster makes, uses, offers for sale or license

23   and/or sells or licenses entertainment box office management and

24   ticketing/ticket sales/ticket purchases information-technology products,

25   software, components and/or systems within this Judicial District, including the

26   TicketMaster System as defined herein.

27

28

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT
AGAINST TICKETMASTER, LLC AND LIVE NATION
ENTERTAINMENT, INC.            3:11-cv-01810-DMS-WVG**

## JURISDICTION AND VENUE

3.   This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 271, 281-285.

4.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.   On information and belief, TicketMaster engages in (a) the offer for sale or license and sale or license of hospitality industry, ticketing, reservations, and/or ordering products and/or components in the United States, including this Judicial District, including services, products, software, and  components, comprising wireless and internet POS and/or hospitality aspects; (b) the installation and maintenance of said services, products, software, components and/or systems in hospitality industry, ticketing, reservations, ordering, and/or entertainment information technology systems in the United States, including this Judicial District; and/or (c) the use of hospitality industry, ticketing, reservations, ordering, and/or entertainment information technology systems comprising said services, products, software, components and/or systems in the United States, including this Judicial District.

6.  This Court has personal jurisdiction over TicketMaster because TicketMaster commits acts of patent infringement in this Judicial District including, *inter alia*, making, using, offering for sale or license, and/or selling or licensing infringing services, products, software, components and/or systems in this Judicial District.  Additionally, TicketMaster has already appeared in this action and submitted to the jurisdiction of the Court.   TicketMaster has continued to engage in and perform such acts of infringement since the filing and service of the original complaint in this matter accusing TicketMaster of infringement of the Ameranth patents at issue herein.

2

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST TICKETMASTER, LLC AND LIVE NATION ENTERTAINMENT, INC.           3:11-cv-01810-DMS-WVG**

7.   Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## **BACKGROUND**

8.   Ameranth was established in 1996 to develop and provide its 21st Century Communications™ innovative information technology solutions for the hospitality industry (inclusive of, e.g., restaurants, hotels, casinos, nightclubs, cruise ships and other entertainment and sports venues).  Ameranth has been widely recognized as a technology leader in the provision of wireless and internet-based systems and services to, *inter alia*, restaurants, hotels, casinos, cruise ships and entertainment and sports venues.  Ameranth's award winning inventions enable, in relevant part, generation and synchronization of menus, including but not limited to restaurant menus, event tickets, reservations, and other products across fixed, wireless and/or internet platforms as well as synchronization of hospitality information and hospitality software applications across fixed, wireless and internet platforms, including but not limited to, computer servers, web servers, databases, affinity/social networking systems, desktop computers, laptops, "smart" phones and other wireless handheld computing devices.

9.   Ameranth began development of the inventions leading to the patents in this patent family, including the patents-in-suit, in the late Summer of 1998, at a time when the then-available wireless and internet hospitality offerings were extremely limited in functionality, were not synchronized and did not provide an integrated system-wide solution to the pervasive ordering, reservations, affinity program and information management needs of the hospitality industry. Ameranth uniquely recognized the actual problems that needed to be resolved in order to meet those needs, and thereafter conceived

3

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST TICKETMASTER, LLC AND LIVE NATION ENTERTAINMENT, INC.**            **3:11-cv-01810-DMS-WVG**

1  and developed its breakthrough inventions and products to provide systemic
2  and comprehensive solutions directed to optimally meeting these industry
3  needs.  Ameranth has expended considerable effort and resources in inventing,
4  developing and marketing its inventions and protecting its rights therein.

5      10.  Ameranth's pioneering inventions have been widely adopted and are
6  thus now essential to the modern wireless hospitality enterprise of the 21st
7  Century. Ameranth's solutions have been adopted, licensed and/or deployed by
8  numerous entities across the hospitality industry.

9      11.  The adoption of Ameranth's technology by industry leaders and the
10 wide acclaim received by Ameranth for its technological innovations are just
11 some of the many confirmations of the breakthrough aspects of Ameranth's
12 inventions.  Ameranth has received twelve different technology awards (three
13 with "end customer" partners) and has been widely recognized as a hospitality
14 wireless/internet technology leader by almost all major national and hospitality
15 print publications, *e.g.*, The Wall Street Journal, New York Times, USA Today
16 and many others.  Ameranth was personally nominated by Bill Gates, the
17 Founder of Microsoft, for the prestigious Computerworld Honors Award that
18 Ameranth received in 2001 for its breakthrough synchronized
19 reservations/ticketing system with the Improv Comedy Theatres.   In his
20 nomination, Mr. Gates described Ameranth as "one of the leading pioneers of
21 information technology for the betterment of mankind."  This prestigious award
22 was based on Ameranth's innovative synchronization of wireless/web/fixed
23 hospitality software technology.  Subsequently, the United States Patent and
24 Trademark Office granted Ameranth a number of currently-issued patents, two
25 of which are the basis for this lawsuit.  Ameranth has issued press releases
26 announcing these patent grants on business wires, on its web sites and at

27                                      4

28  **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT
    AGAINST TICKETMASTER, LLC AND LIVE NATION
    ENTERTAINMENT, INC.                    3:11-cv-01810-DMS-WVG**

numerous trade shows since the first of the presently-asserted patents issued in 2002. A number of companies have licensed patents and technology from Ameranth, recognizing and confirming the value of Ameranth's innovations. At all relevant times, Ameranth marked its own products with the numbers of the Ameranth patents then issued, thereby providing companies, competitors and participants in the hospitality industry with notice of Ameranth's patents. Furthermore, companies that license Ameranth's products have marked their products with Ameranth's patent numbers, thereby also providing notice of Ameranth's patents.

## RELATED CASES PREVIOUSLY FILED

12. The Ameranth patents asserted herein, U.S. Patent No. 6,384,850 (the "'850 patent"), U.S. Patent No. 6,871,325 (the "'325 patent"), and U.S. Patent No. 8,146,077 (the "'077 patent"), are all patents in Ameranth's "Information Management and Synchronous Communications" patent family.

13. Ameranth is also currently asserting claims of these same patents in separate lawsuits, against other defendants, that are already pending in this Court. The first-filed lawsuit asserts claims of the '850 and '325 patents and is entitled *Ameranth v. Pizza Hut, Inc. et al.*, Case No. 3:11-cv-01810-DMS-WVG. Lawsuits subsequently filed by Ameranth in this Court, asserting claims of the '077 patent, include Case Nos. 3:12-cv-00729-DMS-WVG; 3:12-cv-00731-DMS-WVG; 3:12-cv-00732-DMS-WVG; 3:12-cv-00733-DMS-WVG; 3:12-cv-00737-DMS-WVG; 3:12-cv-00738-JLS-NLS (settled); 3:12-cv-00739-DMS-WVG and 3:12-cv-00742-DMS-WVG. Other lawsuits filed by Ameranth in this Court asserting claims of the '850, '325, and '077 patents are Case No. 3:12-cv-00858-DMS-WVG; 3:12-cv-1201-JLS-NLS (settled): 3:12-cv-01651-DMS-WVG; 3:12-cv-01629-DMS-WVG; 3:12-cv-01630-DMS-

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST TICKETMASTER, LLC AND LIVE NATION ENTERTAINMENT, INC.          3:11-cv-01810-DMS-WVG**

WVG; 3:12-cv-01631-DMS-WVG; 3:12-cv-01634-DMS-WVG; 3:12-cv-01654-DMS-WVG; 3:12-cv-01636-DMS-WVG; 3:12-cv-01653-DMS-WVG; 3:12-cv-01642-DMS-WVG; 3:12-cv-01643-DMS-WVG; 3:12-cv-01646-DMS-WVG 3:12-cv-01647-JLS-NLS (settled); 3:12-cv-01652-DMS-WVG; 3:12-cv-01649-DMS-WVG; 3:12-cv-01650-DMS-WVG; 3:12-cv-01633-DMS-WVG; 3:12-cv-01627-DMS-WVG; 3:12-cv-01655-DMS-WVG; 3:12-cv-01656-DMS-WVG; 3:12-cv-01659-DMS-WVG (settled); 3:12-cv-01640-DMS-WVG; 3:13-cv-00350-DMS-WVG; 3:13-cv-00352-DMS-WVG; 3:13-cv-00353-DMS-WVG; 3:13-cv-0836-DMS-WVG (settled) and 3:13-cv-01072-DMS-WVG. All of the above still-pending cases have been consolidated for pre-trial through claim construction except for 3:13-cv-00350-DMS-WVG; 3:13-cv-00352-DMS-WVG; 3:13-cv-00353-DMS-WVG; and 3:13-cv-01072-DMS-WVG.

14.   The original complaint in this matter against TicketMaster was filed in this Court on June 29, 2012, and subsequently served upon TicketMaster.  At least since that time, TicketMaster has had direct knowledge of Ameranth's patents and that TicketMaster's online and mobile ticketing system infringes those patents as alleged therein.  Nonetheless, TicketMaster has continued, and is continuing, to make, use, offer for sale or license and/or sell or license infringing systems, products, and/or services in the United States without authority or license from Ameranth and to engage in acts of infringement as set forth herein.

/ / /

/ / /

/ / /

/ / /

/ / /

6

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST TICKETMASTER, LLC AND LIVE NATION ENTERTAINMENT, INC.                    3:11-cv-01810-DMS-WVG**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT I

### Patent Infringement (U.S. Pat. No. 6,384,850)

### (35 U.S.C. § 271)

15. Plaintiff reiterates and incorporates the allegations set forth in paragraphs 1-14 above as if fully set forth herein.

16. On May 7, 2002, United States Patent No. 6,384,850 entitled "Information Management and Synchronous Communications System with Menu Generation" ("the '850 patent") (a true and copy of which is attached hereto as **Exhibit A**) was duly and legally issued by the United States Patent & Trademark Office.

17. Plaintiff Ameranth is the lawful owner by assignment of all right, title and interest in and to the '850 patent.

18. On information and belief, TicketMaster directly infringes and continues to directly infringe one or more valid and enforceable claims of the '850 patent, in violation of 35 U.S.C. § 271(a), by making, using, offering for sale or license and/or selling or licensing infringing systems, products, and/or services in the United States without authority or license from Ameranth, including but not limited to the TicketMaster system/product/service, which includes, inter alia, wireless and internet ticketing integration, online and mobile ticketing/ticket sales/ticket purchases, integration with Apple's Passbook, e-mail and affinity programs and social media applications such as Facebook, Twitter, Groupon, and YouTube, and/or other third-party web-based applications, and other hospitality aspects ("TicketMaster System"). Ameranth previously served TicketMaster with infringement contentions in this action further describing the details of TicketMaster's infringement of Ameranth's patents. Those infringement contentions are attached hereto as **Exhibit D** and incorporated herein by reference.

7

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST TICKETMASTER, LLC AND LIVE NATION ENTERTAINMENT, INC.**                    **3:11-cv-01810-DMS-WVG**

19. On information and belief, the TicketMaster System, as deployed and/or used at or from one or more locations by TicketMaster, its agents, distributors, partners, affiliates, licensees, and/or their customers, infringes one or more valid and enforceable claims of the '850 patent, by, *inter alia*, doing at least one of the following: (a) Generating and transmitting menus in a system including a central processing unit, a data storage device, a computer operating system containing a graphical user interface, one or more displayable main menus, modifier menus, and sub-modifier menus, and application software for generating a second menu and transmitting it to a wireless handheld computing device or a Web page; and/or (b) Enabling ticketing/ticket sales/ticket purchases and other hospitality functions via iPhone, Android, and other internet-enabled wireless handheld computing devices as well as via Web pages, storing hospitality information and data on at least one central database, on at least one wireless handheld computing device, and on at least one Web server and Web page, and synchronizing applications and data, including but not limited to applications and data relating to ordering, between at least one central database, wireless handheld computing devices, and at least one Web server and Web page; utilizing an interface that provides a single point of entry that allows the synchronization of at least one wireless handheld computing device and at least one Web page with at least one central database; allowing information to be entered via Web pages, transmitted over the internet, and automatically communicated to at least one central database and to wireless handheld computing devices; allowing information to be entered via wireless handheld computing devices, transmitted over the internet, and automatically communicated to at least one central database and to Web pages.

/ / /

/ / /                                                                 8

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST TICKETMASTER, LLC AND LIVE NATION ENTERTAINMENT, INC.                    3:11-cv-01810-DMS-WVG**

20.  On information and belief, TicketMaster has indirectly infringed and continues to indirectly infringe one or more valid and enforceable claims of the '850 patent, in violation of 35 U.S.C. § 271(b), by actively, knowingly, and intentionally inducing direct infringement by other persons.

21.  On information and belief, customers of TicketMaster, including consumers, entertainment venue operators, and others, use the TicketMaster System in a manner than infringes Ameranth's patents.  TicketMaster provides instruction and direction regarding the use of the TicketMaster System, and advertises, promotes, and encourages the use of the TicketMaster System in a manner understood and intended by TicketMaster to infringe Ameranth's patents.  TicketMaster provides such instruction, direction and encouragement regarding infringing use of the TicketMaster System on its webpages, in user videos, in offerings in "app stores," in press releases and in statements in industry news articles, as demonstrated in the infringement contentions attached hereto as **Exhibit D** and in the references cited in the appendix thereto.

22.  On information and belief, the TicketMaster System infringes one or more valid and enforceable claims of the '850 patent for the reasons set forth hereinabove.

23.  At least since the filing and service of the original complaint against TicketMaster in this matter, TicketMaster has had knowledge of the '850 patent, and knew or should have known that its continued offering and deployment of the TicketMaster System, and its continued support of consumers, entertainment venue operators, and other users of this system/product/service, would induce direct infringement by those users.  Additionally, TicketMaster intended that its actions would induce direct infringement of Ameranth's patents by those users.

/ / /

9

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST TICKETMASTER, LLC AND LIVE NATION ENTERTAINMENT, INC.          3:11-cv-01810-DMS-WVG**

24.  On information and belief, TicketMaster has indirectly infringed and continues to indirectly infringe one or more valid and enforceable claims of the '850 patent, in violation of 35 U.S.C. § 271(c).

25.  By distributing, selling, offering, offering to sell or license and/or selling or licensing the TicketMaster System, TicketMaster provides non-staple articles of commerce to others, including consumers and entertainment venue operators, for use in infringing systems, products, and/or services. Additionally, TicketMaster provides instruction and direction regarding the use of the TicketMaster System, and advertises, promotes, and encourages the use of the TicketMaster System in a manner understood and intended by TicketMaster to infringe Ameranth's patents, as described above.  Users of the TicketMaster System, including but not limited to consumers and entertainment venue operators, directly infringe one or more valid and enforceable claims of the '850 patent for the reasons set forth hereinabove.

26.  On information and belief, the TicketMaster System infringes one or more valid and enforceable claims of the '850 patent, for the reasons set forth hereinabove.

27.  On information and belief, TicketMaster has had knowledge of the '850 patent at least since the filing and service of the original complaint in this action against TicketMaster, including knowledge that the TicketMaster System, which is a specialized software system and a non-staple article of commerce, has been used as a material part of the claimed invention of the '850 patent, and that there are no substantial non-infringing uses for the TicketMaster System.

/ / /

/ / /

10

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST TICKETMASTER, LLC AND LIVE NATION ENTERTAINMENT, INC.                         3:11-cv-01810-DMS-WVG**

28.  The aforesaid infringing activity of TicketMaster has directly and proximately caused damage to plaintiff Ameranth, including loss of profits from sales or licensing it would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

## COUNT II

### Patent Infringement (U.S. Pat. No. 6,871,325)

### (35 U.S.C. § 271)

29.  Plaintiff reiterates and reincorporates the allegations set forth in paragraphs 1-28 above as if fully set forth herein.

30.  On March 22, 2005, United States Patent No. 6,871,325 entitled "Information Management and Synchronous Communications System with Menu Generation" ("the '325 patent") (a true and correct copy of which is attached hereto as **Exhibit B**) was duly and legally issued by the United States Patent & Trademark Office.

31.  Plaintiff Ameranth is the lawful owner by assignment of all right, title and interest in and to the '325 patent.

32.  On information and belief, TicketMaster directly infringes and continues to directly infringe one or more valid and enforceable claims of the '325 patent, in violation of 35 U.S.C. § 271(a), by making, using, offering for sale or license and/or selling or licensing infringing systems, products, and/or services in the United States without authority or license from Ameranth, including but not limited to the TicketMaster System.  Ameranth has previously served TicketMaster with infringement contentions in this action further describing the details of TicketMaster's infringement of Ameranth's patents.

/ / /

11

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST TICKETMASTER, LLC AND LIVE NATION ENTERTAINMENT, INC.**                    **3:11-cv-01810-DMS-WVG**

1  Those infringement contentions are attached hereto as **Exhibit D** and
2  incorporated herein by reference.

3  　　33.　On information and belief, the TicketMaster System, as
4  deployed and/or used at or from one or more locations by TicketMaster, its
5  agents, distributors, partners, affiliates, licensees, and/or their customers,
6  infringes one or more valid and enforceable claims of the '325 patent, by, *inter*
7  *alia*, doing at least one of the following: (a) Generating and transmitting menus
8  in a system including a central processing unit, a data storage device, a
9  computer operating system containing a graphical user interface, one or more
10 displayable main menus, modifier menus, and sub-modifier menus, and
11 application software for generating a second menu and transmitting it to a
12 wireless handheld computing device or a Web page; and/or (b) Enabling
13 ticketing/ticket sales/ticket purchases and other hospitality functions via iPhone,
14 Android, and other internet-enabled wireless handheld computing devices as
15 well as via Web pages, storing hospitality information and data on at least one
16 central database, on at least one wireless handheld computing device, and on at
17 least one Web server and Web page, and synchronizing applications and data,
18 including but not limited to applications and data relating to orders, between at
19 least one central database, wireless handheld computing devices, and at least
20 one Web server and Web page; and sending alerts, confirmations, and other
21 information regarding orders to various wireless mobile devices.

22 　　34.　On information and belief, TicketMaster has indirectly infringed and
23 continues to indirectly infringe one or more valid and enforceable claims of the
24 '325 patent, in violation of 35 U.S.C. § 271(b), by actively, knowingly, and
25 intentionally inducing direct infringement by other persons.

26 / / /

27 12

28 **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**
**AGAINST TICKETMASTER, LLC AND LIVE NATION**
**ENTERTAINMENT, INC.**　　　　　**3:11-cv-01810-DMS-WVG**

35.  On information and belief, customers of TicketMaster, including consumers, entertainment venue operators, and others, use the TicketMaster System in a manner that infringes upon one or more valid and enforceable claims of the '325 patent.  TicketMaster provides instruction and direction regarding the use of the TicketMaster System and advertises, promotes, and encourages the use of the TicketMaster System in a manner understood and intended by TicketMaster to infringe Ameranth's patents.  TicketMaster provides such instruction, direction and encouragement regarding infringing use of the TicketMaster System on its webpages, in user videos, in offerings in "app stores," in press releases and in statements in industry news articles, as demonstrated in the infringement contentions attached hereto as **Exhibit D** and in the references cited in the appendix thereto.

36.  On information and belief, TicketMaster actively induces others to infringe the '325 patent in violation of 35 U.S.C. §271(b), by knowingly encouraging, aiding and abetting customers of TicketMaster, including consumers, entertainment venue operators, and others, to use the infringing TicketMaster System in the United States without authority or license from Ameranth, with the knowledge that said customers of TicketMaster were directly infringing the '325 patent in a manner understood and intended by TicketMaster to infringe Ameranth's patents, as described above.

37.  On information and belief, TicketMaster contributorily infringes and continues to contributorily infringe one or more valid and enforceable claims of the '325 patent, in violation of 35 U.S.C. § 271(c), by offering to sell and/or selling components of systems on which claims of the '325 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '325 patent.

/ / /

13

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST TICKETMASTER, LLC AND LIVE NATION ENTERTAINMENT, INC.                   3:11-cv-01810-DMS-WVG**

38. By distributing, selling, offering, offering to sell or license and/or selling or licensing the TicketMaster System, TicketMaster provides non-staple articles of commerce to others for use in infringing systems, products, and/or services. Additionally, TicketMaster provides instruction and direction regarding the use of the TicketMaster System and advertises, promotes, and encourages the use of the TicketMaster System in a manner understood and intended by TicketMaster to infringe Ameranth's patents, as described above. Users of the TicketMaster System, including consumers and entertainment venue operators, directly infringe one or more valid and enforceable claims of the '325 patent, for the reasons set forth hereinabove.

39. On information and belief, the TicketMaster System infringes one or more valid and enforceable claims of the '325 patent, for the reasons set forth hereinabove.

40. On information and belief, TicketMaster has had knowledge of the '325 patent at least since the filing and service of the original complaint in this matter upon Defendant, including knowledge that the TicketMaster System, which is a specialized software system and a non-staple articles of commerce, has been used as a material part of the claimed invention of the '325 patent, and that there are no substantial non-infringing uses for the TicketMaster System.

41. The aforesaid infringing activity of TicketMaster has directly and proximately caused damage to plaintiff Ameranth, including loss of profits from sales or licensing it would have made but for the infringements. Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

/ / /

/ / /

/ / /

14

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST TICKETMASTER, LLC AND LIVE NATION ENTERTAINMENT, INC.**                    **3:11-cv-01810-DMS-WVG**

## COUNT III

### Patent Infringement (U.S. Pat. No. 8,146,077)

### (35 U.S.C. § 271)

42. Plaintiff reiterates and incorporates the allegations set forth in paragraphs 1-41 above as if fully set forth herein.

43. On March 27, 2012, United States Patent No. 8,146,077 entitled "Information Management and Synchronous Communications System with Menu Generation, and Handwriting and Voice Modification of Orders" (a true copy of which is attached hereto as **Exhibit C** and incorporated herein by reference) was duly and legally issued by the United States Patent & Trademark Office.

44. Plaintiff Ameranth is the lawful owner by assignment of all right, title and interest in and to the '077 patent.

45. On information and belief, TicketMaster directly infringes and continues to directly infringe one or more valid and enforceable claims of the '077 patent, in violation of 35 U.S.C. § 271(a), by making, using, offering for sale or license and/or selling or licensing infringing systems, products, and/or services in the United States without authority or license from Ameranth, including but not limited to the TicketMaster System.

46. On information and belief, the TicketMaster System, as deployed and/or used at or from one or more locations by TicketMaster, its agents, distributors, partners, affiliates, licensees, and/or their customers, infringes one or more valid and enforceable claims of the '077 patent, by, *inter alia*, doing at least one of the following: (a) Configuring and transmitting menus in a system including a central processing unit, a data storage device, a computer operating system containing a graphical user interface, one or more

15

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST TICKETMASTER, LLC AND LIVE NATION ENTERTAINMENT, INC.           3:11-cv-01810-DMS-WVG**

displayable master menus, menu configuration software enabled to generate a menu configuration for a wireless handheld computing device in conformity with a customized display layout, and enabled for synchronous communications and to format the menu configuration for a customized display layout of at least two different wireless handheld computing device display sizes, and/or (b) Enabling ticketing/ticket sales/ticket purchases and other hospitality functions via iPhone, Android, and other internet-enabled wireless handheld computing devices as well as via Web pages, storing hospitality information and data on at least one database, on at least one wireless handheld computing device, and on at least one Web server and Web page, and synchronizing applications and data, including but not limited to applications and data relating to orders, between at least one database, wireless handheld computing devices, and at least one Web server and Web page; utilizing communications control software enabled to link and synchronize hospitality information between at least one database, wireless handheld computing device, and web page, to display information on web pages and on different wireless handheld computing device display sizes, and to allow information to be entered via Web pages, transmitted over the internet, and automatically communicated to at least one database and to wireless handheld computing devices; allowing information to be entered via wireless handheld computing devices, transmitted over the internet, and automatically communicated to at least one database and to Web pages.

47.   On information and belief, TicketMaster has indirectly infringed and continues to indirectly infringe one or more valid and enforceable claims of the '077 patent, in violation of 35 U.S.C. § 271(b), by actively, knowingly, and intentionally inducing direct infringement by other persons.

/ / /

16

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST TICKETMASTER, LLC AND LIVE NATION ENTERTAINMENT, INC.          3:11-cv-01810-DMS-WVG**

48.   On information and belief, customers of TicketMaster, including consumers, entertainment venue operators, and others, use the TicketMaster System in a manner that infringes upon one or more valid and enforceable claims of the '077 patent.   TicketMaster provides instruction and direction regarding the use of the TicketMaster System and advertises, promotes, and encourages the use of the TicketMaster System in a manner understood and intended by TicketMaster to infringe Ameranth's patents.   TicketMaster provides such instruction, direction and encouragement regarding infringing use of the TicketMaster System on its webpages, in user videos, in offerings in "app stores," in press releases and in statements in industry news articles, as demonstrated in the infringement contentions attached hereto as **Exhibit D** and in the references cited in the appendix thereto**.**.

49.   On information and belief, TicketMaster actively induces others to infringe the '077 patent in violation of 35 U.S.C. §271(b), by knowingly encouraging, aiding and abetting customers of TicketMaster, including consumers, entertainment venue operators, and others, to use the infringing TicketMaster System in the United States without authority or license from Ameranth, with the knowledge that said customers of TicketMaster were directly infringing the '077 patent in a manner understood and intended by TicketMaster to infringe Ameranth's patents.

50.   On information and belief, TicketMaster contributorily infringes and continues to contributorily infringe one or more valid and enforceable claims of the '077 patent, in violation of 35 U.S.C. § 271(c), by offering to sell or license and/or selling or licensing components of systems on which claims of the '077 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '077 patent.

17

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST TICKETMASTER, LLC AND LIVE NATION ENTERTAINMENT, INC.                        3:11-cv-01810-DMS-WVG**

51.  By distributing, selling, offering, offering to sell or license and/or selling or licensing the TicketMaster System, TicketMaster provides non-staple articles of commerce to others for use in infringing systems, products, and/or services.  Additionally, TicketMaster provides instruction and direction regarding the use of the TicketMaster System and advertises, promotes, and encourages the use of the TicketMaster System in a manner understood and intended by TicketMaster to infringe Ameranth's patents, as described above. Users of the TicketMaster System, including but not limited to consumers and entertainment venue operators, directly infringe one or more valid and enforceable claims of the '077 patent, for the reasons set forth hereinabove.

52.  On information and belief, the TicketMaster System infringes one or more valid and enforceable claims of the '077 patent, for the reasons set forth hereinabove.

53.  On information and belief, TicketMaster has had knowledge of the '077 patent at least since the filing and service of the original complaint in this matter upon TicketMaster, including knowledge that the TicketMaster System, which is a specialized software system and a non-staple article of commerce, has been used as a material part of the claimed invention of the '077 patent, and that there are no substantial non-infringing uses for the TicketMaster System.

54.  The aforesaid infringing activity of TicketMaster has directly and proximately caused damage to plaintiff Ameranth, including loss of profits from sales or licensing it would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

/ / /

/ / /

/ / /

18

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST TICKETMASTER, LLC AND LIVE NATION ENTERTAINMENT, INC.**          **3:11-cv-01810-DMS-WVG**

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Ameranth prays for judgment against TicketMaster, as follows:

1.      Adjudging that the manufacture, use, offer for sale or license and/or sale or license of the TicketMaster System infringes valid and enforceable claims of the '850 patent, the '325 patent, the '077 patent, as set forth hereinabove;

2.      Adjudging that TicketMaster has infringed, actively induced others to infringe and/or contributorily infringed valid and enforceable claims of the '850 patent, the '325 patent, the '077 patent, as set forth hereinabove;

3.      Enjoining TicketMaster, and its officers, directors, employees, attorneys, agents, representatives, parents, subsidiaries, affiliates and all other persons acting in concert, participation or privity with TicketMaster, and their successors and assigns, from infringing, contributorily infringing and/or inducing others to infringe the valid and enforceable claims of the '850 patent, the '325 patent, the '077 patent;

4.      Awarding Ameranth the damages it has sustained by reason of TicketMaster's infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

5.      Awarding to Ameranth its costs of suit, and interest as provided by law; and

6.      Awarding to Ameranth such other and further relief that this Court may deem just and proper.

/ / /

/ / /

/ / /

/ / /

19

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST TICKETMASTER, LLC AND LIVE NATION ENTERTAINMENT, INC.          3:11-cv-01810-DMS-WVG**

## <u>DEMAND FOR JURY TRIAL</u>

Ameranth demands trial by jury of its claims set forth herein to the maximum extent permitted by law.

Respectfully submitted,

Dated: August 27, 2013          CALDARELLI HEJMANOWSKI & PAGE LLP


By: */s/ William J. Caldarelli*
    William J. Caldarelli

FABIANO LAW FIRM, P.C.
Michael D. Fabiano

OSBORNE LAW LLC
John W. Osborne

WATTS LAW OFFICES
Ethan M. Watts

**Attorneys for Plaintiff Ameranth, Inc.**

20

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT
AGAINST TICKETMASTER, LLC AND LIVE NATION
ENTERTAINMENT, INC.          3:11-cv-01810-DMS-WVG**