**CALDARELLI HEJMANOWSKI & PAGE LLP**
William J. Caldarelli (SBN #149573)
Ben West (SBN #251018)
12340 El Camino Real, Suite 430
San Diego, CA  92130
Telephone: (858) 720-8080
Facsimile: (858) 720-6680
wjc@chplawfirm.com
dbw@chplawfirm.com

**FABIANO LAW FIRM, P.C.**
Michael D. Fabiano (SBN #167058)
12526 High Bluff Drive, Suite 300
San Diego, CA  92130
Telephone: (619) 742-9631
mdfabiano@fabianolawfirm.com

**OSBORNE LAW LLC**
John W. Osborne *(Appointed Pro Hac Vice)*
33 Habitat Lane
Cortlandt Manor, NY 10567
Telephone: (914) 714-5936
josborne@osborneipl.com

**WATTS LAW OFFICES**
Ethan M. Watts (SBN #234441)
12340 El Camino Real, Suite 430
San Diego, CA  92130
Telephone: (858) 509-0808
Facsimile: (619) 878-5784
emw@ewattslaw.com

Attorneys for Plaintiff Ameranth, Inc.

/ / /

/ / /

/ / /

**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE ISO PLAINTIFF AMERANTH, INC.'S MOTION TO DISMISS DEFENDANTS' INEQUITABLE CONDUCT COUNTERCLAIMS AND AFFIRMATIVE DEFENSES                 CASE NO. 11-cv-01810-DMS-WVG**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC., <br><br> Plaintiff, <br><br> v. <br><br> PIZZA HUT, INC., ET AL., <br><br> Defendants <br><br><br> AND RELATED CASES. | Civil Action No.: 3:11-cv-01810-DMS-WVG <br><br> Consolidated with: <br> 12cv729 DMS-WVG    12cv1640 DMS-WVG <br> 12cv731 DMS-WVG    12cv1642 DMS-WVG <br> 12cv732 DMS-WVG    12cv1643 DMS-WVG <br> 12cv733 DMS-WVG    12cv1644 DMS-WVG <br> 12cv737 DMS-WVG    12cv1646 DMS-WVG <br> 12cv739 DMS-WVG    12cv1648 DMS-WVG <br> 12cv742 DMS-WVG    12cv1649 DMS-WVG <br> 12cv858 DMS-WVG    12cv1650 DMS-WVG <br> 12cv1627 DMS-WVG   12cv1651 DMS-WVG <br> 12cv1629 DMS-WVG   12cv1652 DMS-WVG <br> 12cv1630 DMS-WVG   12cv1653 DMS-WVG <br> 12cv1631 DMS-WVG   12cv1654 DMS-WVG <br> 12cv1633 DMS-WVG   12cv1655 DMS-WVG <br> 12cv1634 DMS-WVG   12cv1656 DMS-WVG <br> 12cv1636 DMS-WVG <br><br> **SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF AMERANTH, INC.'S MOTION TO DISMISS DEFENDANTS' INEQUITABLE CONDUCT COUNTERCLAIMS AND AFFIRMATIVE DEFENSES** |

Plaintiff Ameranth, Inc. ("Ameranth") hereby requests the Court to take judicial notice of: (1) the Information Disclosure Statement ("IDS") filed by Ameranth with the USPTO on October 1, 2010, in connection with Pat. App. 11/112,990; and (2) the USPTO Patent Examiner's acknowledgement and sign-off of the IDS dated December 12, 2011 prior to the issuance of the Notice of Allowance for the '077 Patent.  Judicial notice is requested in connection with Ameranth's various pending motions to dismiss several defendants' inequitable conduct counterclaims and affirmative defenses.

## DISCUSSION

Ameranth previously filed several motions to dismiss various counterclaims and affirmative defenses asserted by defendants Seamless, OpenTable, Domino's, GrubHub, O-Web, Papa John's, Pizza Hut and QuikOrder alleging inequitable conduct in connection with the prosecution of Ameranth's '077 Patent.

Recently, in the parties' Joint Preliminary Report Re Ameranth Patent Litigation submitted to the Court on September 9, 2013 (the "Joint Report"), the defendants represented to the Court that Ameranth purportedly failed to disclose to the USPTO Examiner for the '077 Patent (previously Pat. App. 11/112,990) certain supposed "prior art" references that had been identified by the Examiner for a different Ameranth patent application currently pending before the BPAI at the USPTO (Pat. App. No. 11/190,633)(the "'633 Application"), and the '633 Application Examiner's reasoning.  <u>See</u> Joint Report, at p. 28, ll. 17-21.

Defendants' representation is incorrect, as demonstrated by the IDS filed by Ameranth with the USPTO in connection with prosecution of the '077 Patent (Pat. App. 11/112,990) on October 1, 2010.  <u>See</u> Notice of Lodgment ("NOL"), Exhibit 1.  Ameranth requests the Court to take judicial notice of the IDS, as explained

**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE ISO PLAINTIFF AMERANTH, INC.'S MOTION TO DISMISS DEFENDANTS' INEQUITABLE CONDUCT COUNTERCLAIMS AND AFFIRMATIVE DEFENSES                                          CASE NO. 11-cv-01810-DMS-WVG**

herein, and the USPTO Examiner's subsequent "sign-off" of the items submitted with the IDS (NOL, Exh. 2).

In the Ameranth v. Menusoft trial in the Eastern District of Texas, Case No. 2:07-cv-0271, the defendants included the entire file history for the '633 Application in their trial exhibits. See NOL, Exh. 1 at p. 0012, item 8 ("Certified Copies of File History for U.S. Patent Application 11/190,633"). Along with the October 1, 2010 IDS filed with the USPTO in connection with the prosecution the '077 Patent (Pat. App. 11/112,990), Ameranth submitted the Menusoft defendants' trial exhibit lists-- *the list of exhibits includes the Patent Application file number and file history for the '633 Application*. NOL, Exh. 1 at p. 0012, item 8.

In the IDS, Ameranth specifically noted that all of the items listed "are made of record herein, and the Examiner's attention is directed to each of the items listed on Form PTO/SB/08a." NOL, Exh. 1 at p. 0004. The Examiner was further expressly invited to contact Ameranth's counsel if the Examiner wanted to request any additional materials from the Menusoft lawsuit. NOL, Ex. 1, at p. 0004.

On December 16, 2011, the Examiner for the '077 Patent (Pat. App. 11/112,990), Matthew Brophy, initialed and signed off on the IDS, confirming that he had considered the disclosed items, including the file history for the '633 Application (the '077 Patent issued a few months later, on March 27, 2012). NOL, Ex. 2. Importantly, by December of 2011, when the Examiner for '077 Patent considered and signed off on the IDS, including the '633 Application file disclosed therein and all matters of record on file through that date, the '633 Application file contained all of the supposed "prior art" references and reasoning identified and relied upon by the Examiner for the '633 Application and which form the basis for defendants' inequitable conduct claims in this litigation.

2

**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE ISO PLAINTIFF AMERANTH, INC.'S MOTION TO DISMISS DEFENDANTS' INEQUITABLE CONDUCT COUNTERCLAIMS AND AFFIRMATIVE DEFENSES                    CASE NO. 11-cv-01810-DMS-WVG**

The IDS thus disclosed to the Examiner for the '077 Patent all of the references identified by the Examiner for the '633 Application as well as the '633 Application Examiner's reasoning and determinations. Consequently, all such references were, in fact, disclosed by Ameranth to the USPTO in connection with the prosecution of the '077 Patent, and no counterclaim or affirmative defense for inequitable conduct based on the supposed concealment of such references from the USPTO can survive[1]. Defendants' representations to the contrary are incorrect. See Scripps Clinic & Research Foundation v. Genetech, Inc., 927 F.2d 1565, 1582 (Fed. Cir. 1991) (overruled on other grounds by Abbott Labs. v. Sandoz, Inc., 566 F.3d 1282 (Fed. Cir. 2007))("The Meyer abstract was before the patent examiner who, according to Genentech, discovered it "on his own." When a reference has been considered by the examiner, it is not controlling how it came to the examiner's attention. The complete Meyer paper, and several other references, cited the Meyer abstract. Genentech argues that Scripps should nonetheless have brought the Meyer abstract to the examiner's specific attention, in addition to having listed the complete Meyer paper in Scripps' prior art statement. When a reference was before the examiner, whether through the examiner's search or the applicant's disclosure, it cannot be deemed to have been withheld from the examiner."); Young v. Lumenis, Inc., 492 F.3d 1335, 1349-50 (Fed. Cir. 2007)(no inequitable conduct for failure to disclose material information where such

---

[1] Ameranth has previously explained that it sincerely believes that the references identified by the Examiner for the '633 Application are not relevant or material to the distinct claims of the '077 Patent, including the '077 Examiner's added "but for" limitations, and/or are cumulative to references that were already before the Examiner for the '077 Patent, defeating any allegation of intent to deceive the USPTO. The fact that the file history for the '633 Application was, nonetheless, disclosed to the Examiner for the '077 Patent and signed off by him independently and conclusively defeats any assertion of inequitable conduct or failure to disclose.

3
**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE ISO PLAINTIFF AMERANTH, INC.'S MOTION TO DISMISS DEFENDANTS' INEQUITABLE CONDUCT COUNTERCLAIMS AND AFFIRMATIVE DEFENSES                    CASE NO. 11-cv-01810-DMS-WVG**

information was disclosed to the PTO in time for the examiner to consider it, although only after the issue of disclosure was raised in a parallel district court action).

Despite the disclosure of the '633 Application file by Ameranth to the Examiner of the '077 Patent, the USPTO issued the '077 Patent on March 27, 2012.

Ameranth therefore requests the Court to take judicial notice under Rule 201 of the Federal Rules of Evidence of: (1) the IDS filed by Ameranth with the USPTO on October 1, 2010 disclosing the '633 Application file, inclusive of the references, reasoning and determinations therein; and (2) Examiner Matthew Brophy's acknowledgement and "sign off" of the IDS dated December 12, 2011. True and correct copies of excerpts of the October 1, 2010 IDS reflecting the disclosure of the '633 Application and the December 12, 2011 Examiner "sign-off" of the IDS are attached as Exhibits 1 and 2 to the Notice of Lodgment filed herewith.

Dated: September 13, 2013          CALDARELLI HEJMANOWSKI & PAGE LLP

By: */s/ William J. Caldarelli*
William J. Caldarelli
Ben West

FABIANO LAW FIRM, P.C.
Michael D. Fabiano

OSBORNE LAW LLC
John W. Osborne

WATTS LAW OFFICES
Ethan M. Watts
**Attorneys for Plaintiff Ameranth, Inc.**

4
SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE ISO PLAINTIFF AMERANTH, INC.'S MOTION TO DISMISS DEFENDANTS' INEQUITABLE CONDUCT COUNTERCLAIMS AND AFFIRMATIVE DEFENSES          CASE NO. 11-cv-01810-DMS-WVG