1  Matthew C. Bernstein (SBN 199240)
   MBernstein@perkinscoie.com
2  Yun Louise Lu (SBN 253114)
   LLu@perkinscoie.com
3  Patrick J. McKeever (SBN 268763)
   PMckeever@perkinscoie.com
4  Perkins Coie LLP
   11988 El Camino Real, Suite 200
5  San Diego, CA 92130
   Telephone: (858) 720-5700
6  Facsimile: (858) 720-5799

7  Attorneys for Defendant and Counterclaimant
   STARBUCKS CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: AMERANTH CASES | CASE NOS. |
|---|---|
| | 11CV1810 DMS (WVG)  12CV1643 DMS (WVG) |
| | 12CV0729 DMS (WVG)  12CV1644 DMS (WVG) |
| | 12CV0731 DMS (WVG)  12CV1646 DMS (WVG) |
| | 12CV0732 DMS (WVG)  12CV1648 DMS (WVG) |
| | 12CV0733 DMS (WVG)  12CV1649 DMS (WVG) |
| | 12CV0737 DMS (WVG)  12CV1650 DMS (WVG) |
| | 12CV0739 DMS (WVG)  12CV1651 DMS (WVG) |
| | 12CV0742 DMS (WVG)  12CV1652 DMS (WVG) |
| | 12CV0858 DMS (WVG)  12CV1653 DMS (WVG) |
| | 12CV1627 DMS (WVG)  12CV1654 DMS (WVG) |
| | 12CV1629 DMS (WVG)  12CV1655 DMS (WVG) |
| | 12CV1630 DMS (WVG)  12CV1656 DMS (WVG) |
| | 12CV1631 DMS (WVG)  13CV0350 DMS (WVG) |
| | 12CV1633 DMS (WVG)  13CV0352 DMS (WVG) |
| | 12CV1634 DMS (WVG)  13CV0353 DMS (WVG) |
| | 12CV1636 DMS (WVG)  13CV1072 DMS (WVG) |
| | 12CV1640 DMS (WVG)  13CV1520 DMS (WVG) |
| | 12CV1642 DMS (WVG)  13CV1525 DMS (WVG) |
| | 12CV2350 DMS (WVG)  13CV1840 DMS (WVG) |
| | **DEFENDANT STARBUCKS CORPORATION'S BRIEF ON ISSUES RE DOCKET NOS. 450, 455** |

Case No. 11-cv-1810 DMS (WVG)

Pursuant to the Court's September 13th Order, Defendant Starbucks submits this brief in response to Ameranth's attempt to not serve *any* infringement contentions on Starbucks in the manner required by the Patent Local Rules, and in response to Ameranth trying to force Starbucks to produce its highly confidential source code without Ameranth providing any infringement contentions, and before anything of substance occurs in the case against Starbucks. [Docket Nos. 450 and 455.]

## I. STATEMENT OF RELEVANT FACTS

In 2011, Ameranth began serially suing companies in this Court. Over the next two years, Ameranth sued and litigated with over twenty different companies. Ameranth served infringement contentions against them pursuant to Patent L.R. 3.1, and discovery between those parties took place. Those defendants objected to numerous deficiencies in Ameranth's infringement contentions. In response, Ameranth ginned up disputes regarding the sufficiency and timing of the defendants' source code production.

Starbucks had *nothing* to do with those disputes. Ameranth did not sue Starbucks until May 6, 2013. Other than answering, and attending last week's telephonic status conference, *nothing* has happened in the Starbucks case. Neither Starbucks nor Ameranth have served initial disclosures. No discovery has been propounded, much less responded to. Most importantly, Ameranth has not served *any* infringement contentions on Starbucks pursuant to the Patent Local Rules. Ameranth has not identified the specific Starbucks products Ameranth alleges infringes, and it has not provided *any* detail as to how those products infringe. The current dispute between the other defendants and Ameranth relates to what *amended* infringement contentions should look like. For Starbucks, the issue is entirely different; it has not received *any* infringement contentions.

## II. ARGUMENT

### A. Ameranth has Not Provided Infringement Contentions; Requiring Starbucks to Produce Technical Documents and Source Code at this Time Violates the Court's Own Rules and is Highly Prejudicial to Starbucks.

Under Patent L.R. 3.1, Ameranth is required to identify the specific accused Starbucks products and specifically detail how those products infringe. The purpose of these Patent L.R. 3.1 contentions is to put an accused infringer on notice as to what products infringe, and how those products infringe. *See* Docket No. 432 at 4, 7. This is the first step in patent cases in this Court. Only upon receipt of compliant infringement contentions can an accused infringer know the scope of the case. "Scope" in the sense of what products are at issue, and also "scope" in the sense of what aspects of those products allegedly infringe. By providing this information in its infringement contentions, defendants are then able to provide the technical documents related to the actual accused features. In other words, receipt of infringement contentions that comply with Patent L.R. 3.1 enable a defendant, *inter alia*, to search for and produce the relevant technical documents related to just the accused products and just the accused features of those products rather than all technical documents related to all products of a company and all features of those products, regardless of whether they are accused.

Because Ameranth has not served any infringement contentions on Starbucks, Starbucks does not know what products are accused of infringement, nor does it know how any of its products allegedly infringe. Currently Starbucks cannot legitimately say which of its products are even accused of infringement in this case. Last week Ameranth told the Court in the Joint Preliminary Report it was "Starbucks' online and mobile ordering and payment processing systems [that] generates menus and permits synchronized product ordering." Pr. Rpt. at 30. But what does this mean and what exactly is accused? Ameranth's statement does not identify any specific Starbucks product, service, or system.

Ameranth also has not provided any detail anywhere as to how the yet to be identified Starbucks products practice or meet each and every claim element for the asserted claims in three patents. Ameranth has not provided any claim charts, or any other information that would enable Starbucks to analyze and assess the features and components of the Starbucks products that implicate possible infringement and/or noninfringement.

Given the present stage of the case it is impossible at this time for Starbucks to produce (or in the case of source code, make available for inspection) the technical documents required by Patent L.R. 3.4(a). Ameranth has not taken the steps necessary to enable Starbucks to do so. Because nothing has happened in the Starbucks case, most notably Ameranth not having served infringement contentions, Ameranth's demand that Starbucks produce technical documents and make source code available now is highly prejudicial because it is nothing but a fishing expedition and is tantamount to demanding Starbucks produce all its technical documents (and source code) relating to all of its products, and all of the features of those products, regardless of whether they are accused or not. This unquestionably would increase Starbucks' costs.[1]

**B.  Ameranth Has Sufficient Information to Provide Starbucks with Patent L.R. 3.1 Infringement Contentions**

Ameranth needs nothing from Starbucks to serve initial infringement contentions. Ameranth presumably had and still has a Rule 11 basis for suing Starbucks for infringement. That means Ameranth presumably had and still has a good faith basis that the Starbucks products Ameranth accuses of infringement meet every single claim element of every asserted claim of the three patents-in-suit, *i.e.*, Ameranth has sufficient facts to provide infringement contentions without

---

[1] Given the status of the Starbucks case, Ameranth demanding the documents and source code be produced by early October is, for lack of a better word, preposterous.

Starbucks first providing documentation. Ameranth should serve its Patent L.R. 3.1 infringement contentions on Starbucks on January 31, 2014, as proposed by Starbucks in the Joint Preliminary Report.

### C. Ameranth's Specific Source Code Complaints are Not Ripe as to Starbucks.

As discussed above, nothing has occurred in the Starbucks case, including source code production or interrogatories related to source code. Therefore, issues related to interrogatory responses are not ripe as to Starbucks, Starbucks has not discussed such issues with Ameranth, and Starbucks cannot yet brief these issues as to Starbucks. Because Starbucks expects the Court's ruling on the propriety of such interrogatories to impact future discovery served upon the newly consolidated defendants, Starbucks joins Defendants' positions in Docket No. 450.

### III. CONCLUSION

For the reasons set forth above, Ameranth's attempt to scrap this Court's Patent Local Rules should be rejected. Starbucks respectfully requests the Court order Ameranth to serve Patent L.R. 3.1 compliant infringement contentions on Starbucks. Pursuant to Patent Local Rules, Starbucks should not have to make its 3.4(a) disclosures until 60 days after it receives those contentions. Starbucks should not suffer any prejudice due to Ameranth's tactical decisions on the timing of when it sued various defendants.

| | |
|---|---|
| Dated: September 20, 2013 | Respectfully submitted,<br><br>*s/ Matthew C. Bernstein*<br>Matthew C. Bernstein (SBN 199240)<br>MBernstein@perkinscoie.com<br>Yun Louise Lu (SBN 253114)<br>LLu@perkinscoie.com<br>Patrick J. McKeever (SBN 268763)<br>PMckeever@perkinscoie.com<br>Perkins Coie LLP<br>11988 El Camino Real, Suite 200<br>San Diego, CA 92130<br>Telephone: (858) 720-5700<br>Facsimile: (858) 720-5799<br><br>Attorneys for Defendant and Counterclaim-Plaintiff STARBUCKS CORPORATION |

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on September 20, 2013 to all current and/or opposing counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system per CivLR 5.4(d). Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery upon their appearance in this matter.

*s/ Matthew C. Bernstein*
Matthew C. Bernstein
