1  ERIN P. GIBSON (Bar No. 229305)
   erin.gibson@dlapiper.com
2  JESSE HINDMAN
   jesse.hindman@dlapiper.com
3  ROB WILLIAMS
   robert.williams@dlapiper.com
4  DLA PIPER LLP (US)
   401 B Street, Suite 1700
5  San Diego, CA 92101-4297
   Tel: 619.699.2700
6  Fax: 619.699.2701

7  Attorneys for Defendant
   EVENTBRITE, INC.
8

9              UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11
   AMERANTH, INC.,                        CV NO. 3:13-CV-350-DMS-WVG
12
              Plaintiff,                   **DEFENDANT EVENTBRITE, INC.'S
13                                         BRIEF ON ISSUES RE: DOCKET
       v.                                  NOS. 450, 455**
14
   EVENTBRITE, INC.,
15
              Defendant.
16

17

18

19

20

21

22

23

24

25

26

27

28

1    Defendant Eventbrite, Inc. ("Eventbrite") submits this brief regarding issues

2    raised in Docket Nos. 450 and 455.

3    Eventbrite joins the concurrently filed brief of defendant Starbucks (Docket

4    No. 502). Like Starbucks, Eventbrite has nothing to do with the disputes in Docket

5    Nos. 450 and 455. Ameranth did not sue Eventbrite until February 13, 2013. Other

6    than answering and attending last week's telephonic status conference, nothing has

7    happened in the Eventbrite case. Eventbrite and Ameranth have not served initial

8    disclosures. No discovery has been propounded or responded to.

9    Most importantly, Ameranth has not served any infringement contentions

10   against Eventbrite. Ameranth has not identified the specific Eventbrite products

11   that allegedly infringe, and Ameranth has not provided any detail regarding how

12   Eventbrite products allegedly infringe. Requiring Eventbrite to produce technical

13   documents or source code prior to receiving Ameranth's Local Patent Rule 3.1

14   disclosures would serve no purpose other than to permit Ameranth to conduct a

15   costly fishing expedition through Eventbrite's technical documents and source

16   code, which would prejudice Eventbrite.

17   For these reasons and the reasons set forth by Starbucks, Eventbrite

18   respectfully requests that the Court deny Ameranth's request to obtain discovery of

19   Eventbrite's technical documents and source code prior to serving infringement

20   contentions. Ameranth should serve Eventbrite with infringement contentions that

21   comply with Patent Rule 3.1 on January 31, 2014, as proposed by Defendants in the

22   Joint Preliminary Report. Pursuant to Local Patent Rules, Eventbrite should not

23   have to make its Patent Rule 3.4(a) disclosures until 60 days after it receives those

24   contentions. Eventbrite should not suffer any prejudice due to Ameranth's tactical

25   decisions on the timing of when it sued various defendants.

26   In addition, although issues related to interrogatory responses raised in

27   Docket Nos. 450 and 455 are not ripe as to Eventbrite, Eventbrite expects the

28   Court's ruling on the propriety of such interrogatories to impact future discovery

-1-

served upon the newly consolidated defendants.  Therefore, Eventbrite joins Defendants' positions in Docket Nos. 450 and 455.

Dated:  September 20, 2013

DLA PIPER LLP (US)


By */s/ Erin P. Gibson*
   ERIN P. GIBSON
   JESSE HINDMAN
   ROBERT WILLIAMS

   Attorneys for Defendant
   EVENTBRITE, INC.

**CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 20, 2013.

*Debby Brady*

Debby Brady

DLA PIPER LLP (US)
SAN DIEGO

WEST\241946172.1

3:13-CV-00350-DMS (WVG