Brian Dunne (Bar No. 275689)
bdunne@olavidunne.com
Matt Olavi (Bar No. 265945)
molavi@olavidunne.com
**OLAVI DUNNE LLP**
800 Wilshire Blvd., Suite 320
Los Angeles, California 90017
Telephone:  (213) 516-7900
Facsimile:   (213) 516-7910

*Attorneys for Defendant TICKETBISCUIT, LLC*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| In Re: Ameranth Cases | ) Case Nos. | |
|---|---|---|
| | ) 11CV1810 DMS (WVG) | 12CV1643 DMS (WVG) |
| | ) 12CV0729 DMS (WVG) | 12CV1644 DMS (WVG) |
| | ) 12CV0731 DMS (WVG) | 12CV1646 DMS (WVG) |
| | ) 12CV0732 DMS (WVG) | 12CV1648 DMS (WVG) |
| | ) 12CV0733 DMS (WVG) | 12CV1649 DMS (WVG) |
| | ) 12CV0737 DMS (WVG) | 12CV1650 DMS (WVG) |
| | ) 12CV0739 DMS (WVG) | 12CV1651 DMS (WVG) |
| | ) 12CV0742 DMS (WVG) | 12CV1652 DMS (WVG) |
| | ) 12CV0858 DMS (WVG) | 12CV1653 DMS (WVG) |
| | ) 12CV1627 DMS (WVG) | 12CV1654 DMS (WVG) |
| | ) 12CV1629 DMS (WVG) | 12CV1655 DMS (WVG) |
| | ) 12CV1630 DMS (WVG) | 12CV1656 DMS (WVG) |
| | ) 12CV1631 DMS (WVG) | 13CV0350 DMS (WVG) |
| | ) 12CV1633 DMS (WVG) | 13CV0352 DMS (WVG) |
| | ) 12CV1634 DMS (WVG) | 13CV0353 DMS (WVG) |
| | ) 12CV1636 DMS (WVG) | 13CV1072 DMS (WVG) |
| | ) 12CV1640 DMS (WVG) | 13CV1520 DMS (WVG) |
| | ) 12CV1642 DMS (WVG) | 13CV1525 DMS (WVG) |
| | ) 12CV2350 DMS (WVG) | 13CV1840 DMS (WVG) |
| | ) | |
| | ) **DEFENDANT TICKETBISCUIT, LLC'S BRIEF ON ISSUES RE DOCKET NOS. 450, 455** | |
| | ) | |

Case No. 3:13-cv-0352-DMS(WVG)
**DEFENDANT TICKETBISCUIT, LLC'S BRIEF ON
ISSUES RE DOCKET NOS. 450. 455**

Defendant TicketBiscuit, LLC ("TicketBiscuit") submits this brief regarding issues raised in Docket Nos. 450 and 455.

TicketBiscuit joins the concurrently filed brief of Defendant Starbucks (Docket No. 502). Like Starbucks, TicketBiscuit has nothing to do with the disputes in Docket Nos. 450 and 455. Ameranth did not sue TicketBiscuit until February 13, 2013. Other than filing a Motion to Dismiss and attending last week's telephonic status conference, nothing has happened in the TicketBiscuit case.[1] Neither TicketBiscuit nor Ameranth have served initial disclosures or propounded any discovery.

Most importantly, Ameranth has not served any infringement contentions on TicketBiscuit. Ameranth has not identified the specific TicketBiscuit products that allegedly infringe or provided any detail regarding how those specific TicketBiscuit products allegedly infringe. Requiring TicketBiscuit to produce technical documents or source code prior to receiving Ameranth's Local Patent Rule 3.1 disclosures would serve no purpose other than to permit Ameranth to conduct a costly fishing expedition through TicketBiscuit's technical documents and source code, which would prejudice TicketBiscuit.

For these reasons and the reasons set forth by Starbucks, TicketBiscuit respectfully requests that the Court deny Ameranth's request to obtain discovery of TicketBiscuit's technical documents and source code prior to serving infringement contentions. Ameranth should serve TicketBiscuit with infringement contentions that comply with Patent Rule 3.1 on January 31, 2014, as proposed by Defendants in the Joint Preliminary Report. Pursuant to Local Patent Rules, TicketBiscuit should not have to make its Patent Rule 3.4(a) disclosures until 60 days after it receives those contentions. TicketBiscuit should not suffer any prejudice due to Ameranth's tactical decisions on the timing of when it sued various defendants.

---

[1] However, pursuant to the Court's Order Following Status Conference (Docket. No. 491), TicketBiscuit does intend to answer Ameranth's Complaint by September 27, 2013.

In addition, although issues related to interrogatory responses raised in Docket Nos. 450 and 455 are not ripe as to TicketBiscuit, TicketBiscuit expects the Court's ruling on the propriety of such interrogatories to impact future discovery served upon the newly consolidated defendants.  Therefore, TicketBiscuit joins Defendants' positions in Docket Nos. 450 and 455.

DATED:  September 20, 2013        BRIAN J. DUNNE
                                  **OLAVI DUNNE LLP**

                                  By:    */s/ Brian J. Dunne*
                                  Attorneys for Defendant,
                                  TicketBiscuit, LLC

## PROOF OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on September 20, 2013 to all current and/or opposing counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ LR 5.4(d).  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery upon their appearance in this matter.

                            */s/ Matt Olavi*
                             Matt Olavi