**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERANTH, INC.,<br><br>             Plaintiff,<br>v.<br>PIZZA HUT, INC.; ET AL.,<br><br>             Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Civil No. 11-CV-1810-DMS (WVG)<br>Consolidated with:<br>12-CV-0729-DMS (WVG)<br>12-CV-1640-DMS (WVG)<br>12-CV-0731-DMS (WVG)<br>12-CV-1642-DMS (WVG)<br>12-CV-0732-DMS (WVG)<br>12-CV-1643-DMS (WVG)<br>12-CV-0733-DMS (WVG)<br>12-CV-1644-DMS (WVG)<br>12-CV-0737-DMS (WVG)<br>12-CV-1646-DMS (WVG)<br>12-CV-0739-DMS (WVG)<br>12-CV-1648-DMS (WVG)<br>12-CV-0742-DMS (WVG)<br>12-CV-1649-DMS (WVG)<br>12-CV-0858-DMS (WVG)<br>12-CV-1650-DMS (WVG)<br>12-CV-1627-DMS (WVG)<br>12-CV-1651-DMS (WVG)<br>12-CV-1629-DMS (WVG)<br>12-CV-1652-DMS (WVG)<br>12-CV-1630-DMS (WVG)<br>12-CV-1653-DMS (WVG)<br>12-CV-1631-DMS (WVG)<br>12-CV-1654-DMS (WVG)<br>12-CV-1633-DMS (WVG)<br>12-CV-1655-DMS (WVG)<br>12-CV-1634-DMS (WVG)<br>12-CV-1656-DMS (WVG)<br>12-CV-1636-DMS (WVG)<br><br>**ORDER RE: EARLY NEUTRAL EVALUATION CONFERENCES; DOCUMENT DESIGNATION** |

On September 27, 2013, this Court held a telephonic Status Conference. On September 26, 2013, in compliance with the Court's Order, the parties lodged a list of participants for the Conference. During the Conference, the Court discussed a process for scheduling Early Neutral Evaluation ("ENE") Conferences with the parties, the possibility of Defendants requesting a stay of the litigation, and the effect of the current stay on non-claim construction issues on document designation under the protective order.

## I. EARLY NEUTRAL EVALUATION CONFERENCES

The Court issues the following Order regarding ENE Conferences with Federal Rule of Civil Procedure, Rule 1, in mind. Rule 1 states that the Federal Rules, "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."[1] Fed.R.Civ.P. 1.

With respect to the speedy facet of litigation referenced in Rule 1, some aspects of litigation are beyond the Court's control. During the Status Conference, Defendants stated their intention to petition the United States Patent and Trademark Office (hereinafter "PTO"), for Covered Business Method review of all patents-in-suit by October 15, 2013, the deadline imposed by the Honorable Dana M. Sabraw, United States District Judge. (Doc. No. 491 at 2.) Defendants also represented that they intend to file a motion to stay litigation in the coordinated cases pending a decision by the PTO. Defendants informed the Court that they anticipate all Defendants will join in a motion to stay.

As a policy matter, the Court finds ENE Conferences to be a valuable tool in facilitating resolution of a case earlier than might otherwise be achieved without an ENE Conference. The Court has found this to be true even when parties are seemingly worlds apart. The Court understands that there has already been some informal discussion among attorneys, which is beneficial, but there is really no substitute for actual, face-to-face discussions among the principles. There simply is nothing better than the personal approach in settlement discussions. The Court is aware that Defendants are concerned about the

---

[1] Federal Rule of Civil Procedure, Rule 1, governs the scope and purpose of the Rules. Fed.R.Civ.P. 1.

amount of resources that could potentially be expended by holding ENE Conferences with individual parties. However, given the amount of resources that many parties have likely already expended, and the amount of resources that will undoubtedly be expended throughout the duration of this litigation, the Court believes that it will be beneficial for the parties to allocate effort to good faith participation in ENE Conferences, a comparatively slight expense when compared to the overall litigation.

The Court also understands Defendants' position that discussions about invalidity and non-infringement issues may become repetitive if individual ENE Conferences are held. Nonetheless, as Plaintiff has indicated, there may be certain acceptable options that are discussed in a face-to-face ENE Conference that could either result in resolution of the case, or certainly sew the seeds for resolution by the parties thereafter.

While the Court recognizes the uncertainty of the future of this litigation, it also recognizes the importance of the just, speedy, and inexpensive determination of every action and proceeding. Fed.R.Civ.P. 1. Therefore, the Court will schedule ENE Conferences either individually or in groups, as determined by the parties. Accordingly, subject to the Court's discussion above regarding the potential stay, the Court will reserve twenty ENE Conference time slots on its calendar for scheduling purposes, beginning on January 15, 2014. The parties shall determine the most efficient way to fill the time slots.

If Judge Sabraw grants Defendants' anticipated motion to stay the litigation, then no ENE Conferences will be conducted until the PTO has ruled on the petition and/or Judge Sabraw has lifted the stay. However, if Judge Sabraw does not grant Defendants' anticipated motion to stay the litigation, or if the parties do not file such a motion, the coordinated cases will move forward in accordance with Rule 1, and this Court will hold the ENE Conferences as scheduled.

//
//
//
//

The Court has blocked off the following dates and times for ENE Conferences in the coordinated cases:

| OPTION | WEEKDAY | DATE | TIME |
| --- | --- | --- | --- |
| 1 | Wednesday | January 15 | 9:00 a.m. |
| 2 | Wednesday | January 15 | 2:00 p.m. |
| 3 | Friday | January 17 | 9:00 a.m. |
| 4 | Friday | January 17 | 2:00 p.m. |
| 5 | Monday | January 20 | 2:00 p.m. |
| 6 | Wednesday | January 22 | 2:00 p.m. |
| 7 | Friday | January 24 | 9:00 a.m. |
| 8 | Friday | January 24 | 2:00 p.m. |
| 9 | Monday | January 27 | 2:00 p.m. |
| 10 | Wednesday | January 29 | 2:00 p.m. |
| 11 | Friday | January 31 | 9:00 a.m. |
| 12 | Friday | January 31 | 2:00 p.m. |
| 13 | Monday | February 3 | 9:00 a.m. |
| 14 | Monday | February 3 | 2:00 p.m. |
| 15 | Wednesday | February 5 | 2:00 p.m. |
| 16 | Wednesday | February 12 | 2:00 p.m. |
| 17 | Friday | February 21 | 9:00 a.m. |
| 18 | Friday | February 21 | 2:00 p.m. |
| 19 | Monday | February 24 | 2:00 p.m. |
| 20 | Monday | February 28 | 9:00 a.m. |

On or before **October 11, 2013**, the parties shall file a Joint Statement, which will include a proposed schedule for the ENE Conferences. The parties may determine that individual ENE Conferences will be most beneficial, or that the Conferences may be more efficient if held with certain groups. The Court generally allows two hours for ENE Conferences. If the parties believe that more than the standard two hours is necessary for certain ENE Conferences, that information shall also be included in the Joint Statement.

## II. DESIGNATION OF DOCUMENTS UNDER THE PROTECTIVE ORDER

On December 14, 2013, the Honorable Nita L. Stormes issued a Protective Order Governing Confidential Information for Consolidated Cases. (Doc. No. 323.) On September 26, 2013, counsel for Plaintiffs and Defendant QuikOrder (hereinafter "QuikOrder") notified the Court of a discovery dispute regarding designation of documents pursuant to the protective order.

There is currently a stay on all discovery that is not related to claim construction issues.[2] (Doc. No. 491 at 3.) QuikOrder produced documents prior to the imposition of the stay. During the Status Conference, QuikOrder represented that it recently received a letter from Plaintiff which identified over fifty-six thousand pages of documents that QuikOrder produced and designated as "Attorneys' Eyes Only" pursuant to the protective order. Plaintiff disputes the confidential designation of these documents. QuikOrder argues that the dispute is improper at this time due to the stay on non-claim construction related discovery. During the Status Conference, Defense liaison counsel represented that Plaintiff has sent similar letters to other Defendants. Defendants believe that, given the state of the litigation, disputing over these designation issues at this time is not productive, and premature.

Plaintiff has suggested that some of the discovery produced by QuikOrder may in fact relate to claim construction issues. Therefore, Plaintiff shall identify specifically the pages of the discovery it believes relate to claim construction issues. Paragraph 6 of the protective order outlines the process for challenging confidentiality designations. (Doc. No. 323 at 8.) After Plaintiff identifies the pages it believes relate to claim construction issues, the parties shall then follow the procedure set forth in paragraph 6 of the protective order to resolve designation issues as to those documents only. As to non-claim construction related documents, resolution of this issue will follow the claim construction order.

---

[2] On September 13, 2013, Judge Sabraw issued an Order which stated, "Pending the claim construction hearing, discovery shall be limited to claim construction issues." (Doc. No. 491 at 3.)

     As a policy matter, the Court agrees with Plaintiff's position, and the language of the protective order, that the parties are not to engage in wholesale designation of documents as "Attorneys' Eyes Only" confidential. Paragraph 5.1 of the protective order cautions the parties to exercise restraint when designating documents. (Doc. No. 323 at 5.) The protective order requires the parties to designate protected material "with the least restrictive level of designation reasonably necessary to adequately protect the material being produced." Id. All parties shall strictly adhere to the provisions of the protective order when designating documents as confidential.

IT IS SO ORDERED.

DATED: September 30, 2013

                                            Hon. William V. Gallo
                                            U.S. Magistrate Judge