JOHN A. O'MALLEY (Bar No. 101181)
**FULBRIGHT & JAWORSKI LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California  90071
Telephone:  (213) 892-9200
Facsimile:    (213) 892-9494
john.omalley@nortonrosefulbright.com

DAN D. DAVISON *(admitted pro hac vice)*
MARC L. DELFLACHE *(admitted pro hac vice)*
**FULBRIGHT & JAWORSKI LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone:  (214) 855-8000
Facsimile:    (214) 855-8200
dan.davison@nortonrosefulbright.com
marc.delflache@nortonrosefulbright.com

RICHARD S. ZEMBEK *(admitted pro hac vice)*
**FULBRIGHT & JAWORSKI LLP**
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone:  (713) 651-5151
Facsimile:    (214) 651-5246
richard.zembek@nortonrosefulbright.com

Attorneys for Defendants, PAPA JOHN'S USA, INC.,
EXPEDIA, INC., FANDANGO, INC., HOTEL TONIGHT,
INC., HOTELS.COM, L.P., HOTWIRE, INC., KAYAK
SOFTWARE CORPORATION, LIVE NATION, INC.,
MICROS SYSTEMS, INC., ORBITZ, LLC, STUBHUB,
INC., TICKETMASTER, LLC, TRAVELOCITY.COM LP,
WANDERSPOT LLC, AND OPENTABLE, INC.

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: AMERANTH PATENT LITIGATION CASES | Civil Action No. 3:11-cv-01810-DMS-WVG |
| | **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF THE LEAHY-SMITH AMERICA INVENTS ACT** |
| | Date:   December 13, 2013<br>Time:  1:30 p.m.<br>Location:  Courtroom 13A |

i

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF
THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED
ON RECYCLED PAPER

Judge:        Hon. Dana M. Sabraw

**NO ORAL ARGUMENT UNLESS
REQUESTED BY THE COURT**

TRIAL BY JURY DEMANDED

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF
THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED
ON RECYCLED PAPER

# **TABLE `OF CONTENTS**

**Page**

I.     INTRODUCTION ............................................................................ 1

II.    FACTUAL BACKGROUND ............................................................ 5

      A.     The Litigation .................................................................... 5

      B.     The Parties ......................................................................... 5

      C.     The CBM Petitions ............................................................ 5

III.   LEGAL STANDARD ..................................................................... 9

IV.    ARGUMENT ................................................................................ 10

      A.     A Stay Will Inevitably Simplify Or Eliminate Issues For The Court And The Parties .............................................. 10

      B.     This Case Is Still At An Early Stage ................................ 11

      C.     A Stay Will Not Unduly Prejudice Ameranth Or Afford The Defendants A Clear Tactical Advantage ............................ 12

      D.     A Stay Will Reduce The Burden Of Litigation On The Parties And The Court ...................................................... 14

V.     CONCLUSION AND RELIEF REQUESTED ........................... 16

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## CASES

*Accenture Global Servs., GMBH v. Guidewire Software, Inc.,*
  No. 2011-1486, 2013 WL 4749919 (Fed. Cir. Sept. 5, 2013) ...........................7

*Bancorp Servs., LLC v. Sun Life Assurance Co. of Canada,*
  687 F.3d 1266 (Fed. Cir. 2012) ........................................................................7

*CLS Bank Int'l v. Alice Corp. Pty. Ltd.,*
  717 F.3d 1269 (Fed. Cir. 2013) ........................................................................7

*Compression Tech. Solutions LLC v. EMC Corp.,*
  2013 WL 2368039 (N.D. Cal. May 29, 2013) ..................................................7

*CyberSource Corp. v Retail Decisions, Inc.,*
  654 F.3d 1366 (Fed. Cir. 2011) ........................................................................7

*EchoStar Techs. Corp. v. Tivo, Inc.,*
  No. 5:05-cv-81, 2006 U.S. Dist. LEXIS 48431 (E.D. Tex. July, 14 2006) .......12

*IPXL Holdings, LLC v. Amazon.com, Inc.,*
  430 F.3d 1377 (Fed. Cir. 2005) ........................................................................8

*In re Katz Interactive Call Processing Patent Litig.,*
  639 F.3d 1303 (Fed. Cir. 2011) ........................................................................8

*Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.,*
  No. 1:12-cv-00780-GMS, 2013 U.S. Dist. LEXIS 15300 (D. Del. Feb. 5,
  2013) ............................................................................................................passim

*Microlinc, LLC v. Intel Corp.,*
  No. 2:07-cv-488, 2010 U.S. Dist. LEXIS 99255 (E.D. Tex. Sept. 20,
  2010) ..................................................................................................................14

*Progressive Cas. Ins. Co. v. Safeco Ins. Co.,*
  No. 1:10-cv-01370-BYP, 2013 U.S. Dist. LEXIS 54899 (N.D. Ohio Apr.
  17, 2013) ................................................................................................3, 11, 13

*Rembrandt Data Techs., LP v. AOL, LLC,*
  641 F.3d 1331 (Fed. Cir. 2011) ........................................................................8

*SenoRx, Inc. v. Hologic, Inc.,*
  No. CIV. A. 12-173-LPS-CJB, 2013 U.S. Dist. LEXIS 8044 (D. Del. Jan.
  11, 2013) ............................................................................................................13

*Sightsound Techs. LLC v. Apple, Inc.,*
  No. 2:11-cv-01292-DWA, 2013 U.S. Dist. LEXIS 79319 (W.D. Penn.
  June 6, 2013) ..............................................................................3, 4, 9, 10, 12, 15

ii

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF
THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED
ON RECYCLED PAPER

*Versata Software, Inc. v. Volusion, Inc.*,
No. 1:12-cv-00893-SS, ECF No. 53 (W.D. Tex. June 20, 2013) ...............passim

*Zillow, Inc. v. Trulia, Inc.*,
No. C12-1549JLR, 2013 U.S. Dist. LEXIS 144919 (W.D. Wash. Oct. 7, 2013) ........................................................................................................3, 10, 12

**STATUTES**

35 U.S.C. § 101.............................................................................4, 5, 6, 7, 15

35 U.S.C. § 112....................................................................................... 5, 8

Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 18(b), Stat. 284 (2011) .................................................................................................3, 6, 9, 11

**OTHER AUTHORITIES**

157 CONG. REC. S1053 (daily ed. Mar. 1, 2011).......................................2, 3, 14

157 CONG. REC. S1363 (daily ed. Mar. 8, 2011)....................................2, 3, 9, 14

157 CONG. REC. S5408 (daily ed. Sept. 8, 2011) .........................................2

77 Fed. Reg. 48,756 ............................................................................. 6, 9, 13

77 Fed. Reg. 48,768 ..................................................................................... 6

MPEP § 2173.05 ........................................................................................... 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED
ON RECYCLED PAPER

## I.   INTRODUCTION

All Defendants bring this motion to stay.   Defendants Expedia, Inc., Fandango, Inc., Hotel Tonight Inc., Hotwire, Inc., Hotels.com, L.P., Kayak Software Corporation, Live Nation Entertainment, Inc., Micros Systems, Inc., Orbitz, LLC, OpenTable, Inc., Papa John's USA, Inc., Stubhub, Inc., TicketMaster, LLC, Travelocity.com LP, Wanderspot LLC, Pizza Hut, Inc., Pizza Hut of America, Inc., Domino's Pizza, Inc., Domino's Pizza, LLC, Grubhub, Inc., Seamless North America, LLC, Ordr.in., Inc., Mobo Systems, Inc., Starbucks Corporation, Eventbrite, Inc., Best Western International, Inc., Hilton Resorts Corporation, Hilton Worldwide, Inc., Hilton International Co., Hyatt Corporation, Marriott International, Inc., Starwood Hotels & Resorts Worldwide, Inc., Agilysys, Inc., Usablenet, Inc., and Apple Inc. (collectively, the "Petitioning Defendants") filed petitions with the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("USPTO") on October 15, 2013, seeking review of the validity of Ameranth, Inc.'s ("Ameranth") patents under the Transitional Program for Covered Business Method ("CBM") Patents.[1]   The Petitioning Defendants' CBM petitions challenge the validity of every claim of Ameranth's U.S. Patent Nos. 6,384,850 ("the '850 Patent")[2], 6,871,325 ("the '325

---

[1] Defendants O-Web Technologies Ltd., QuikOrder, Inc., TicketBiscuit, LLC, Ticketfly, Inc., and ATX Innovation, Inc. did not join the petition for CBM review, but join the motion to stay in the interests of judicial economy and to avoid potentially inconsistent rulings.

[2] Expedia, Inc., Fandango, Inc., Hotel Tonight Inc., Hotwire, Inc., Hotels.com, L.P., Kayak Software Corporation, Live Nation Entertainment, Inc., Micros Systems, Inc., Orbitz, LLC, OpenTable, Inc., Papa John's USA, Inc., Stubhub, Inc., TicketMaster, LLC, Travelocity.com LP, Wanderspot LLC, Pizza Hut, Inc., Pizza Hut of America, Inc., Domino's Pizza, Inc., Domino's Pizza, LLC, Grubhub, Inc., Seamless North America, LLC, Ordr.in., Inc., Mobo Systems, Inc., Starbucks Corporation, Eventbrite, Inc., Best Western International, Inc., Hilton Resorts Corporation, Hilton Worldwide, Inc., Hilton International Co., Hyatt Corporation, Marriott International, Inc., Starwood Hotels & Resorts Worldwide, Inc., Agilysys, Inc., Usablenet, Inc., and Apple Inc. collectively filed a CBM petition on October 15, 2013, challenging the validity of every claim of the '850 Patent.  (**Exhibit 1**); Petitioners' Address List (**Exhibit 2**).

53033132.23

DOCUMENT PREPARED
ON RECYCLED PAPER

DEFENDANTS' CONSOLIDATED RESPONSE TO ORDER TO SHOW CAUSE WHY THESE CASES SHOULD NOT BE CONSOLIDATION FOR PRETRIAL PURPOSES UP TO AND INCLUDING CLAIM CONSTRUCTION

CASE NOS. 11-CV-1810 JLS (NLS), ET AL.

Patent")[3], 8,146,077 ("the '077 Patent")[4], and 6,982,733 ("the '733 Patent").[5]  The America Invents Act provides this new administrative review proceeding "to help cut back on the scourge of business method patents that . . . apply not to novel products or services but to abstract and often very common concepts of how to do business" so that "businesses acting in good faith do not have to spend the millions of dollars it costs to litigate a business method patent in court."  157 CONG. REC. S5409 (daily ed. Sept. 8, 2011) (statement of Sen. Schumer) (**Exhibit 6**); *see also* 157 CONG. REC. S1053–54 (daily ed. Mar. 1, 2011) (statement of Sen. Schumer) (**Exhibit 7**).  The CBM review program, which became available on September 16, 2012, was created with the intention of being "a cheaper, faster alternative to district court litigation over the validity of business-method patents." 157 CONG. REC. S1363-64 (daily ed. Mar. 8, 2011) (statement of Sen. Schumer) (**Exhibit 8**).

In furtherance of Congress's objective to decrease the cost of litigation and

---

[3]Expedia, Inc., Fandango, Inc., Hotel Tonight Inc., Hotwire, Inc., Hotels.com, L.P., Kayak Software Corporation, Live Nation Entertainment, Inc., Micros Systems, Inc., Orbitz, LLC, OpenTable, Inc., Papa John's USA, Inc., Stubhub, Inc., TicketMaster, LLC, Travelocity.com LP, Wanderspot LLC, Pizza Hut, Inc., Pizza Hut of America, Inc., Domino's Pizza, Inc., Domino's Pizza, LLC, Grubhub, Inc., Seamless North America, LLC, Ordr.in., Inc., Mobo Systems, Inc., Starbucks Corporation, Eventbrite, Inc., Best Western International, Inc., Hilton Resorts Corporation, Hilton Worldwide, Inc., Hilton International Co., Hyatt Corporation, Marriott International, Inc., Starwood Hotels & Resorts Worldwide, Inc., Agilysys, Inc., Usablenet, Inc., and Apple Inc. collectively filed a CBM petition on October 15, 2013, challenging the validity of every claim of the '325 Patent.  (**Exhibit 3**).

[4] Expedia, Inc., Fandango, Inc., Hotel Tonight Inc., Hotwire, Inc., Hotels.com, L.P., Kayak Software Corporation, Live Nation Entertainment, Inc., Micros Systems, Inc., Orbitz, LLC, OpenTable, Inc., Papa John's USA, Inc., Stubhub, Inc., TicketMaster, LLC, Travelocity.com LP, Wanderspot LLC, Pizza Hut, Inc., Pizza Hut of America, Inc., Domino's Pizza, Inc., Domino's Pizza, LLC, Grubhub, Inc., Seamless North America, LLC, Ordr.in., Inc., Mobo Systems, Inc., Starbucks Corporation, Eventbrite, Inc., Best Western International, Inc., Hilton Resorts Corporation, Hilton Worldwide, Inc., Hilton International Co., Hyatt Corporation, Marriott International, Inc., Starwood Hotels & Resorts Worldwide, Inc., Agilysys, Inc., Usablenet, Inc., and Apple Inc. collectively filed a CBM petition on October 15, 2013, challenging the validity of every claim of the '077 Patent.  (**Exhibit 4**).

[5] Fandango, Inc., OpenTable, Inc., Apple Inc., Domino's Pizza, Inc., and Domino's Pizza, LLC collectively filed a CBM petition on October 15, 2013, challenging the validity of every claim of the '733 Patent.  (**Exhibit 5**).

2

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF
THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED ON RECYCLED PAPER

streamline challenges to business method patents, the CBM review provision of the AIA expressly permits—and in fact, encourages—a stay of district court cases relating to challenged patents. *See* Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 18(b), Stat. 284, 329-31 (2011). Congress found it "nearly impossible" to imagine a scenario in which a district court would not issue a stay during a CBM review. 157 CONG. REC. S1053. "Absent some *exceptional circumstance*, the institution of a business-methods proceeding . . . should serve as a substitute for litigation, and result in a stay of co-pending district court litigation." 157 CONG. REC. S1364 (emphasis added); *see also id.* at S1363 ("It is congressional intent that a stay should only be denied in *extremely rare instances*.") (emphasis added). As further evidence that Congress intended for a CBM-based stay to be denied in only rare instances, the AIA allows for "an immediate interlocutory appeal" to the Federal Circuit of any decision denying a motion to stay the litigation. AIA § 18(b)(2).

Consistent with Congress's intent, nearly every district court confronted with this issue has granted a motion to stay pending resolution of CBM review. *See, e.g., Versata Software, Inc. v. Volusion, Inc.*, No. 1:12-cv-00893-SS, ECF No. 53 (W.D. Tex. June 20, 2013) (granting motion to stay pending resolution of CBM review) (**Exhibit 9**).[6] Courts have liberally granted such motions, including in cases where (1) claim construction proceedings have already passed, *Sightsound*,

---

[6] *See also Zillow, Inc. v. Trulia, Inc.*, No. C12-1549JLR, 2013 U.S. Dist. LEXIS 144919 (W.D. Wash. Oct. 7, 2013) (granting motion to stay pending CBM review); *Sightsound Techs. LLC v. Apple, Inc.*, No. 2:11-cv-01292-DWA, 2013 U.S. Dist. LEXIS 79319 (W.D. Penn. June 6, 2013) (granting motion to stay pending CBM review); *Pi-Net Int'l, Inc. v. Citizens Fin. Group, Inc.*, No. 1:12-cv-00355-RGA, ECF No. 82 (D. Del. Apr. 24, 2013) (granting motion to stay pending CBM review) (**Exhibit 10**); *Progressive Cas. Ins. Co. v. Safeco Ins. Co.*, No. 1:10-cv-01370-BYP, 2013 U.S. Dist. LEXIS 54899 (N.D. Ohio Apr. 17, 2013) (granting motion to stay pending CBM review); *Frontline Techs., Inc. v. CRS, Inc.*, No. 2:07-cv-02457-ER, ECF No. 183 (E.D. Penn. Feb. 19, 2013) (granting motion to stay pending CBM review) (**Exhibit 11**); *Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, No. 1:12-cv-00780-GMS, 2013 U.S. Dist. LEXIS 15300 (D. Del. Feb. 5, 2013) (granting motion to stay pending CBM review).

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED ON RECYCLED PAPER

2013 U.S. Dist. LEXIS 79319, at *8–13, (2) the USPTO had not yet granted the defendant's CBM petition, *Market-Alerts*, 2013 U.S. Dist. LEXIS 15300, at *7 n.5, and (3) the defendant's CBM petition asserted a single ground of invalidity, *Versata Software, Inc.*, No. 1:12-cv-00893-SS, slip op. at 6 (granting a stay where CBM petition challenged patent only under 35 U.S.C. § 101 only).  Indeed, the vast majority of courts confronted with this issue have acknowledged Congress's clear preference by staying cases pending completion of CBM reviews.  *Versata Software, Inc.*, No. 1:12-cv-00893-SS, slip op. at 6 ("The AIA represents a clear decision by Congress to increase involvement of the PTAB in patent litigation while simultaneously decreasing the involvement of the courts.").

In light of recent judicial and congressional preference for a stay, the Court should stay this action pending resolution of CBM review of the '850, '325, '733, and '077 Patents.  The factors of the AIA's statutory stay provision heavily favor a stay.  CBM review of the '850, '325, '733, and '077 Patents is likely to simplify issues for this Court and may well eliminate this case altogether.  This litigation is still in the relatively early stages.  Ameranth will not be unduly prejudiced by a stay.  A stay would also reduce the burden on the parties and the Court by preventing parallel proceedings, conserving the Court's and the parties' resources, and avoiding issues that may be moot after CBM review.  In short, this is not an exceptional case where a stay should be denied.  Instead, with all claims of all patents challenged, 36 defendants and suits impacted, the early stage of the judicial proceedings, and the valuable resources of the Court and the parties which may be saved, it is the very type of case that the legislature intended be stayed pending CBM review.  Consequently, all Defendants file this memorandum in support of their motion to stay, in accordance with the Court's prior order.  *In Re: Ameranth Patent Litigation Cases*, No. 3:11-cv-01810-DMS-WVG, ECF No. 491, at 2 (S.D. Cal. Sept. 13, 2013).

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED ON RECYCLED PAPER

## II.   FACTUAL BACKGROUND

### A.   The Litigation

The litigation is in its early stage.   Discovery is not complete, and the deadline to complete claim construction related discovery is August 18, 2014.  *Id.* There is currently no deadline to complete fact discovery in general, and the parties have not taken any depositions.   Indeed, all non-claim construction discovery is currently stayed.  *See Ameranth, Inc. v. Pizza Hut, Inc.; Et Al.*, No. 3:11-cv-01810-DMS-WVG, ECF No. 468 (S.D. Cal. Aug. 29, 2013) (Gallo, J.).

Defendants have not served invalidity contentions, and these are due on March 31, 2014.  *Id.*  In fact, the Court has determined that plaintiff has yet to serve infringement contentions that comply with the Local Rules.  *See In re: Ameranth Patent Litigation Cases*, No. 3:11-cv-01810-DMS-WVG, ECF No. 513 (S.D. Cal. Oct. 10, 2013) (Sabraw, J.).   The Markman hearing is scheduled for November 3, 2014, and the parties' claim construction briefs are due on September 22, 2014.  *Id.* Moreover, the Court has not set a trial date.

### B.   The Parties

Ameranth does not directly compete with any of the Defendants in this litigation.   Ameranth does not make or sell any product in the following industries as described by Ameranth in referencing this litigation:  (1) "hotel chains;" (2) on-line "travel aggregators;" (3) on-line "ticketing companies;" and (4) "restaurant point of sale, and/or reservations, and/or online/mobile ordering companies." (**Exhibit 12**).

### C.   The CBM Petitions

On October 15, 2013, Petitioning Defendants filed their CBM petitions, challenging the validity of all claims of the '850, '325, '733, and '077 Patents under 35 U.S.C. §§ 101, 112 (1994).  (**Exhibits 1, 3-5**).  CBM review is subject to a strict timeline.   The PTAB will determine within six months whether to grant review of

5

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED ON RECYCLED PAPER

the '850, '325, '733, and '077 Patents, which is a decision that will turn on whether the PTAB believes it to be more likely than not that at least one claim of each of the '850, '325, '733, and '077 Patents is unpatentable. Office Patent Trial Practice Guide, 77 Fed. Reg. 48,756, 48,757, 48,765 (Aug. 14, 2012) (to be codified at 37 C.F.R. pt. 42) (**Exhibit 14**) (affording a patent owner three months to respond to a CBM petition and affording the PTAB three months following the patent owner's response to decide whether to grant review). The PTAB will determine whether each of the Patents-in-Suit meets the definition of a covered business method patent because at least one claim is financial in nature and the patent is not directed to a "technological invention." *See* AIA § 18(d)(1) (The AIA defines a covered business method patent as "a patent that claims a method or corresponding apparatus for performing data processing or other operations used in the practice, administration, or management of a financial product or service, except that the term does not include patents for technological inventions.") If the PTAB grants review, the review must conclude (culminating in what is sometimes referred to a trial before the PTAB) within one year of the decision granting the review per the statute.[7] *Id.* at 48,765 (requiring the PTAB's scheduling order to set a completion date within one year of granting the CBM review).

According to the CBM petitions, the Challenged Claims cover nothing more than an abstract idea of generating menus or the abstract idea of placing an order or reservation using a general purpose computer and wireless handheld device, and, therefore, they fail to satisfy the patent eligibility requirement of 35 U.S.C. § 101. The claims are described as merely directed to a general purpose computer using general purpose programming, which merely adds anticipated benefits of computerization; *i.e.*, speed and efficiency. *See e.g.*, '850 CBM Petition, **Exhibit 1**,

---

[7] Upon a showing of "good cause," the PTAB can extend a review for an additional six months. Office Patent Trial Practice Guide, 77 Fed. Reg. 48,768 (**Exhibit 14**).

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED ON RECYCLED PAPER

at 63 (citing the patent specification describing the prior art methods as "slow" and "unacceptable for the time criticality of ordering" whereas the computerized method facilitates "user-friendly and efficient generation of computerized menus" to allow for "fast and automatic synchronization" and "real-time communication over the internet").  The CBM Petitions explain that the Challenged Claims fail the "machine-or-transformation" test because they are not "tied to a particular machine or apparatus," nor do they "transform a particular article into a different state or thing."  *See e.g.*, '850 CBM Petition, **Exhibit 1**, at 69, 71.  Merely appending computer-aided limitations to an abstract idea does not make it patentable.  *See e.g.*, '850 CBM Petition, **Exhibit 1**, at 9; *see also CyberSource Corp. v Retail Decisions, Inc.*, 654 F.3d 1366, 1375 (Fed. Cir. 2011) (finding recitation of a computer or computer hardware is not sufficient to confer patent eligibility to an abstract process); *Compression Tech. Solutions LLC v. EMC Corp.*, 2013 WL 2368039, at *8 (N.D. Cal. May 29, 2013) ("Simply adding a label like 'computer aided' or vague references to calculations or 'digital storage' will not render an otherwise abstract idea patent eligible"); *Accenture Global Servs., GMBH v. Guidewire Software, Inc.*, No. 2011-1486, 2013 WL 4749919, at *8 (Fed. Cir. Sept. 5, 2013) ("simply implementing an abstract concept on a computer, without meaningful limitations to the concept, does not transform a patent-ineligible claim into a patent-eligible one"); *CLS Bank Int'l v. Alice Corp. Pty. Ltd.*, 717 F.3d 1269, 1287 (Fed. Cir. 2013). ("[A]dding generic computer functions to facilitate performance provides no substantial limitation and therefore is not 'enough' to satisfy § 101"); *Bancorp Servs., LLC v. Sun Life Assurance Co. of Canada*, 687 F.3d 1266, 1278 (Fed. Cir. 2012) (using a computer for its basic function "fails to circumvent the prohibition against patenting abstract ideas").

As separate grounds of invalidity, the CBM Petitions also explain that the Challenged Claims fail to satisfy the written description and definiteness

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

requirements of § 112.  *See e.g.*, '850 CBM Petition, **Exhibit 1**, at 21.  These invalidity grounds are identified below:

- Ameranth claimed technology that it did not invent and that is not disclosed in the specifications of the Patents-in-Suit.  Because there is no support to establish that Ameranth was in possession of the full scope of the claimed subject matter as interpreted by Ameranth, the Challenged Claims do not meet the written description requirement.

- Because they claim a system that includes a method step, the Challenged Claims are invalid for failing to meet the definiteness requirement.  *See IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005) (citing M.P.E.P. § 2173.05(p)(II)); *Rembrandt Data Techs., LP v. AOL, LLC*, 641 F.3d 1331, 1339 (Fed. Cir. 2011) (affirming summary judgment of invalidity for indefiniteness where apparatus claims recited the step of transmitting).  An accused infringer cannot determine whether the Challenged Claims are infringed when the claimed system is supplied or when a user performs the method steps in the claims.  *IPXL Holdings*, 430 F.3d at 1384 ("[I]t is unclear whether infringement of claim 25 occurs when one creates a system that allows the user to change the predicted transaction information or accept the displayed transaction, or whether infringement occurs when the user actually uses the input means to change transaction information or uses the input means to accept a displayed transaction."); *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1318 (Fed. Cir. 2011) ("Katz's claims . . . create confusion as to when direct infringement occurs because they are directed both to systems and to actions performed by 'individual callers.'").

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED ON RECYCLED PAPER

*See e.g.*, '850 CBM Petition, **Exhibit 1**, at 42-43.

## III.   LEGAL STANDARD

Section 18(b)(1) of the AIA sets forth four factors to consider in determining whether to grant a stay pending CBM review:

> 1.   Whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;
>
> 2.   Whether discovery is complete and whether a trial date has been set;
>
> 3.   Whether a stay, or denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
>
> 4.   Whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

In addition to the first three factors, which traditionally have been considered by courts in deciding whether to stay a case, Congress included the additional fourth factor to place "a very heavy thumb on the scale in favor of a stay being granted." *Versata Software, Inc.*, No. 1:12-cv-00893-SS, slip op. at 3 (citing 157 CONG. REC. S1363) (**Exhibit 9**); *see also Market-Alerts*, 2013 U.S. Dist. LEXIS 15300, at *7 ("This additional [factor] was included, in part, to ease the movant's task of demonstrating the need for a stay."). Therefore, courts have considered the fourth factor in light of the suggestion that it was enacted to increase the likelihood that a stay would be granted. *See Sightsound*, 2013 U.S. Dist. LEXIS 79319, at *10.

A stay is available the moment a CBM petition is filed. The AIA states that "[i]f a party seeks a stay of a civil action . . . relating to a transitional proceeding for that patent, the court shall decide whether to enter a stay." AIA § 18(b)(1). The USPTO has recognized that "the proceedings begin with the filing of a petition." Office Patent Trial Practice Guide, 77 Fed. Reg. 48,757 (**Exhibit 14**). Therefore, the stay provisions apply when a CBM petition is first filed. *See Market-Alerts*,

9

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED ON RECYCLED PAPER

2013 U.S. Dist. LEXIS 15300, at *7 n.5.  In general, courts have chosen to stay cases before the PTAB rules on a CBM petition.  *See, e.g.*, *Versata Software, Inc.*, No. 1:12-cv-00893-SS, slip op. at 3–4; *Market-Alerts*, 2013 U.S. Dist. LEXIS 15300, at *7 n.5, *30; *Sightsound*, 2013 U.S. Dist. LEXIS 79319, at *10–11. Accordingly, this Court is not required to consider the merits of the Petitioning Defendants' CBM petitions in order to grant a stay.  *See Sightsound*, 2013 U.S. Dist. LEXIS 79319, at *5 & n.1 (granting a stay while declining to speculate about the likelihood of success of a CBM petition).

## IV.   ARGUMENT

Each of the four factors for determining whether to grant a stay pending CBM review strongly weighs in favor of staying this case.

### A.     A Stay Will Inevitably Simplify Or Eliminate Issues For The Court And The Parties.

There is a high likelihood that the USPTO will invalidate or significantly amend the claims of the '850, '325, '733, and '077 Patents, and that such an outcome will terminate or simplify this litigation.  The Petitioning Defendants' CBM petitions challenge the validity of every claim of the Patents-in-Suit in this case.   *See* '850, '325, '733, and '077 CBM Petitions, **Exhibits 1, 3-5**. Simplification of the issues by the CBM review is therefore guaranteed.  If the PTAB ultimately declares all of the claims invalid, this case will be resolved entirely. *See Versata Software, Inc.*, No. 1:12-cv-00893-SS, slip op. at 3 ("[A] stay in this case might not only streamline the trial, it might resolve the case entirely.") (**Exhibit 9**).   And "[e]ven if only some claims are ultimately held invalid, the number of asserted claims in this case will necessarily decrease and the issues for trial will be simplified." *Id.* at slip op. at 4.

The fact that the PTAB has not yet granted CBM review does not weigh against a stay. *See Zillow, Inc.*, No. C12-1549JLR, 2013 U.S. Dist. LEXIS 144919

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

(granting stay even though the USPTO had not yet granted CBM review); *see also Market-Alerts*, 2013 U.S. Dist. LEXIS 15300, at *7 n.5, *30; *Versata Software, Inc.*, No. 1:12-cv-00893-SS, slip op. at 3–4 (**Exhibit 9**).  As discussed above, it is likely that the PTAB will grant review of the '850, '325, '733, and '077 Patents. And if a CBM review is granted, the "necessary prerequisite finding . . . suggests at least some claims will be held invalid even if the [patent is] ultimately sent back for trial."  *Versata Software, Inc.*, No. 1:12-cv-00893-SS, slip op. at 4 (**Exhibit 9**). However, even if the Petitioning Defendants' CBM petitions are denied and the PTAB does not grant review, issues in this case are likely to be simplified.  The PTAB typically provides a detailed patentability analysis in granting or denying CBM petitions.  *See SAP America, Inc. v. Versata Dev. Group, Inc.*, No. CBM2012-00001, Paper 36, slip op. 29–31, 36–42 (PTAB January 9, 2013) ( **Exhibit 15**).  Such an analysis from "specialized experts will refine the issues and create a record that would inform, assist, and expedite any subsequent litigation." *See Progressive*, 2013 U.S. Dist. LEXIS 54899, at *26.

For all of the above reasons, the first factor strongly favors a stay.

### B.     This Case Is Still At An Early Stage.

Section 18(b)(1) of the AIA specifically states that the Court should consider "whether discovery is complete and whether a trial date has been set."  AIA § 18(b)(1).  Here, the case has not progressed to a point that a stay of the litigation is inappropriate.  The Defendants' invalidity contentions are not due until March 31, 2014, and no depositions have taken place.  And as noted above, Defendants have not yet received infringement contentions that comply with the Local Rules.  *See In re: Ameranth Patent Litigation Cases*, No. 3:11-cv-01810-DMS-WVG, ECF No. 513 (S.D. Cal. Oct. 10, 2013) (Sabraw, J.).  The claim construction hearing is not scheduled until November 3, 2014, and the Court has not set a trial date yet. Furthermore, fact discovery is far from complete, and the deadline to complete

11

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED ON RECYCLED PAPER

claim construction related discovery is not until August 18, 2014.  The Court has not set a deadline to complete fact discovery, and all non-claim construction discovery remains stayed through the Markman hearing.  *See Ameranth, Inc. v. Pizza Hut, Inc.; Et Al.*, No. 3:11-cv-01810-DMS-WVG, ECF No. 468 (S.D. Cal. Aug. 29, 2013) (Gallo, J.).  Consequently, much of the work involved in the claim construction analysis lies ahead for the parties and the Court.  *See Tierravision, Inc. v. Google, Inc.*, No. 3:11-cv-02170-DMS-BGS, ECF No. 39 (S.D. Cal. Feb. 21, 2012) (Sabraw, J.) (**Exhibit 16**); *see also EchoStar Techs. Corp. v. Tivo, Inc.*, No. 5:05-cv-81, 2006 U.S. Dist. LEXIS 48431, at *10 (E.D. Tex. July, 14 2006) (granting a stay when "[d]iscovery is not yet completed, summary judgment motions have not been filed, and the Court has not completed its claim construction").

Courts have stayed cases pending CBM review in far later stages than the instant case.  For example, one court stayed a case pending CBM review after claim construction had occurred.  *Sightsound*, 2013 U.S. Dist. LEXIS 79319, at *7–8 (staying the case even though the litigation had "reached a relatively late stage").  Similarly, a court stayed a case pending CBM review after the parties had exchanged infringement, non-infringement, and invalidity contentions, and after the parties filed their joint claim construction and prehearing statement.  *See Zillow Inc.*, 2013 WL 5530573 at *1.  Here, the claim construction hearing is not scheduled to take place until over a year from now.

Thus, the second factor weighs heavily in favor of a stay.

**C.  A Stay Will Not Unduly Prejudice Ameranth Or Afford The Defendants A Clear Tactical Advantage.**

Courts have considered several factors in determining whether prejudice is undue, including the timing of the motion, the timing of the administrative review request, the status of the review proceedings, and the relationship between the

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

parties.  *See Market-Alerts*, 2013 U.S. Dist. LEXIS 15300, at *23–24; *Sightsound*, 2013 U.S. Dist. LEXIS 79319, at *8–9.

   Regarding the timing-related factors, this motion is being filed within six days of the Petitioning Defendants filing their CBM petitions with the PTAB. Additionally, the Petitioning Defendants have previously advised Ameranth and the Court of their intent to file both the CBM Petitions and the motion for a stay.  This comes as no surprise to Ameranth.   Moreover, as previously discussed, CBM review proceedings are governed by a strict timeline.  Office Patent Trial Practice Guide, 77 Fed. Reg., Vol. 77, No. 157 at 48,756, 48,757, 48,765 (**Exhibit 14**).  The PTAB will promptly determine whether to grant review of the '850, '325, '733, and '077 Patents, and if the PTAB grants review, the review will necessarily conclude within one year of the decision granting the review.  *Id.* at 48,765; *Progressive*, 2013 U.S. Dist. LEXIS 54899, at *26 ("The PTAB is likely to decide the issues . . . well in advance of the Court . . . .").  Any alleged prejudice arising from the timing of the CBM review is substantially outweighed by the probable simplification of issues for this Court.

   Regarding the relationship of the parties, Ameranth is not a direct competitor of any of the Defendants.  *See SenoRx, Inc. v. Hologic, Inc.*, No. CIV. A. 12-173-LPS-CJB, 2013 U.S. Dist. LEXIS 8044, at *28 (D. Del. Jan. 11, 2013) (recognizing that delay in a case for direct competitors may cause prejudice).  Ameranth no longer practices the alleged inventions of the Patents-in-Suit.  Ameranth has previously admitted that its products that practiced one or more claims of the Patents-in-Suit are not "currently offer[ed] for sale, and have not been offered for sale for many years…"  Ameranth's Response to Defendants' Interrogatory No. 1, **Exhibit 17**, at 4.  With the possible exception of the Ameranth Poker Room Manager and Ameranth Poker Tournament Manager, which are poker management products, Ameranth is solely in the business of patent enforcement, making it a

13

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED ON RECYCLED PAPER

non-practicing entity with respect to all aspects of the hospitality industry. *See* Ameranth Product Web Page (**Exhibit 13**). To the extent Ameranth's poker management products are patented, they relate to patents unrelated to the Patents-in-Suit. *Id.*

Because Ameranth is not a direct competitor and no longer practices the alleged inventions of the Patents-in-Suit, Ameranth cannot be concerned with loss of market share or erosion of goodwill. *See id*; *Microlinc, LLC v. Intel Corp.*, No. 2:07-cv-488, 2010 U.S. Dist. LEXIS 99255 (E.D. Tex. Sept. 20, 2010) (explaining that a stay would not unduly prejudice the plaintiff because it "does not manufacture or sell any products, or otherwise practice the patent" such that "there is no risk of customer losses or of injury to market share during a stay"). Therefore, the relationship of the parties and Ameranth's status as a non-practicing entity weigh in favor of a stay. *See Market-Alerts*, 2013 U.S. Dist. LEXIS 15300, at *27 ("The potential for excessive prejudice is reduced by the fact that the parties do not directly compete with each other, and there is no evidence of dilatory motive on the part of the defendants.").

Any alleged prejudice resulting from the loss of a chosen forum, witnesses' memories fading, or any negative impact on licensing should not weigh against a stay. Each of these concerns is present in every motion to stay, notwithstanding the timing of filing or the length of the stay. Yet Congress still chose to include a stay provision in the AIA, stating that it was "nearly impossible" to imagine a scenario in which a district court would not issue a stay pending CBM review. *See* 157 CONG. REC. S1053.  (**Exhibit 7**).

For these reasons, the third factor strongly favors a stay.

**D.    A Stay Will Reduce The Burden Of Litigation On The Parties And The Court.**

Granting a stay will unquestionably reduce the burden on the parties and the

14

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED ON RECYCLED PAPER

Court.  *See Versata Software, Inc.*, No. 1:12-cv-00893-SS, slip op. at 3 (**Exhibit 9**). Congress incorporated this additional factor to increase the likelihood that courts will stay litigation in view of CBM review proceedings.  *Versata Software, Inc.*, No. 1:12-cv-00893-SS, slip op. at 3 (citing 157 CONG. REC. S1363) (**Exhibit 9**); *see also Market-Alerts*, 2013 U.S. Dist. LEXIS 15300, at *27 ("It appears that the intent of this provision was to ensure that district courts would grant stays pending CBM review proceedings at a higher rate than they have allowed stays pending ex parte reexaminations."); *Sightsound*, 2013 U.S. Dist. LEXIS 79319, at *10 ("[The court considers] this factor in light of the suggestion that it was enacted in order to increase the likelihood that a stay would be granted.").

First, if the stay is granted, the parties and the Court will not be burdened by litigating issues that CBM review may render moot.  Because this case is still in its early stages, the parties face significant financial and time investments.  If this case proceeds, the parties will continue with discovery and will eventually prepare claim construction briefs and expert reports.  Furthermore, the parties and the Court may waste resources litigating patent claims that the PTAB ultimately cancels in the CBM review, or claims that may be amended by Ameranth during the review.

Additionally, if a stay is denied, this Court will inevitably spend resources deciding substantive issues (and the discovery disputes which may accompany same) that CBM review may render moot.  For example, as one court observed, the court and the PTAB will ultimately apply different claim construction standards, and the court's efforts in construing the claims "may go to waste or be duplicative of the PTAB's own findings."  *Versata Software, Inc.*, No. 1:12-cv-00893-SS, slip op. at 5.  (**Exhibit 9**).

For these reasons, the fourth factor strongly favors a stay.  To date, the PTAB has instituted a trial in response to fifteen of the nineteen CBM petitions that it has considered, including granting review for six of the seven petitions on § 101

15

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED ON RECYCLED PAPER

grounds.[8]

## V.    CONCLUSION AND RELIEF REQUESTED

Defendants respectfully request that the Court promptly grant the Defendants' motion to stay until the PTAB resolves the pending CBM review of the '850, '325, '077, and '733 Patents.

---

[8] *See Liberty Mut. Ins. Co. v. Progressive Cas. Ins. Co.*, No. CBM2012-00003, Paper 15 (PTAB February 12, 2013); *Liberty Mut. Ins. Co. v. Progressive Cas. Ins. Co.*, No. CBM2012-00004, Paper 10 (PTAB January 25, 2013); *CRS Advanced Techs., Inc. v. Frontline Techs., Inc.*, No. CBM2012-00005, Paper 34 (PTAB February 19, 2013) (deciding request for rehearing); *Liberty Mut. Ins. Co. v. Progressive Cas. Ins. Co.*, No. CBM2012-00010, Paper 16 (PTAB February 25, 2013); *Liberty Mut. Ins. Co. v. Progressive Cas. Ins. Co.*, No. CBM2012-00011, Paper 12 (PTAB February 25, 2013); *Liberty Mut. Ins. Co. v. Progressive Cas. Ins. Co.*, No. CBM2013-00001, Paper 13 (PTAB February 27, 2013); *Liberty Mut. Ins. Co. v. Progressive Cas. Ins. Co.*, No. CBM2013-00002, Paper 12 (PTAB February 27, 2013); *Liberty Mut. Ins. Co. v. Progressive Cas. Ins. Co.*, No. CBM2013-00003, Paper 11 (PTAB March 15, 2013); *Liberty Mut. Ins. Co. v. Progressive Cas. Ins. Co.*, No. CBM2013-00004, Paper 11 (PTAB March 15, 2013); *Liberty Mut. Ins. Co. v. Progressive Cas. Ins. Co.*, No. CBM2013-00009, Paper 10 (PTAB March 28, 2013); *Bloomberg v. Markets-Alert Pty Ltd.*, No. CBM2013-00005, Paper 18 (PTAB March 29, 2013); *Meridianlink, Inc. v. DH Holdings, LLC*, No. CBM2013-00008, Paper 20 (PTAB June 24, 2013) (granted on § 101 ground) (**Exhibit 18**); *SAP America, Inc. v. Pi-Net Int'l, Inc.*, No. CBM2013-00013, Paper 15 (PTAB September 19, 2013) (granted on § 101 ground) (**Exhibit 19**); *U.S. Bancorp v. Ret. Capital Access Mgmt. Co.*, No. CBM2013-00014, Paper 12 (PTAB September 20, 2013) (granted on §101 ground) (**Exhibit 20**); *Apple Inc. v. Sightsound Techs., LLC*, No. CBM2013-00019, Paper 17 (PTAB October 8, 2013); *SAP America, Inc. v. Versata Dev. Group, Inc.*, No. CBM2012-00001, Paper 36 (PTAB January 9, 2013) (granted on § 101 ground) (**Exhibit 15**); *CRS Advanced Techs., Inc. v. Frontline Techs., Inc.*, No. CBM2012-00005, Paper 17 (PTAB January 23, 2013) (granted on § 101 ground) (**Exhibit 21**); *Liberty Mut. Ins. Co. v. Progressive Cas. Ins. Co.*, No. CBM2012-00002, Paper 10 (PTAB January 25, 2013); *Interthinx, Inc. v. Corelogic Solutions, LLC*, No. CBM2012-00007, Paper 15 (PTAB January 31, 2013) (granted on § 101 ground) (**Exhibit 22**).

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED ON RECYCLED PAPER

Respectfully submitted,

Dated:    October 22, 2013

JOHN A. O'MALLEY
DAN D. DAVISON
MARC L. DELFLACHE
RICHARD S. ZEMBEK

**FULBRIGHT & JAWORSKI LLP**

By  /s/ Richard S. Zembek
RICHARD S. ZEMBEK

Attorneys for Defendants, **PAPA JOHN'S USA, INC., EXPEDIA, INC., FANDANGO, INC., HOTEL TONIGHT, INC., HOTELS.COM, L.P., HOTWIRE, INC., KAYAK SOFTWARE CORPORATION, LIVE NATION ENTERTAINMENT, INC., MICROS SYSTEMS, INC., ORBITZ, LLC, STUBHUB, INC., TICKETMASTER, LLC, TRAVELOCITY.COM LP, WANDERSPOT LLC, AND OPENTABLE, INC.**

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED
ON RECYCLED PAPER

Date:  October 22, 2013          LAURA BETH MILLER
                                 DAVID P. LINDNER
                                 JOSEPH S. HANASZ
                                 ANGELA K. HSIEH
                                 JAMES G. DEROUIN

                                 **BRINKS GILSON & LIONE**

                                 GERALD P. SCHNEEWEIS
                                 ANDREW R. CHIVINSKI

                                 **MORRIS POLICH & PURDY LLP**


                                 By  s/ Laura Beth Miller
                                 LAURA BETH MILLER

                                 Attorneys for Defendant,
                                 **HYATT CORPORATION**

Date:  October 22, 2013          GEORGE C. YU

                                 **SCHIFF HARDIN LLP**


                                 By  s/ George C. Yu
                                 GEORGE C. YU

                                 Attorney for Defendant,
                                 **QUIKORDER, INC.**

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED
ON RECYCLED PAPER

Date:  October 22, 2013          NICK G. SAROS

                                 **JENNER & BLOCK LLP**


                                 By  s/ Nick G. Saros
                                 NICK SAROS

                                 Attorney for Defendants,
                                 **MARRIOTT INTERNATIONAL, INC.**

Date:  October 22, 2013          MICHAEL H. PAGE
                                 SONALI D. MAITRA

                                 **DURIE TANGRI LLP**


                                 By  s/ Michael H. Page
                                 MICHAEL H. PAGE

                                 Attorneys for Defendant,
                                 **TICKETFLY, INC.**

Date:  October 22, 2013          JOEL T. BERES

                                 **STITES & HARBISON, PLLC**


                                 By  s/ Joel T. Beres
                                 JOEL T. BERES

                                 Attorney for Defendants,
                                 **PIZZA HUT OF AMERICA, INC., AND
                                 PIZZA HUT, INC.**

19

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF
THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED
ON RECYCLED PAPER

Date:  October 22, 2013

DAVID M. STEIN
EMILY C. JOHNSON
KELLIE M. JOHNSON

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By  s/ David M. Stein
DAVID M. STEIN

Attorneys for Defendants,
**HILTON RESORTS CORPORATION, HILTON WORLDWIDE, INC., AND HILTON INTERNATIONAL CO.**

Date:  October 22, 2013

BRIAN S. INAMINE
PHILIP J. BONOLI

**LECLAIRRYAN, A PROFESSIONAL ORGANIZATION**

By  s/ Brian S. Inamine
BRIAN S. INAMINE

Attorneys for Defendant,
**USABLENET INC.**

20

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED ON RECYCLED PAPER

1   Date:  October 22, 2013          ANTHONY NIMMO
2                                    BRIAN J. LUM
3                                    NICHOLAS MERKER

4                                    **ICE MILLER LLP**

5
6                                    By  s/ Anthony Nimmo
                                     ANTHONY NIMMO
7
8                                    Attorneys for Defendant,
                                     **AGILYSYS, INC.**
9

10  Date:  October 22, 2013          J. RICK TACHE
11                                   SHAUN A. HOTING
                                     ERIKSON C. SQUIER
12                                   JENNY S. KIM
13
14                                   **GREENBERG TRAURIG, LLP**

15
16                                   By  s/ J. Rick Taché
                                     J. RICK TACHE
17
18                                   Attorneys for Defendant,
                                     **BEST WESTERN INTERNATIONAL,**
19                                   **INC.**

20

21

22

23

24

25

26

27

28
                                     21
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF
THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED
ON RECYCLED PAPER

Date: October 22, 2013

J. RICK TACHE
SHAUN A. HOTING
ERIKSON C. SQUIER
JENNY S. KIM
ROSS SPENCER GARSSON

**GREENBERG TRAURIG, LLP**

By _s/ J. Rick Taché_
J. RICK TACHE

Attorneys for Defendant,
**ATX INNOVATION, INC. D/B/A TABBEDOUT**

Date: October 22, 2013

MATTHEW C. BERNSTEIN
YUN LOUISE LU
PATRICK J. MCKEEVER

**PERKINS COIE LLP**

By _s/ Matthew C. Bernstein_
MATTHEW C. BERNSTEIN

Attorneys for Defendant and Counterclaim-Plaintiff,
**STARBUCKS CORPORATION**

22

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED ON RECYCLED PAPER

Date:  October 22, 2013                    IAN A. STEWART
                                           KELLY VAN NORT

                                           **WILSON ELSER MOSKOWITZ
                                           EDELMAN & DICKER LLP**

                                           By /s/ Ian A. Stewart
                                           IAN A. STEWART

                                           Attorneys for Defendant,
                                           **ORDR.IN, INC.**

Date:  October 22, 2013                    FRANK A. ANGILERI
                                           THOMAS W. CUNNINGHAM
                                           MARK A. JOTANOVIC

                                           **BROOKS KUSHMAN P.C.**

                                           STEPHEN S. KORNICZKY
                                           REBECCA S. ROBERTS

                                           **SHEPPARD, MULLIN, RICHTER &
                                           HAMPTON LLP**

                                           By s/ Thomas  W. Cunningham
                                           THOMAS W. CUNNINGHAM

                                           Attorneys for Defendants,
                                           **DOMINO'S PIZZA, LLC AND
                                           DOMINO'S PIZZA, INC.**

23

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF
THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED
ON RECYCLED PAPER

Date:  October 22, 2013

TIMOTHY S. TETER
LOWELL D. MEAD
JOSE R. RODRIGUEZ

**COOLEY LLP**

By  s/ Lowell D. Mead
LOWELL D. MEAD

Attorneys for Defendant, **MOBO SYSTEMS, INC. A/K/A OLO A/K/A OLO ONLINE ORDERING**

Date:  October 22, 2013

ROBERT C. SCHEINFELD
ELIOT D. WILLIAMS
ERIC J. FARAGI

**BAKER BOTTS L.L.P.**

By  s/ Eric J. Faragi
ERIC J. FARAGI

Attorneys for Defendant, **SEAMLESS NORTH AMERICA, LLC**

Date:  October 22, 2013

BRIAN J. DUNNE
MATT OLAVI

**OLAVI DUNNE LLP**

By  s/ Brian J. Dunne
BRIAN J. DUNNE

Attorneys for Defendant, **TICKETBISCUIT, LLC**

24

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED ON RECYCLED PAPER

Date:  October 22, 2013                    KONRAD SHERINIAN

**LAW OFFICES OF KONRAD SHERINIAN**

DAVID LESHT

**LAW OFFICES OF EUGENE M. CUMMINGS P.C.**

LESLEY W. ROBERTSON

**ROBERTS & ASSOCIATES, APC**

WILLIAM J. CALDARELLI

**CALDARELLI HEJMANOWSKI & PAGE LLP**

By  s/ Konrad Sherinian
KONRAD SHERINIAN

Attorneys for Defendant, **GRUBHUB, INC.**

Dated:  October 22, 2013                   JOHN GUARAGNA
JESSE HINDMAN
ROB WILLIAMS

**DLA PIPER LLP (US)**

By  s/ Jesse Hindman
JESSE HINDMAN

Attorneys for Defendant, **STARWOOD HOTELS & RESORTS WORLDWIDE, INC.**

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED ON RECYCLED PAPER

Dated:  October 22, 2013

MARK D. FOWLER
ERIN P. GIBSON
JESSE HINDMAN
ROB WILLIAMS

**DLA PIPER LLP (US)**

By  s/ Erin P. Gibson
ERIN P. GIBSON

Attorneys for Defendant, **APPLE INC.**

Dated:  October 22, 2013

ERIN P. GIBSON
JESSE HINDMAN
ROB WILLIAMS

**DLA PIPER LLP (US)**

By  s/ Erin P. Gibson
ERIN P. GIBSON

Attorneys for Defendant, **EVENTBRITE, INC.**

Date:  October 22, 2013

ARTHUR P. LICYGIEWICZ
**THOMPSON HINE LLP**

DEAN T. JANIS
**JANIS LAW GROUP, APC**

By  s/ Arthur P. Licygiewicz
ARTHUR P. LICYGIEWICZ

Attorneys for Defendant,
**O-WEB TECHNOLOGIES LTD.**

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY UNDER SECTION 18(B) OF THE LEAHY-SMITH AMERICA INVENTS ACT

CASE NO. 3:11-CV-01810-DMS-WVG

DOCUMENT PREPARED
ON RECYCLED PAPER

**CERTIFICATION OF SIGNATURES**

The undersigned hereby certifies, pursuant to this Court's Electronic Case Filing Administrative Policies and Procedures Manual § 2(f)(4), that the content of this document is acceptable to Laura Beth Miller, Counsel for HYATT CORPORATION; George C. Yu, Counsel for QUIKORDER, INC.; Nick G. Saros, Counsel for MARRIOTT INTERNATIONAL, INC., ET AL.; Michael H. Page, Counsel for TICKETFLY, INC.; Joel T. Beres, Counsel for PIZZA HUT OF AMERICA, INC., AND PIZZA HUT, INC.; David M. Stein, Counsel for HILTON RESORTS CORPORATION, HILTON WORLDWIDE, INC., AND HILTON INTERNATIONAL CO.; Brian S. Inamine, Counsel for USABLENET INC.; Anthony Nimmo, Counsel for AGILYSYS, INC.; J. Rick Taché, Counsel for ATX INNOVATION, INC. D/B/A TABBEDOUT; J. Rick Taché, Counsel for BEST WESTERN INTERNATIONAL, INC.; Matthew C. Bernstein, Counsel for STARBUCKS CORPORATION; Ian A. Stewart, Counsel for ORDR.IN, INC.; Thomas W. Cunningham, Counsel for DOMINO'S PIZZA, LLC AND DOMINO'S PIZZA, INC.; Lowell D. Mead, Counsel for MOBO SYSTEMS, INC. A/K/A OLO A/K/A OLO ONLINE ORDERING; Eric J. Faragi, Counsel for SEAMLESS NORTH AMERICA, LLC; Brian J. Dunne, Counsel for TICKETBISCUIT, LLC; Konrad Sherinian, Counsel for GRUBHUB, INC.; Jesse Hindman, Counsel for STARWOOD HOTELS & RESORTS WORLDWIDE, INC.; Erin P. Gibson, Counsel for APPLE, INC.; ERIN P. GIBSON, Counsel for EVENTBRITE, INC.; and ARTHUR P. LICYGIEWICZ, Counsel for O-WEB TECHNOLOGIES LTD., and that I have obtained their authorizations to affix their electronic signatures to this document.

By   /s/ Richard S. Zembek
       Richard S. Zembek

Attorneys for Defendants PAPA JOHN'S USA, INC., EXPEDIA, INC., FANDANGO, INC., HOTEL TONIGHT, INC., HOTELS.COM, L.P., HOTWIRE, INC., KAYAK SOFTWARE CORPORATION, LIVE NATION ENTERTAINMENT, INC., MICROS SYSTEMS, INC., ORBITZ, LLC, STUBHUB, INC., TICKETMASTER, LLC; TRAVELOCITY.COM LP, WANDERSPOT LLC, AND OPENTABLE, INC.

Email:
richard.zembek@nortonrosefulbright.com

53033132.23

DOCUMENT PREPARED ON RECYCLED PAPER

DEFENDANTS' CONSOLIDATED RESPONSE TO ORDER TO SHOW CAUSE WHY THESE CASES SHOULD NOT BE CONSOLIDATION FOR PRETRIAL PURPOSES UP TO AND INCLUDING CLAIM CONSTRUCTION

CASE NOS. 11-CV-1810 JLS (NLS), ET AL.