UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: AMERANTH PATENT LITIGATION CASES, | CASE NO. 11cv1810 DMS (WVG)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY**<br><br>**[Docket No. 520]** |

    This case comes before the Court on Defendants' motion to stay this litigation pending review by the Patent Trial and Appeal Board ("PTAB") of a petition for review of the validity of the patents in suit under the Transitional Program for Covered Business Method ("CBM") Patents. Plaintiff filed an opposition to the motion, and Defendants filed a reply. For the reasons discussed below, the Court grants Defendants' motion.

## I.

## BACKGROUND

    On October 15, 2013, the majority of Defendants in this case filed petitions with the PTAB seeking review of the validity of Plaintiff's patents under the Transitional Program for CBM Patents. These Defendants filed four petitions, one directed at each of the four patents at issue in this case. Each petition challenges the validity of every claim of the respective patent.

    According to the Office Patent Trial Practice Guide, Plaintiff has three months, or until January 15, 2014, to file a response to the petitions. The PTAB will have three months from the filing of Plaintiff's responses or January 15, 2014, whichever is sooner, to determine whether to institute a trial

///

on the petitions. If the PTAB orders a trial, it will then have an additional twelve months to issue a final written decision on the petitions.

## II.

## DISCUSSION

Defendants' request for a stay is based on Section 18(b) of the America Invents Act ("AIA"). This statute provides:

> If a party seeks a stay of a civil action alleging infringement of a patent under section 281 of title 35, United States Code, relating to a transitional proceeding for that patent, the court shall decide whether to enter a stay based on - -
>
> (A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;
>
> (B) whether discovery is complete and whether a trial date has been set;
>
> (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
>
> (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

America Invents Act, Pub. L. No. 112-29, 125 Stat. 284, 331 (2011). This test "resembles the one that courts have applied in assessing a motion to stay pending *inter partes* or *ex parte* reexamination by the PTO. *Zillow, Inc. v. Trulia, Inc.*, No. C12-1549JLR, 2013 WL 5530573, at *3 (W.D. Wash. Oct. 7, 2013) (citing *Market-Alerts Pty. Ltd. v. Bloomberg Finance L.P.*, 922 F.Supp.2d 486, 489 (D. Del. 2013)). "The primary difference between this test and the one employed by courts in the ordinary patent reexamination context is the inclusion of the fourth factor regarding whether a stay will reduce the burden of litigation." *Id.* (citing *Market-Alerts*, 922 F.Supp.2d at 489).

**A.    Simplification of Issues and Trial**

Here, Defendants argue the imposition of a stay will simplify the issues and streamline any trial. Plaintiff disagrees. Although each side raises valid points, the imposition of a stay, in and of itself, will not simplify the issues or streamline the trial. Whether that will occur depends on the outcome of Defendants' petitions, not whether a stay is or is not imposed. Until the PTAB issues decisions on the petitions, the Court can do no more than speculate about whether a stay will or will

not simplify the issues in this case or streamline any trial. Accordingly, this factor weighs against the imposition of a stay.[1]

**B.    Status of the Case**

The next factor looks to the status of the case. In particular, whether discovery is complete and a trial date has been set. The simple answer to both of these questions is "no." Although the first case in this group of cases was filed more than two years ago, Plaintiff continued to file additional cases against other Defendants over the course of those two years with the last case filed several months ago. The pleadings were settled only recently, Plaintiff has yet to serve preliminary infringement contentions on each Defendant and Defendants have yet to serve their preliminary invalidity contentions. Both sides blame each other for the slow progress of these cases, but the reason for the delay is secondary to the actual status of the case, and here, the case is still in its early stages. Under these circumstances, this factor weighs in favor of the imposition of a stay. *See Market-Alerts*, 922 F.Supp.2d at 494 (quoting *SenoRx, Inc. v. Hologic, Inc.*, No. 12-173-LPS-CJB, 2013 WL 144255, at *5 (D.Del. Jan. 11, 2013)) ("Staying a case at an early juncture 'can be said to advance judicial efficiency and maximize the likelihood that neither the [c]ourt nor the parties expend their assets addressing invalid claims.'")

**C.    Prejudice to Plaintiff/Advantage to Defendants**

The next factor under the statute is whether the imposition of a stay would unduly prejudice Plaintiff or present a clear, tactical advantage for Defendants. In considering this factor, courts look "to additional considerations including the timing of the stay request, the timing of the administrative review request, the status of the review proceedings, and the relationship between the parties." *Id.*

The review process for CBM patents became available on September 16, 2012. Defendants waited slightly over one year to file their petitions for review, but given the uncertainty in these cases during that time, the Court cannot say the timing of Defendants' requests for review was unreasonable. And once the petitions were filed, Defendants acted with haste, filing the present motion one week

---

[1] In the event the PTAB orders a trial on the petitions, this factor would weigh in favor of the imposition of a stay, as the petitions involve all of the patents at issue and all of the claims of the patents in suit. The PTAB proceedings could certainly simplify the issues in question by invalidating all or some of the claims or patents in suit, and could also assist with claim construction if the validity of the claims and patents is upheld.

after the petitions were filed. Under these circumstances, the Court cannot say Defendants unreasonably delayed the filing of their petitions or the present motion to stay, or that their decision to do either is solely an attempt to delay this litigation.

As for the relationship between the parties, Defendants assert, and Plaintiff does not dispute, that Plaintiff is not a direct competitor of any Defendant. Under these circumstances, and in the absence of any evidence of dilatory motive on Defendants' part, this factor weighs in favor of the imposition of a stay. *See id.* at 495-96 ("The potential for excessive prejudice is reduced by the fact that the parties do no directly compete with each other, and there is no evidence of dilatory motive on the part of the defendants.")

### D. Burden of Litigation

This last factor for the Court's consideration is whether the imposition of a stay will reduce the burden of litigation on the parties and the Court. This factor "was added in order to ease the movant's task in demonstrating the need for a stay." *Zillow*, 2013 WL 5530573, at *3 (citing *Market-Alerts*, 922 F.Supp.2d at 489-90). Indeed, the inclusion of this factor "was designed to increase the likelihood that the court will grant a stay when a party initiates a transitional CBM review as opposed to an ordinary PTO reexamination." *Id.* (citing *Progressive Cas. Ins. Co. v. Safeco Ins. Co. of Ill.*, Nos. 1:10CV01370, 1:11CV00082, 1:12CV01068, 1:12CV01070, 2013 WL 1662952, at *3 (N.D. Ohio Apr. 17, 2013)). *See also Sightsound Technologies, LLC v. Apple, Inc.*, No. 11-1292, 2013 WL 2457284, at * 1 (W.D. Penn. June 6, 2013) (quoting 157 Cong. Rec. S1053) (stating statute "'places a very heavy thumb on the scale in favor of a stay being granted.'")

Here, there is no dispute that a stay would reduce the burden of litigation on the parties and the Court. Specifically, the parties would be relieved of their current obligations to prepare infringement and invalidity contentions and conduct claim construction discovery. The Court would also be relieved of its obligation to construe the claims and resolve any other issues that may arise during the course of litigation. Thus, this factor, too, weighs in favor of the imposition of a stay.

### III.

### CONCLUSION AND ORDER

1    Considering the factors discussed above, the Court GRANTS Defendants' motion to stay this
2 case pending Defendants' petitions for CBM review.  Upon issuance of a final decision from the
3 PTAB, the parties shall request that the stay be lifted so this case may proceed.  The parties shall
4 include a copy of the PTAB's final action with that request.  The Clerk of Court shall administratively
5 close this case.

6    **IT IS SO ORDERED**.

7 DATED: November 26, 2013

  HON. DANA M. SABRAW
  United States District Judge