UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: AMERANTH CASES<br><br>Member Case: AMERANTH, INC. v. PIZZA HUT, INC. et al. | Member Case No.: 12-CV-742-DMS(WVG)<br>Lead Case: 11-CV-1810-DMS(WVG)<br><br>**ORDER FOLLOWING DISCOVERY CONFERENCE** |

The Court convened a discovery conference in the above-captioned member case on May 17, 2017 to discuss a disputed response to a single Requests for Production of Documents ("RFP"): Ameranth's RFP No. 1 (Set 9).[1] Having considered argument, Pizza Hut is ordered to produce the responsive technology agreements its counsel referenced during argument.

As an initial matter, Pizza Hut admits that, despite its carefully crafted RFP responses, it possesses technology agreements that contain licensing provisions. During argument, Pizza Hut conceded that the technology agreements would be responsive to the RFP's request for documents that are "for or related to" at least the '739 patent. Thus at a

---

[1] "All license agreements or any other Agreements for or related to U.S. patent no. 5,991,739 (the ''739 patent') or 8,738,449 (the ''449 patent') . . . ." Ameranth has withdrawn the remainder of this request for "any drafts of any such Agreements."

1

minimum, it is evident that Pizza Hut continues to possess responsive documents it has not produced.

Pizza Hut's primary objection to the production of the responsive technology agreements is their complete lack of relevance to claim construction in the consolidated infringement action in which Ameranth is the plaintiff or to any issue in IPDEV's priority action (No. 14-CV-1303-DMS(WVG)) against Ameranth. Because the technology agreements lack relevance, Pizza Hut argues, their production would be unduly burdensome. However, Ameranth contends that these documents are relevant in both cases.

Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." After the 2015 Amendments to Rule 26, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable," *id.*, but it still must be relevant to a party's claim or defense. *See In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. Sept. 16, 2016). "Despite the recent amendments to Rule 26, discovery relevance remains a broad concept." *Fannie Mae v. SFR Invs. Pool 1, LLC*, No. 14-CV-2046-JAD-PAL, 2016 U.S. Dist. LEXIS 23925, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016) (unpublished); *see also Haghayeghi v. Guess?, Inc.*, 168 F. Supp. 3d 1277, 1280 (S.D. Cal. 2016). Moreover, "discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Ameranth's request for license agreements and "other" agreements that contemplate the subject patents satisfies the broad and permissive discoverability standard above. Ameranth argues the documents are relevant in both the consolidated infringement action and IPDEV's priority action. First, Ameranth contends the documents it seeks are relevant to claim construction in the infringement action because "such agreements often refer to elements of systems practicing the invention corresponding to patent claim terms, such as databases, linked GUI screens, wireless handhelds, synchronization, etc., and how a POSA

would understand such terms." The Court is persuaded that the documents Ameranth seeks may constitute potentially relevant extrinsic evidence that may assist the District Judge's claim construction analysis.[2,3] Pizza Hut's argument that the technology agreements are too remote in time to be relevant is unpersuasive. In the Court's view, any such temporal remoteness goes to the weight of the evidence, not its relevancy, and the District Judge may consider temporal remoteness to determine whether to reject this extrinsic evidence.

---

[2] It is true that the Court of Appeals for the Federal Circuit has expressed reservations about the reliability of extrinsic evidence in the claim construction context. *See, e.g.*, *Phillips v. AWH Corp.*, 415 F.3d 1303, 1318 (Fed. Cir. 2005) (en banc) ("We have viewed extrinsic evidence in general as less reliable than the patent and its prosecution history in determining how to read claim terms, for several reasons.") (listing reasons). However, although extrinsic evidence "is generally of less significance than the intrinsic record," *Profectus Tech. LLC v. Huawei Techs. Co.*, 823 F.3d 1375, 1380 (Fed. Cir. 2016), this does not mean that such evidence is devoid of relevance, *see Phillips*, 415 F.3d at 1319 (holding that "because extrinsic evidence can help educate the court regarding the field of the invention and can help the court determine what a person of ordinary skill in the art would understand claim terms to mean, it is permissible for the district court in its sound discretion to admit and use such evidence."). Whether and to what extent the honorable District Judge in this case departs from the intrinsic record—or allows or uses extrinsic evidence—is within his purview and discretion. But the permissive discovery standards do not support this Court barring Ameranth—via discovery orders—from at least having the opportunity to directly present such evidence for the District Judge's consideration or use the documents in other ways—such as by expert witnesses—when Ameranth has met its burden. Moreover, this Court is not persuaded that Ameranth is limited to using a finite type of extrinsic evidence. *See id.* at 1317 ("[W]e have also authorized district courts to rely on extrinsic evidence, *which 'consists of all evidence external* to the patent and prosecution history . . . .'") (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 980 (Fed. Cir. 1995)) (emphasis added). This Court recognizes that the District Judge may ultimately reject all of the subject agreements as unhelpful or contradictory, *see Markman*, 52 F.3d at 981, but this does not mean this Court should deny the District Judge the opportunity to make such a determination when Ameranth has provided a persuasive basis for the documents' relevance.

[3] Because the Court is persuaded by Ameranth's first stated basis for relevancy in the infringement action, the Court will not discuss the remaining two bases.

Moreover, Ameranth persuasively argued the technology agreements' relevancy in the IPDEV priority action, in which discovery is open as to all issues. For example, technology agreements that describe the technology system(s) the agreements cover may evidence technology limitations or variations that may in turn demonstrate critical differences between the competing patents and undermine IPDEV's priority claims.

Having resolved the question of relevancy in Ameranth's favor, questions of proportionality and burden remain. During argument, Pizza Hut represented that fewer than 10 responsive technology agreements exist. In light of the low number of documents, requiring their production would not create and undue burden for Pizza Hut and would be proportional to the needs of this case given its scope and the stakes involved.[4]

In sum, Pizza Hut's objections are OVERRULED. Pizza Hut is ordered to produce the responsive documents **no later than May 30, 2017**.

IT IS SO ORDERED.

DATED: May 19, 2017

Hon. William V. Gallo
United States Magistrate Judge

---

[4] Additionally, the Court finds the RFP as crafted is not overly broad, as it is evident Pizza Hut's counsel understands its scope. Pizza Hut also withdrew its privilege and work-product objections.