UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: AMERANTH CASES | Lead Case No.: 11-CV-1810-DMS(WVG)<br><br>**ORDER DENYING MOTION TO COMPEL WITHOUT PREJUDICE**<br><br>**[Doc. Nos. 985 & 1002.]** |

This discovery dispute involves Plaintiff and Defendants Apple Inc., Starwood Hotels & Resorts Worldwide LLC, Hilton Resorts Corp., Hilton Worldwide Inc., Hilton Int'l Co., Eventbrite Inc., and Ticketfly Inc. The Court held a telephonic discovery conference on March 19, 2018 and requested additional briefing. Having considered the briefing and argument, the Court finds the portion of the dispute involving interrogatories from 2013 is untimely. As for the disputed interrogatory from 2018, the Court finds Common Interrogatory No. 3 ("CROG 3") is compound and unduly burdensome. Defendants' motion to compel is DENIED without prejudice.

**A.     Untimely August 2013 Interrogatories**

Under this Court's standing Civil Chambers Rules, if a "dispute cannot be resolved through good faith meet and confer efforts, counsel shall jointly call chambers to notify the

Court of a discovery dispute within thirty (30) calendar days of the date upon which the event giving rise to the dispute occurred." With respect to the August 2013 interrogatories at issue here, this 30-day deadline began to run on August 21, 2013, the day Plaintiff served its responses. There is no indication that Defendants informed Plaintiff of any issues within those 30 days. Nor did the parties bring any dispute to the Court's attention before the 30-day deadline passed. The case was then stayed on November 11, 2013, but the 30-day deadline had long passed by then, and the parties still had not notified the Court of any dispute. The parties jointly called the undersigned's chambers about this dispute for the first time on March 19, 2018.

      Deadlines to bring discovery disputes exist for good reason, as it is in everyone's best interest that disputes be addressed quickly and while the matter is fresh in everyone's minds. Deadlines have a way of concentrating the mind on the task at hand and prevent parties from inundating the Court with numerous disputes at once when the Court could have addressed individual disputes as the case progressed. Defendants have not advanced any good reason why they failed to bring this dispute to the Court's attention in a timely manner or why a 4.5-year delay ought to be excused. Nor can the Court think of any such reason. The Court finds the dispute over the sufficiency of Plaintiff's responses to interrogatories 1 through 3 of Defendants' First Set of Interrogatories is untimely and accordingly declines to consider the dispute. *See generally Pac. Marine Propellers, Inc. v. Wartsila Def., Inc.*, No. 17CV555-BEN(NLS), 2018 U.S. Dist. LEXIS 56973, at *7 (S.D. Cal. Apr. 3, 2018) (finding motion to compel filed after 45-day deadline in Chambers Rules untimely) (Stormes, M.J.); *Obesity Research Inst., LLC v. Fiber Research Int'l*, LLC, No. 15CV595-BAS(MDD), 2017 U.S. Dist. LEXIS 97724, at *5 (S.D. Cal. June 23, 2017) (finding Magistrate Judges' 30-day discovery dispute deadlines in this District are not contrary to law) (Bashant, D.J.); *cf. Roettgen v. Foston*, No. 13CV1101-GPC(BGS), 2016 U.S. Dist. LEXIS 3165, at *7 (S.D. Cal. Jan. 11, 2016) (finding excusable neglect where plaintiff provided credible reasons for filing motion to compel after Chambers Rules deadline) (Skomal, M.J.).

Defendants contend the 30-day clock began to run anew on February 15, 2018, when Plaintiff refused their request for supplementation of the 2013 responses. The Court disagrees that the 30-day clock restarted. *See Guzman v. Bridgepoint Educ. Inc.*, No. 11CV69-WQH(WVG), 2014 U.S. Dist. LEXIS 35640, at *8 (S.D. Cal. Mar. 18, 2014) (Gallo, M.J.) (denying motion to compel as untimely and noting that "[t]he clock does not reset simply because Plaintiff allowed Defendants to serve untimely responses."). Were the Court to accept this position, a party could resurrect an untimely discovery dispute from the grave at any time simply by demanding that the opposing party supplement discovery responses. This would render the Court's deadline meaningless.

**B.     February 2018 Common Interrogatory No. 3**

   **1.     The Disputed Interrogatory**

If You contend that any of the prior art references or combinations thereof identified in Defendants' Invalidity Contentions do not invalidate any of the Asserted Claims to which the prior art was applied, separately explain, in detail for each basis for invalidity of the Asserted Claims under 35 U.S.C. § 102 and/or 103 set forth in Defendants' Invalidity Contentions, all grounds (including any supporting claim charts) for Your contention that each such claim is not invalid, including but not limited to an identification of each claim element which You contend is not present in the applied prior art reference(s) and any facts, argument, reasoning or evidence You believe supports Your position, and identify all persons with knowledge of the relevant facts.

   **2.     Ruling**

As drafted, CROG3 is compound because it requires multiple discrete and separate categories of information about the main subject matter of the interrogatory, which is "each basis for invalidity of the Asserted Claims under 35 U.S.C. § 102 and/or 103 set forth in Defendants' Invalidity Contentions." CROG3 can easily be parsed into discrete subparts as follows:

   Explain, in detail for each basis for invalidity of the Asserted Claims under 35
   U.S.C. § 102 and/or 103 set forth in Defendants' Invalidity Contentions,

1. all grounds (including any supporting claim charts) for Your contention that each such claim is not invalid,

    1(a). including but not limited to an identification of each claim element which You contend is not present in the applied prior art reference(s)

    1(b). and any facts, argument, reasoning or evidence You believe supports Your position; and

2. identify all persons with knowledge of the relevant facts.

Correctly parsed in this manner, the Court finds that the distinct categories of information numbered above constitute "discreet subparts" within the meaning of Rule 33(a)(1) and that, taken together, these discreet subparts render CROG3 impermissibly compound. *Accord SPH Am., LLC v. Research in Motion, Ltd.*, No. 13CV2320-CAB(KSC), 2016 WL 6305414, at *2 (S.D. Cal. Aug. 16, 2016) (interrogatory compound where it sought "[1] the factual basis supporting each validity contention, [2] the identity of the individual who have knowledge of these facts, and [3] the identity of the documents that support the validity contentions.").

Moreover, as other courts have found, CROG3's requirement for supporting claim charts is unduly burdensome. *See, e.g.*, *Apple Inc. v. Wi-LAN Inc.*, No. 14CV2235-DMS(BLM), 2018 WL 733740, at *5 (S.D. Cal. Feb. 6, 2018); *Friskit, Inc. v. Real Networks, Inc.*, No. C03-5085-WWS(MEJ), 2006 WL 1305218, at *1-2 (N.D. Cal. May 11, 2006).

Finally, in addition to arguing that CROG3 is compound and burdensome, Plaintiff contends CROG3 *far* exceeds "Defendants' 25 interrogatory limit" because it contains a much larger number of discreet subparts than the Court has identified above. Specifically, Plaintiff contends the subparts should be calculated as follows:

[3 Independent Claims with at least 6 elements each] + [9 Dependent Claims with at least 1 additional element each] x [all facts] x [all arguments] x [all persons with knowledge]

4

11-CV-1810-DMS(WVG)

(Doc. No. 1006 at 6; *see also* Doc. No. 1002 at 7.) Without providing an estimate of how many interrogatories Plaintiff believes CROG3 actually amount to, Plaintiff contends "this is not 'one' interrogatory; rather this request *alone* far exceeds Defendants' 25 interrogatory limit." (Doc. No. 1002 at 7 (emphasis in original).) However, as explained below, the Court does not find CROG 3 exceeds interrogatory numerical limitations.

Based on the parties' supplemental briefing, it appears Defendants have propounded six interrogatories as a group of common defendants and have not propounded any interrogatories as individual defendants. Each common interrogatory counts against each defendant's individual 25-interrogatory limit. (Doc. No. 334 ¶ 8(iv)(h)(2); Doc. No. 345 ¶ 8(iv)(h)(2).) Under the Court's analysis of this compound interrogatory, it amounts to at most three separate interrogatories. When added to the previous six common interrogatories, the sum total is nine and well below the authorized limit of 25.

The Court disagrees with Plaintiff's over-parsing of CROG3 in the above manner. "A request for a range of information in an interrogatory is considered part of a single question if it is logically or factually subsumed into the larger question." *SPH Am., LLC v. Research in Motion, Ltd.*, No. 13CV2320-CAB(KSC), 2016 WL 6305414, at *2 (S.D. Cal. Aug. 16, 2016); *see also Warren v. Bastyr Univ.*, No. 11CV1800-RSL, 2013 WL 1412419, at *1 (W.D. Wash. Apr. 8, 2013); *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 444 (C.D. Cal. 1998). Here, although Plaintiff is correct that CROG3 is compound, the Court disagrees about the number of discreet subparts CROG3 contains. Specifically, the Court disagrees that each Independent Claim or Dependent Claim and each element within them count as a separate subparts. Rather, the Dependent and Independent Claims are logically and factually subsumed into the larger question of the claimed invalidity of the Asserted Claims.

In this Court's estimation, CROG3 would not be compound or multiplicitous if, for example, it asked only for "all grounds for Your contention that each [Asserted Claim] is not invalid" with respect to the "basis for invalidity" of the Asserted Claims. This hypothetically modified CROG3 asks for one category of information ("all grounds for

Your contention that each [Asserted Claim] is not invalid") about a single subject matter ("basis for invalidity of the Asserted Claims . . . set forth in Defendants' Invalidity Contentions"). If Plaintiff is required to analyze various Dependent and Independent Claims and their elements to answer this one question, that analysis is logically and factually subsumed into the "basis for invalidity" question. That the inquiry into this single subject matter may necessitate a foray into other inextricably-interdependent areas does not render CROG3 multiplicitous. Plaintiff being required to engage in this extended analysis is an unavoidable result of the complexity of the case that Plaintiff brought. The main call of CROG3 is fair game and proportional in this complex case. Moreover, its subject matter is relevant, and it is fair game that a plaintiff that has sued scores of companies should be held to answer it.

Based on the foregoing, Defendants' motion to compel is DENIED without prejudice.

IT IS SO ORDERED.

DATED: April 11, 2018

Hon. William V. Gallo
United States Magistrate Judge