**CALDARELLI HEJMANOWSKI PAGE & LEER LLP**
William J. Caldarelli (SBN 149573)
Lee Hejmanowski (SBN 166236)
Ben West (SBN 251018)
12340 El Camino Real, Suite 430
San Diego, CA  92130
Telephone: (858) 720-8080
wjc@chpllaw.com; dbw@chpllaw.com; leh@chpllaw.com

Attorneys for Plaintiff Ameranth, Inc.
Additional counsel for Plaintiff listed below.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: AMERANTH PATENT LITIGATION | Lead Case No. 11cv1810 DMS (WVG) |
|---|---|
| | **AMERANTH, INC.'S OPPOSITION TO DEFENDANT PAPA JOHN'S USA, INC.'S OBJECTIONS AND MOTION TO STRIKE AMERANTH'S EXPERT DECLARATIONS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |
| | Judge: Honorable Dana M. Sabraw |
| | Complaint Filed:  August 15, 2011<br>Date: July 20, 2018<br>Time: 1:30 p.m. |

**Additional counsel for Plaintiff Ameranth, Inc.:**

**FABIANO LAW FIRM, P.C.**
Michael D. Fabiano (SBN #167058)
12526 High Bluff Drive, Suite 300
San Diego, CA  92130
Telephone: (619) 742-9631
mdfabiano@fabianolawfirm.com

**OSBORNE LAW LLC**
John W. Osborne (Appointed *Pro Hac Vice*)
33 Habitat Lane
Cortlandt Manor, NY 10567
Telephone: (914) 714-5936
josborne@osborneipl.com

**WATTS LAW OFFICES**
Ethan M. Watts (SBN #234441)
12340 El Camino Real, Suite 430
San Diego, CA  92130
Telephone: (858) 509-0808
Facsimile: (619) 878-5784
emw@ewattslaw.com

**WITKOW BASKIN**
Brandon Witkow (SBN 210443)
Erin C. Witkow (SBN 216994)
21031 Ventura Blvd., Suite 603
Woodland Hills, CA 91364
Tel: (818)296-9508
Fax: (818)296-9510
bw@witkowlaw.com
ew@witkowlaw.com

## I. INTRODUCTION

After a seven-year onslaught of attacks - including multiple covered business method petitions filed against the '077 Patent over a five-year period and a "gang tackling" series of parallel summary judgment motions in coordination with its co-defendant pizza companies, Defendant Papa John's, Inc ("Papa John's") attempts a final, desperate gambit to deny Plaintiff Ameranth, Inc. ("Ameranth") its right to present to the jury the truth of Papa John's infringement by asking this Court to strike Ameranth's rebuttals/defenses to Papa John's purported "non-infringement" summary judgment arguments.

Papa John's argues that the Court cannot consider the expert declarations of Dr. Sam Malek, Dr. Michael Shamos, and Michel Cardinal submitted with Ameranth's MSJ Opposition because they are purportedly "untimely." Contrary to Papa John's claims, Ameranth properly disclosed Dr. Malek and Dr. Shamos as testifying experts and timely served their expert reports in accordance with the Court's Order. Ameranth offered their July 6, 2018 declarations only to rebut *new* arguments from Papa John's made *for the first time* in Papa John's MSJ filed on June 15, 2018, and which Ameranth had no chance to rebut prior to the filing of its opposition brief on July 6, 2018.

Ameranth was entitled to rebut Papa John's motion for summary judgment ("MSJ") since it relied on incorrect and belated claim constructions[1], and also improperly seeks to introduce <u>new</u> and <u>different</u> claim constructions[2] based in large part on misrepresentations of Ameranth's own experts' testimony, *i.e.*, the testimony of Dr. Sam Malek and Dr. Michael Shamos.[3] Papa John's motion seeks

---

[1] *SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1292 (Fed. Cir. 2005) (upholding refusal to entertain untimely claim construction arguments made after the relevant cut-off dates under the court's local rules).
[2] Papa John's improperly seeks to rely on multiple Court-rejected claim constructions,
[3] Further, Papa Johns has improperly and repeatedly cited to pre-*Markman* order testimony of Dr. Shamos, as to claim constructions, which is entirely improper, given that Dr. Shamos did not have the benefit at that time of the Court's claim

OPPOSITION TO MOTION TO STRIKE AMERANTH'S EXPERT DECLARATIONS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
11-cv-01810-DMS-WVG

to improperly conflate 'generate' and 'formatting' (which are different terms, with different meanings, between different independent claims)[4] and to misinterpret and distort the Court's Order of "outside the handheld." Specifically, Papa John's surreptitiously seeks to **read back into** the Court's Order the six JDG constructions that the Court explicitly rejected, while seeking to **read out** the Court's specifically constructed '**GUI**' definition and its allowed 'integration' aspects. In fact, Ameranth's rebuttal to these newly contrived arguments, based upon Papa John's complete disregard of the '**integration**' aspects of the claims and the requisite skill of a POSA to assess the claims as a whole, were not addressed by Papa John's and stand unrebutted. The terms '**integrate**,' '**integration**,' and/or the Court's specific inclusion of 'integration' in its *Markman* Order[5] appear nowhere in Papa John's MSJ Reply brief. Thus, it has implicitly conceded its non-infringement arguments to be incorrect and Ameranth's rebuttal to be correct. Now, Papa John's improperly seeks to constrict that rebuttal through this Motion to Strike.

As explained below, federal law is clear that experts *can* submit declarations in opposition to MSJs (following the deadline for expert disclosures), which include additional details, support or elaboration, as long as those declarations are consistent with the expert's reports. Here, Papa John's has not

---

constructions in order to include, *e.g.*, the Court's construction of "outside the handheld."
[4] Indisputably, '077 independent claim 13 doesn't use the **'generate'** term at all, and the '**format**' term, is used only **once** in independent '077 claims 1,9 and then - only in reference to '**the system**' overall, (which any POSA would know, when properly considering 'the claims as a whole' includes **integration** functions occurring at/on the handheld), just as the Court recognized and confirmed in its *Markman* Order.
[5] "Ameranth does not seem to dispute that the menu configuration is generated outside the handheld. Rather, it argues the menu configuration can be integrated on the handheld. However, **integration** and **generation** of the menu configuration are **two separate things**." (*Markman* Order, 12:14-17 [Dkt. No. 908]) (emphasis added).

2

**AMERANTH'S OPPOSITION TO MOTION TO STRIKE DECLARATIONS OF DR. SAM MALEK, DR. MICHAEL SHAMOS, AND MICHEL CARDINAL**
**11-cv-01810-DMS-WVG**

and cannot identify any *inconsistency* between the opinions set forth in Dr. Malek's or Dr. Shamos' declarations and their expert report.

With respect to the declaration of Ameranth's non-testifying expert consultant, Mr. Cardinal, Papa John's contends that Ameranth was somehow obligated to disclose Mr. Cardinal as a trial witness under Federal Rule of Civil Procedure 26.  However, Papa John's cites absolutely no authority requiring Ameranth to disclose an expert consultant who it does not intend to call to testify *at trial* (and such a claim directly contradicts Rule 26)*,* nor does it cite any authority precluding a non-testifying consultant from submitting declarations in connection with an MSJ opposition or any other filing.  As Papa John's concedes in its Motion, Mr. Cardinal was "made known to Papa John's on **March 29, 2013**".  (Motion, 3:16-17) (emphasis added).  He has been employed as a non-testifying expert consultant in this action for *years,* and has submitted declarations on numerous occasions, as early as 2013 and as recently as last year.  Thus, any claim by Papa John's that it has been "harmed" or "prejudiced" by these declarations rings hollow.  Since the *facts* in these declarations show the truth of its infringement, Papa John's unfairly seeks to exclude these facts by trying to deny Ameranth its right to present them in rebuttal.  This Court has held that such efforts are contrary to public policy, and should be rejected.  *See e.g., DR Sys., Inc. v. Eastman Kodak Co*., 08-CV-669-H (BLM), 2009 U.S. Dist. LEXIS 104080, *37-*40 (S.D. Cal. Nov. 9, 2009) (denying motion to strike declaration submitted with summary judgment briefing alleged to contain "entirely new opinions" and holding that "public policy reasons weigh in favor of deciding the matter on the merits").  Accordingly, Ameranth respectfully requests that the Court deny Papa John's Motion to Strike.

## II.   AMERANTH'S DECLARATIONS ARE NOT UNTIMELY

Papa John's Motion to Strike argues that Ameranth somehow "violated" the expert witness disclosure requirements of FRCP 26 and the Court's Case

Management Order by submitting expert declarations with Ameranth's Opposition to its MSJ. Papa John's asserts that at the "eleventh hour" Ameranth provides "new declarations containing previously undisclosed expert opinions" from its two disclosed testifying experts, Dr. Malek and Dr. Shamos, and from a third non-testifying expert technical consultant, Mr. Cardinal. (Motion, 2:5-15). This argument is belied by both the facts and the law.

First, the declarations were not filed as "supplemental" expert reports. Rather, they were filed as ***declarations in opposition*** to the MSJ pursuant to Rule 56(c)(4), and they were timely filed pursuant to Local Rule 7.1(e)(2) in response to issues raised by Papa John's for the first time in its MSJ. Papa John's motion to strike improperly attempts to conflate the dates for provision of opening and supplemental expert witness reports with the dates for submitting evidence and declarations in opposition to a later filed MSJ.

Second, as to Dr. Malek and Dr. Shamos, an expert declaration "submitted in response to criticisms of the expert's opinion or methodology contained in a . . . motion for summary judgment ***is permissible*** as long as it is consistent with the ***overall opinion or methodology in the [expert's] original report and merely provides additional subsidiary details, support or elaboration.*** " *Mass. Mutual Life Ins. Co., v. DB Structured Products, Inc.,* Case No. CV 11-30039-MGM, 2015 WL 12990692, at *3-*4 (D. Mass. Mar. 31, 2015) (emphasis added) (citing *Curet-Velazquez v. Acemla De Puerto Rico, Inc.,* 656 F.3d 47, 56 (1st Cir. 2011). Such a declaration will be considered "improper supplementation" only if "***differs substantially*** from the report, offers a ***whole new*** theory, opinion, or methodology, or is ***outside the scope or general scheme*** of the report . . . ." *Id.* (emphasis added). Thus, "where an expert's affidavit provides evidentiary details for an opinion expressed in his expert report, those portions of his or her affidavit can be considered." *See, e.g., Lidle ex rel. Lidle v. Cirrus Desig. Corp.,* Case No. 08 CV 1253 BSJ, 2010 WL 2674584, at *7 (S.D.N.Y. July 6, 2010); *see also*

4

*Pritchard v. Dow Agro Sciences,* 263 F.R.D. 277, 284-285 (W.D. Pa. 2009) (holding that expert declaration need not be stricken if it contains merely 'an elaboration of and [is] consistent with an opinion/issue previously addressed in the expert report").

"The practical reality is that experts often will not be in a position to predict every challenge or critique of their analysis at the time of the original report." *See Mass Mutual,* 2015 WL 12990692, at *3. Including "new content" in "direct rebuttal of analogies that [an opposing] expert put forward to undermine the reliability of [the expert's] testimony" is an "appropriate means of supporting the reliability of [the expert's] testimony." *Zeolla v. Ford Motor Co.,* 2013 WL 308968, at *11 (D. Mass. Jan. 24, 2013); *see also Hans v. Tharaldson,* Civil No. 3:05-cv-115, 2011 WL 6937598, at *10 (D.N.D. Dec. 23, 2011) (noting that "[t]he function of rebuttal evidence is to explain, repel, counteract or disprove evidence of the adverse party" and " [e]xperts are typically allowed to introduce new methods of analysis in a rebuttal report if they are offered to contradict or rebut another party's expert"). Here, the information set forth in Dr. Malek's and Dr. Shamos' declarations directly responds to Papa John's new arguments and most certainly falls within the scope of what is permissible under this standard. Ameranth did not learn of Papa John's non-infringement theories argued in its MSJ until the MSJ was filed on June 15, 2018, and *after* Ameranth had served its opening expert infringement report of Dr. Malek on March 28, 2018. As discussed above, Papa John's MSJ set forth for the first time new claim constructions and certain non-infringement theories regarding the formatting of the PHMC and synchronization, and it relies on these new and incorrect claim constructions, none of which could have been anticipated by Ameranth's experts in their original reports and Ameranth was entitled to rebut such new arguments.

Further, Dr. Malek's and Dr. Shamos' declarations are clearly *within the scope* of the opinions provided earlier in their expert reports against Papa John's.

5

Indeed, nowhere in Papa John's Motion does it even attempt to explain any conflict between Dr. Malek's and/or Dr. Shamos' declarations and their reports, and there is no inconsistency that would warrant granting a motion to strike. *See Thompson v. Doane Pet Care Co.*, 470 F.3d 1201, 1203 (6th Cir. 2003) ("Section 26(a)(2)(B) does not limit an expert's testimony simply to reading his report. No language in the rule would suggest such a limitation. The rule contemplates that the expert will supplement, elaborate upon, explain and subject himself to cross-examination upon his report").[6] Accordingly, the expert declarations of Dr. Malek and Dr. Shamos are not untimely, nor improper, nor in violation of Rule 26 or the Court's orders.

As to Mr. Cardinal, Papa John's argues that his declaration must be stricken because he was never disclosed "as a possible witness in any capacity in this case," *i.e.*, as part of Ameranth's Initial or Expert Disclosures under FRCP 26. (Motion, 3:15-20, n. 2). This is simply untrue, given that Mr. Cardinal was disclosed long ago to Papa John's,[7] and it has witnessed him analyzing its source code for more than five years. Mr. Cardinal was retained by Ameranth in 2013 to

---

[6] The cases relied on in Papa John's Motion are factually inapposite to this case. *See, e.g., Tokai Corp. v. Easton Enterprises, Inc.,* 632 F.3d 1358, 1363 (Fed. Cir. 2011) (striking declarations of testifying experts because party never submitted expert reports as required under Rule 26); *Jarritos, Inc. v. Reyes,* 345 Fed.Appx. 215, 217 (9th Cir. 2009) (striking experts when they were timely disclosed, but their expert reports were not served until after disclosure deadline); *Perfect 10, Inc. v. Google, Inc.,* No. CV 04-9484 AHM SHX, 2010 WL 9479059, at *5 (C.D. Cal. July 26, 2010) (striking declarations of four *fact* witnesses who defendant was required to disclose under Rule 26, as opposed to an expert consultant who will *not* be testifying at trial, and who expressly is exempt from disclosure under Rule 26(a)(2)(A)); *Plumley v. Mockett,* 836 F.Supp.2d 1053, 1062 (C.D. Cal. 2010) (holding that expert's "opinions in . . . [his] declaration ***depart substantially*** from the ones he submitted within the Court's time frame for expert discovery) (emphasis added); *Jarrow Formulas, Inc. v. Now Health Group, Inc.*, Case No. CV 10-8301 PSG JCX, 2012 WL 3186576, at *16 (C.D. Cal. Aug. 2, 2012) (holding that declarations contained "new opinions that contradict [] expert disclosures and deposition testimony"); *Trilogy Comm., Inc. v. Times Fiber Comm., Inc.,* 109 F.3d 739, 744 (Fed. Cir. 1997) (affirming district court's order striking reports and affidavits to the extent they contained new opinions that did not merely supplement the expert's original report).

[7] *See* Motion, 3:16-17; Ameranth's March 29, 2013 Expert Consultant Identification Under ¶ 7.5(a) of Protective Order. [Dkt. No. 1211-3].

---

**AMERANTH'S OPPOSITION TO MOTION TO STRIKE DECLARATIONS OF DR. SAM MALEK, DR. MICHAEL SHAMOS, AND MICHEL CARDINAL**

11-cv-01810-DMS-WVG

serve as a ***non-testifying, expert technical consultant*** in connection with the review and analysis of source code and technical documentation to be produced by Defendants in this action, as well as to assist with analysis of the manner in which Defendants' systems practice the claims of Ameranth's patents. (Declarations of Michel Cardinal, Dkt. No. 450-3, ¶ 3, Dkt. No. 813-2, ¶ 3, Dkt. No. 1185-1, ¶ 3). Under FRCP 26(a)(2)(A), a party's expert disclosures must include "any witness *it may use at trial* to present evidence under FRE 702, 703 or 705." *See* Fed. R. Civ. P. 26(a)(2)(A). Here, Ameranth does not intend to use Mr. Cardinal to present expert testimony *at trial;* thus, it was not obligated to disclose him under Rule 26(a)(2)(A). Further, Papa John's has provided no support for its untenable argument that a party is required to include a non-testifying expert consultant in its Initial Disclosures, and such an argument is directly at odds with FRCP 26(a)(2)(A) (requiring disclosure of *only* experts testifying at trial).

### III. THE EXPERT DECLARATIONS DO NOT PREJUDICE PAPA JOHN'S.

In yet another attempt to concoct an alleged reason to artificially constrict Ameranth's opposition to Papa John's MSJ, Papa John's contends Ameranth cannot establish that the declarations are substantially justified or harmless. (Motion, 4:4:24-5:18). As a preliminary matter, Ameranth does not have the burden under FRCP 37 of establishing that the declarations are substantially justified and harmless because – as explained above – the declarations are *not* untimely expert disclosures under Rule 26. Moreover, Papa John's has not offered any facts in its Motion demonstrating that it has been harmed or prejudiced by these declarations.

Regardless, Papa John's cannot claim prejudice because there are no "new opinions" or "new infringement theories." As explained above, Dr. Malek's expert declaration is entirely within the scope of his expert infringement report

and responds specifically to the non-infringement arguments raised by Papa John's in its MSJ and provides highly relevant expert analysis and opinions on the Papa John's infringement of the asserted claims. Dr. Shamos' declaration provides expert analysis and opinions on issues concerning the scope of the asserted claims of the '077 Patent in light of the claim language and intrinsic record - also *consistent with* his prior declaration and report.

What Papa John's ignores is that Ameranth learned of Papa John's non-infringement theories and claim interpretation positions presented in the MSJ *for the first time when the MSJ was filed* on June 15, 2018. Thereafter, Ameranth's experts diligently prepared and submitted the July 6, 2018 expert declarations by Ameranth's deadline to oppose the MSJ established by the Court's Local Rules and Rule 56. There has been no "delay" on the part of Ameranth.

Further, Papa John's has had numerous opportunities to depose Dr. Malek and Dr. Shamos on the issues presented in Papa John's MSJ and to which Dr. Malek and Dr. Shamos respond in their expert declarations. Papa John's had the benefit of extensively deposing Dr. Malek after Ameranth served his detailed expert infringement report, but before Papa John's had filed its MSJ or served its expert's infringement rebuttal report. This was a considerable advantage, as Papa John's, who clearly knew its own non-infringement theories, was able to examine Dr. Malek on those issues without Dr. Malek having the benefit of knowing what non-infringement theories Papa John's might later assert in motions for summary judgment. Papa John's has also extensively deposed Dr. Shamos (covering claim construction, validity, and other issues). As for Mr. Cardinal, Papa John's has been aware of his role in this case since at least as early as 2013, and he has submitted multiple declarations to the Court in this action, detailing the work he was performing, *e.g.*, testing and analysis of defendants' software systems, including use of screen capture video technology. [Dkt. No. 813-2]. Papa John's simply has no basis for claiming prejudice or surprise under these circumstances.

Papa John's "surely anticipated responses specifically tailored to [its] non-infringement arguments in [its] summary judgment motion." *Serverside Group Ltd. v. Tactical 8 Technologies, L.L.C.,* 985 F.Supp.2d 900, 911 (N.D. Iowa 2013) (refusing to strike an expert declaration submitted in opposition to an MSJ); *Design Strategies, Inc. v. Davis*, 228 F.R.D. 210, 212 (S.D.N.Y.2005) (declining to preclude witness testimony where opposing party knew previously of the later disclosed witness). Papa John's has cited no authority barring a consultant who is *not testifying at trial* from submitting a declaration with the Court.[8]

## IV. CONCLUSION

For the reasons discussed herein, the Court should deny Papa John's Motion to Strike in its entirety. The July 6, 2018 expert declarations of Dr. Malek, Dr. Shamos, and Mr. Cardinal submitted with Ameranth's Opposition to the MSJ should be considered by the Court.

Dated: July 19, 2018    CALDARELLI HEJMANOWSKI PAGE & LEER LLP

By:    */s/ William J. Caldarelli*
William J. Caldarelli
Lee E. Hejmanowski
Ben West

FABIANO LAW FIRM, P.C.
Michael D. Fabiano

OSBORNE LAW LLC
John W. Osborne

WATTS LAW OFFICES
Ethan M. Watts

WITKOW | BASKIN
Brandon J. Witkow
Erin C. Witkow

**Attorneys for Plaintiff Ameranth, Inc.**

---

[8] In 2012, Ameranth submitted the declaration of another technical consultant in opposition to a summary judgment motion against Defendant GrubHub, Inc. [Dkt. No. 261-3; *see also* Case No.12-cv-00749-JLS-NLS, Dkt. No. 34-3].

# CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2018, I electronically transmitted the attached document to defendants' counsel of record via email.

By: */s/ William J. Caldarelli*
William J. Caldarelli
wjc@chpllaw.com

10

**AMERANTH'S OPPOSITION TO MOTION TO STRIKE DECLARATIONS OF DR. SAM MALEK, DR. MICHAEL SHAMOS, AND MICHEL CARDINAL**
11-cv-01810-DMS-WVG