1

**CALDARELLI HEJMANOWSKI PAGE & LEER LLP**
William J. Caldarelli (SBN #149573)

2

Ben West (SBN # 251018)

3

12340 El Camino Real, Suite 430
San Diego, CA 92130

4

Telephone: (858) 720-8080
Facsimile: (858) 720-6680

5

wjc@chplawfirm.com

6

dbw@chplawfirm.com

7

Attorneys for Plaintiff Ameranth, Inc.
Additional counsel for Plaintiff listed below

8

9

# UNITED STATES DISTRICT COURT

10

## SOUTHERN DISTRICT OF CALIFORNIA

11

12

IN RE: AMERANTH PATENT
LITIGATION

**Lead Case No. 11cv1810 DMS (WVG)**

13

14

**PLAINTIFF AMERANTH, INC.'S BRIEF
IN SUPPORT OF DISCOVERY DISPUTE**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AMERANTH, INC.'S BRIEF IN SUPPORT OF DISCOVERY DISPUTE**
**Lead Case No. 3:11-cv-01810-DMS-WVG**

1  **Additional counsel for Plaintiff Ameranth, Inc.:**

2  **FABIANO LAW FIRM, P.C.**

3  Michael D. Fabiano (SBN #167058)
   12526 High Bluff Drive, Suite 300

4  San Diego, CA  92130
   Telephone: (619) 742-9631

5  mdfabiano@fabianolawfirm.com

6

7  **OSBORNE LAW LLC**
   John W. Osborne (Appointed *Pro Hac Vice*)

8  33 Habitat Lane
   Cortlandt Manor, NY 10567

9  Telephone: (914) 714-5936

10 josborne@osborneipl.com

11
   **WATTS LAW OFFICES**

12 Ethan M. Watts (SBN #234441)
   12340 El Camino Real, Suite 430

13 San Diego, CA  92130

14 Telephone: (858) 509-0808
   Facsimile: (619) 878-5784

15 emw@ewattslaw.com

16

17 **WITKOW | BASKIN**

18 Brandon J. Witkow (SBN 210443)
   Erin C. Witkow (SBN 216994)

19 21031 Ventura Boulevard, Suite 603

20 Woodland Hills, California 91364
   Tel:   818.296.9508

21 bw@witkowlaw.com

22 ew@witkowlaw.com

23

24

25

26

27

28
                                 1
**AMERANTH, INC.'S BRIEF IN SUPPORT OF DISCOVERY DISPUTE**
                        **Lead Case No. 3:11-cv-01810-DMS-WVG**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INTRODUCTION

Defendant GrubHub Holdings Inc.'s ("GrubHub") attempt to depose Plaintiff Ameranth, Inc.'s ("Ameranth") former patent prosecution counsel and current litigation counsel, Michael Fabiano, is nothing more than a belated, procedurally defective fishing expedition. GrubHub claims – *with no evidence whatsoever* – that Ameranth intentionally failed to disclose three prior art references during the prosecution of the '077 Patent. Despite the fact that GrubHub had *ample* opportunity to ask Ameranth about this purported failure during depositions or through written discovery, it made absolutely no attempt to do so. Now, after the close of fact discovery and the deadline to depose fact-controlled witnesses, and in a desperate attempt to salvage its deficient defense, GrubHub attempts to conduct this discovery *for the first time* by subjecting opposing counsel to a deposition and overly broad document requests. In addition to the fact that the Subpoena is untimely and procedurally defective, as explained below, this Court has made clear that when a party seeks to depose opposing counsel, *the burden shifts* to that party to establish that it could not have obtained the information from some other source, that the information is relevant and non-privileged, and that the information is crucial to the party's case. Because GrubHub cannot satisfy this burden, Ameranth respectfully requests that the Court quash the Subpoena and prohibit GrubHub from seeking discovery from its counsel, Michael Fabiano.

## RELEVANT FACTUAL BACKGROUND

On August 28, 2018, counsel for GrubHub emailed Ameranth's counsel a copy of a subpoena issued to Michael Fabiano ("Subpoena"), former patent prosecution counsel for Ameranth with respect to the '077 Patent, and current litigation counsel for Ameranth in connection with this action. (Declaration of Brandon J. Witkow ("Witkow Decl."), ¶ 2 and Exh. A). In the email, GrubHub's

1

**AMERANTH, INC.'S BRIEF IN SUPPORT OF DISCOVERY DISPUTE**

Lead Case No. 3:11-cv-01810-DMS-WVG

1  counsel asked whether Ameranth's counsel would accept serve of the subpoena.

2  (*Id.*)  No other parties were copied on the email.  (*Id.*)  On August 30, 2018,

3  GrubHub then personally served the Subpoena on Mr. Fabiano at his home.  (*Id.,* ¶

4  3).  To Ameranth's knowledge, GrubHub has never served the Subpoena on any

5  other parties.  (*Id.*)  The Subpoena demanded the deposition of Mr. Fabiano on

6  September 11, 2018, and the production of seven categories of documents by

7  September 10, 2018.  (Witkow Decl., Exh. A). These categories include "all

8  documents and communications" regarding three prior art references: U.S. Patent

9  No. 7,069,228 to Rose; U.S. Patent No. 6,356,543 to Hall; and U.S. Patent No.

10  6,415,138 to Sirola.  (*Id.*)  They also include "all documents and communications"

11  regarding a Final Office Action for a different patent application filed by

12  Ameranth (U.S. Appl. Ser. No. 11/190,633), as well as "all documents and

13  communications" regarding the patent examiner for that different patent

14  application (*i.e.*, USPTO Examiner Rutao Wu).  (*Id.*)

15      On August 31, 2018, Ameranth's counsel sent counsel for GrubHub a meet

16  and confer letter regarding the Subpoena, explaining why the Subpoena was

17  untimely, procedurally defective, and improper.  (Witkow Decl., Exh. B).  The

18  parties met and conferred telephonically on September 6 and 12, 2018.  (*Id.,* ¶ 4).

19  During those discussions, GrubHub's counsel argued that GrubHub believed the

20  deposition and documents were necessary to support its defense of inequitable

21  conduct.  (*Id.*)  Ameranth's counsel requested that GrubHub identify when or

22  where this discovery had been sought from Ameranth or any other source; counsel

23  for GrubHub admitted that he had made no attempt to determine whether

24  GrubHub or any other defendant in this litigation had ever requested this

25  information from Ameranth or any other source.  (*Id.*)   The parties then jointly

26  contacted Judge Gallo's Clerk on September 12, 2018, who instructed the parties

27  to file these Briefs.  (*Id.*)

28

**AMERANTH, INC.'S BRIEF IN SUPPORT OF DISCOVERY DISPUTE**

**Lead Case No. 3:11-cv-01810-DMS-WVG**

## THE SUBPOENA IS UNTIMELY AND PROCEDURALLY DEFECTIVE

The deadline for GrubHub to conduct discovery was August 31, 2018. [Dkt. No. 1257]. While the Court recently entered an order extending *expert and third-party discovery* to September 17, 2018 [Dkt. No. 1281], that order does *not* apply to the deposition of Mr. Fabiano, as it is without question that Mr. Fabiano is neither an expert nor a third party in this matter. The parties made a clear distinction between *party-controlled witnesses* and *third-party witnesses* in the Joint Case Management Statement and Discovery Plan that they submitted to the Court. [Dkt. No. 334, at IV(i)]. The Court adopted this language in its Order Following Second Case Management Conference and Case Management Order. [Dkt. No. 345, 4.I]. Given Mr. Fabiano's role as prosecution counsel for Ameranth for the '077 Patent, as well as Ameranth's litigation and trial counsel in this matter, he is most certainly an "Ameranth-controlled witness." Thus, if GrubHub intended to depose or seek documents from Mr. Fabiano, it was required to do so on or before August 31; yet, the Subpoena seeks the production of documents by Mr. Fabiano on September 10, 2018, and calls for his deposition on September 11, 2018 – *well after the August 31, 2018 discovery deadline*.

Furthermore, "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served *on each party*." *See* Fed. R. Civ. P. 45(a)(4) (emphasis added). Here, the Subpoena *did* seek the production of documents, yet it was *not* served on each party before it was served on Mr. Fabiano. (Witkow Decl., at ¶ 2 and Exh. A). Failure to properly serve a Subpoena constitutes grounds to quash. *See, e.g., Schweizer v. Mulvehill*, 93 F.Supp.2d 376, 411–412 (S.D.N.Y. 2000).

**AMERANTH, INC.'S BRIEF IN SUPPORT OF DISCOVERY DISPUTE**
Lead Case No. 3:11-cv-01810-DMS-WVG

## A DEPOSITION OF MR. FABIANO IS UNNECESSARY AND IMPROPER

1

2        This Subpoena is an inappropriate and unduly burdensome fishing

3   expedition.  These document requests are overbroad, with no attempt to exclude

4   obviously privileged documents and communications.  Yet, GrubHub has no

5   evidence whatsoever – *because no evidence exists* – to support its false assertion

6   of any intent by Ameranth or Mr. Fabiano to intentionally withhold three prior art

7   references from the examiner during prosecution of the '077 patent.  GrubHub, as

8   the party alleging inequitable conduct, bears the burden of proving a threshold

9   level of intent to deceive by clear and convincing evidence.  *See Therasense, Inc.*

10  *v. Becton, Dickinson and Co*., 649 F.3d 1276, 1291 (Fed. Cir. 2011).  "The

11  absence of a good faith explanation for withholding a material reference does not,

12  by itself, prove intent to deceive."  *Id.*  GrubHub has not and cannot identify *any*

13  evidence supporting a "threshold level of intent to deceive."

14       As GrubHub concedes, the three references were cited and discussed in the

15  file history for the '633 patent application.  The entire '633 patent application file

16  history was included as an exhibit in the *Menusoft* trial (Witkow Decl., Exh. C at

17  Exh. 8).  As set forth on the face of the '077 Patent, Ameranth identified and

18  disclosed the *Menusoft* trial exhibits, including the '633 application and its file

19  history, to the Examiner for the application that later issued as the '077 Patent,

20  and the Examiner confirmed, in December 2011, that he had reviewed each item

21  in that Information Disclosure Statement.  (Witkow Decl., Exh. D at p. 4;

22  Witkow Decl., Exh. E at p. 2).   Despite this irrefutable evidence, GrubHub now

23  seeks – *after the cutoff of party discovery* –to subject Ameranth's litigation

24  counsel to a deposition and document requests because GrubHub failed to

25  conduct party discovery that it could have conducted months (or even years) ago,

26  under the false pretense that Ameranth's litigation counsel is a "third party"

27  subject to the extended discovery deadline.  This subpoena is just an afterthought

28

4

**AMERANTH, INC.'S BRIEF IN SUPPORT OF DISCOVERY DISPUTE**

Lead Case No. 3:11-cv-01810-DMS-WVG

1   by GrubHub in a weak and desperate attempt to prove a baseless theory, and it

2   cannot be permitted.  *See Sterne Kessler Goldstein & Fox, PLLC v. Eastman*

3   *Kodak Co.,*  276 F.R.D. 376, 384 (D.D.C. 2011) (holding that defendant's claim

4   that deposition of plaintiff's counsel could lead to non-privileged, factual

5   information relevant to defendant's inequitable conduct defense was "exactly the

6   type of fishing expedition that courts have attempted to prevent when seeking to

7   deter deposition of counsel").

8          In *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), the Eighth

9   Circuit developed a test on the appropriateness of deposing opposing counsel that

10  has been expressly adopted by several other courts, including the Southern

11  District of California.  *See, e.g.*, *Am. Cas. Co. of Reading, Pa. v. Krieger*, 160

12  F.R.D. 582, 585, 588 (S.D. Cal. 1995) (applying *Shelton* test), *Textron Fin'l*

13  *Corp. v. Gallegos*, 2016 WL 4169128, at *2 (S.D. Cal. Aug. 5, 2016) (stating

14  "*Shelton* is generally considered the leading authority, and has been adopted in

15  this district"); *Eclipse Group LLP v. Target Corporation,*  2017 WL 2103573, at

16  *7 (S.D. Cal. May 12, 2017).  While a party moving to quash a subpoena

17  normally has the burden of persuasion, under *Shelton,* the burden shifts.  The

18  party seeking opposing counsel's deposition must show it needs the deposition by

19  demonstrating the following factors: (1) no other means exist to obtain the

20  information other than to depose opposing counsel; (2) the information sought is

21  relevant and nonprivileged; and (3) the information is crucial to the preparation

22  of the case.  Here, GrubHub cannot satisfy its burden of demonstrating these

23  three factors.

24         First, GrubHub cannot show that no other means exist to obtain the

25  information other than to depose opposing counsel.  In the case of the deposition

26  of opposing counsel who is also patent prosecution counsel, courts have regularly

27  invoke this rule to forbid or limit the deposition of prosecution counsel when it

28

5

**AMERANTH, INC.'S BRIEF IN SUPPORT OF DISCOVERY DISPUTE**

1   is clear that the information sought by the opposing party is readily available

2   from another source that does not so seriously implicate privilege or work

3   product concerns, such as written discovery or the deposition of the plaintiff or

4   inventor.  *See, e.g., Sterne,* 276 F.R.D. at 385 (deposition of prosecution counsel

5   regarding inequitable conduct defense was not permitted because the desired

6   information related to inequitable conduct claim was more readily available from

7   the inventor, who had already been deposed); *ResQNet.com, Inc. v. Lansa, Inc.,*

8   2004 WL 1627170, at *5 (S.D.N.Y. July 21, 2004) (rejecting the defendant's

9   attempt to depose opposing counsel re inequitable conduct because defendant had

10  "already deposed the inventors of the patents alleged to be relevant, and those

11  depositions included detailed questions about the patent prosecution histories, the

12  cited prior art, the patents in suit, and numerous related issues" and "the

13  prosecution histories speak for themselves"); *Games2U, Inc. v. Game Truck*

14  *Licensing LLC,* 2013 WL 4046655, at *9 (D. Ariz. Aug. 9. 2013) (deposition of

15  prosecution counsel was not permitted where "[i]t is not apparent that [the

16  prosecuting attorney's] deposition would lead to relevant discovery that is not

17  available from other sources"); *Petka v. Mylan Pharm., Inc.* 2016 WL 6947589,

18  at *4 (N.D. Cal. Nov. 28, 2016) (holding that "the minimal benefit [defendant] is

19  likely to gain [by deposing plaintiff's patent prosecution counsel] ultimately is

20  outweighed by the risk of encountering privilege and work-product issues").

21       Here, GrubHub had many opportunities to obtain this information from an

22  equally reliable source in a more convenient, less burdensome fashion, and it

23  failed to do so.  GrubHub *never* served a Rule 30(b)(6) deposition notice seeking

24  testimony on these topics.  Neither GrubHub nor any other defendant *ever* asked

25  any questions on these topics during any depositions of Ameranth's fact or Rule

26  30(b)(6) witnesses.  GrubHub *never* served any interrogatories or document

27  requests on these topics.  (Witkow Decl., ¶ 5).  During the meet and confer

28

**AMERANTH, INC.'S BRIEF IN SUPPORT OF DISCOVERY DISPUTE**
**Lead Case No. 3:11-cv-01810-DMS-WVG**

1   process, counsel for Ameranth asked GrubHub to identify any effort made by

2   GrubHub or any other defendant to obtain this information from Ameranth itself,

3   and GrubHub counsel was unable to do so.  (*Id.,* ¶ 4).

4       Second, GrubHub cannot show that the information sought is relevant and

5   nonprivileged, as GrubHub has offered no evidence of any intent by Ameranth or

6   Mr. Fabiano to withhold these references, and to the extent any responsive

7   documents exist, they would either be publicly available (*i.e.*, in the prosecution

8   file history) or they are privileged.  Further, GrubHub has not submitted any

9   expert reports regarding the issue of inequitable conduct.  (*Id.,* ¶ 5).

10      Third, GrubHub cannot show that the information is crucial to the

11  preparation of the case.  Again, there has been no evidence put forth of any intent

12  by Mr. Fabiano or Ameranth, so this is nothing more than a fishing expedition.

13  *See Sterne,* 276 F.R.D. at 384-85 ("Deposing an opposing party's former counsel

14  on the same matter at issue in the pending litigation, should not be done lightly.

15  Simply claiming that an opposing party's former counsel has 'non-privileged,

16  factual information' without specifying precisely what information is sought or

17  the benefit of that information is insufficient to overcome the potential risks that

18  the Federal Rules were intended to protect against").  Moreover, if this evidence

19  was "crucial", GrubHub would have sought to obtain it directly from Ameranth

20  before the discovery cutoff.  It did not.

## CONCLUSION

22      For the foregoing reasons, Ameranth respectfully requests the Court quash

23  the Subpoena and prohibit GrubHub from seeking discovery from Mr. Fabiano.

24  Dated: September 19, 2018   Respectfully submitted,

25

26                              CALDARELLI HEJMANOWSKI PAGE & LEER LLP
                                By: /s/ William J. Caldarelli

27                                  William J. Caldarelli
                                Attorneys for Ameranth, Inc.

28
                                              7

**AMERANTH, INC.'S BRIEF IN SUPPORT OF DISCOVERY DISPUTE**

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 19, 2018, I electronically transmitted the foregoing document to defendants' counsel of record via the court's CM/ECF electronic filing system.

By:     */s/ William J. Caldarelli*
            William J. Caldarelli
            wjc@chpllaw.com

PROOF OF SERVICE