UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: AMERANTH PATENT LITIGATION CASES, | Case No.: 11cv1810 DMS (WVG)<br><br>**ORDER ON AMERANTH'S REQUEST TO REOPEN LITIGATION ON ADDITIONAL PATENT CLAIMS, AND SETTING BRIEFING SCHEDULE ON PATENT CLAIMS 4 AND 5** |

On November 6, 2018, this Court imposed a stay on these cases pending Ameranth's appeal of the Court's entry of judgment in Case No. 12cv733 that certain claims of the '077 Patent were unpatentable.[1] That stay was continued on March 5, 2020, pending Ameranth's petition for certiorari to the United States Supreme Court, and again on October 23, 2020, pending this Court's resolution of Domino's motion for exceptional case in Case No. 12cv733. After the Court issued its rulings on that motion, but before a final judgment was entered, Defendants in these consolidated proceedings filed a request for a status conference with the Court to discuss how to proceed with the remaining cases. A status conference was set, after which a final judgment was entered in Case No. 12cv733.[2]

---

[1] The stay did not apply to Case No. 12cv733.
[2] Ameranth has since filed an appeal of that judgment.

After hearing from counsel at the status conference, the Court issued an order lifting the stay and ordering Ameranth to show cause as to why it should be allowed to reassert any claims that were not selected in response to the Court's February 14, 2017 Order directing Ameranth to select five claims for assertion against each Defendant. Ameranth has now submitted its response to the OSC, and Defendants have filed their reply.

At the outset, Ameranth maintains that the Court should stay these cases pending the Supreme Court's decision in *American Axle & Manufacturing, Inc. v. Neapco Holdings LLC*, and until Ameranth's appeal of the judgment in Case No. 12cv733 is concluded. The Court declines to do so. These cases have been pending in this Court for approximately ten years. The proceedings have been stayed multiple times while the case went through proceedings before the Patent Trial and Appeal Board, and again while Ameranth appealed this Court's summary judgment ruling. The time has come for these cases to be resolved, and now is an opportune time to do so given Ameranth's currently pending appeal before the Federal Circuit. Accordingly, the Court's denies Ameranth's request to impose another stay on these cases.

Absent a stay, Ameranth argues it should be allowed to assert claims 2 and 12 of the '077 Patent. Ameranth asserts that result is consistent with *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1311-13 (Fed. Cir. 2011), and *Nuance Communications, Inc. v. ABBYY USA Software House, Inc.*, 813 F.3d 1368 (Fed. Cir. 2016), and because:

> (a) Ameranth previously reserved its right to assert claims 2 and 12; (b) claims 2 and 12 present unique, non-duplicative issues not presented by the invalidated claims; and (c) the unique issues presented by claims 2 and 12, including the ordered combination of claim elements, pursuant to Step 2 of the Alice inquiry provide an inventive concept sufficient to confer patent eligibility.

(Ameranth's Resp. to OSC at 1-2.) Ameranth also contends it should be allowed to assert these claims because "the defendants' accused products have evolved and gone through technological revisions, and there have been consolidations and integrations between many

of the defendants and their products." (*Id.* at 2.) Defendants respond that Ameranth has not shown good cause to reassert claims 2 and 12, nor has it shown that it would be denied due process if the Court refused to allow it to assert these claims. They also argue it would be futile to allow Ameranth to assert these claims because, like the claims already found unpatentable in Case No. 12cv733, claims 2 and 12 are also directed to unpatentable subject matter.

In resolving the present dispute, the Court notes that Ameranth does not appear to be raising a due process challenge to the Court's claim selection procedure. Instead, Ameranth assumes its request to reassert claims 2 and 12 is governed primarily by the same standard set out by the district court in *Katz*, namely, that claims 2 and 12 may be reasserted if they present "unique issues as to liability or damages." *Katz*, 639 F.3d at 1312. Defendants, by contrast, rely primarily on the good cause standard for amending infringement contentions, and argue Ameranth has not met that standard. Because the parties addressed both standards, the Court will do so, as well.

Turning first to the "unique issues" standard, Ameranth argues claims 2 and 12 meet that standard because they "provide inventive concepts that impact a Section 101 eligibility analysis not presented by the invalidated claims." (Ameranth's Resp. to OSC at 4.) Specifically, Ameranth asserts the "unique" inventive concepts of these two claims are contained "in the ordered combination of the elements of these [ ] claims as integrated/combined with the elements of the independent menu claims upon which they rely." (*Id.* at 6.) Defendants respond that the ordered combination of the elements of claims 2 and 12 is "nearly identical" to that found in claims 14 and 15, which the Federal Circuit has already found to be patent ineligible.

The Court agrees with Defendants, and finds claims 2 and 12 do not raise any "unique issues as to liability or damages" such that Ameranth should be allowed to reassert those claims at this stage of the proceedings. As Defendants set out on page eight of their reply brief, the limitations of claims 2 and 12 are "substantively identical" to the limitations of claims 14 and 15, which this Court found to be patent ineligible, and which finding the

Federal Circuit affirmed. Ameranth also raised the issue of the ordered combination of these claim elements in its appeal to the Federal Circuit. (*See, e.g.*, Defs.' Resp., Ex. E at 49.) Ameranth faults the Federal Circuit for not specifically addressing that argument, but that complaint does not demonstrate there are any "unique issues of liability or damages" surrounding claims 2 and 12. Absent such a showing, Ameranth is not entitled to reassert those claims under the *Katz* "standard."

Ameranth also fails to meet the good cause standard for amending its infringement contentions. Ameranth's only argument on this point is that since Ameranth's last set of infringement contentions "in or around early 2017[ ], the accused products and systems have evolved, new versions have been released, there have been various new systems and product integrations, and in some cases acquisitions and consolidation of entities, within the industry and among the defendants." (Ameranth's Resp. to OSC at 13.) Although in some cases the introduction of new products into the market constitutes good cause for amending infringement contentions, Ameranth ignores the other changes in the landscape of these proceedings. Specifically, Ameranth ignores this Court's finding that the patent claims asserted against Domino's were ineligible for patent protection, the Federal Circuit's decision to affirm that finding, and the Supreme Court's denial of Ameranth's petition for certiorari on that issue. Ameranth also ignores this Court's finding that the Domino's case was exceptional, and the Court's award of more than $2.7 million in attorneys fees and costs in that case. As it has throughout this case, Ameranth fails to take a holistic view of all of the facts in this case, and instead presents only those facts that support its position.

Viewing the facts in their entirety, it is clear to this Court that Ameranth has not demonstrated good cause to reassert claims 2 and 12. As Defendants point out, Ameranth never asserted claim 2 against any Defendant, and did not assert claim 12 against many Defendants. And although Ameranth advised Defendants' Counsel of its belief that it was entitled to seek leave of court to assert any claims that survived this Court's summary

judgment order and the appeal,[3] Ameranth fails to present any evidence that it informed the Court of its belief at that time or at any time prior.  Furthermore, although Ameranth contends its request for leave to assert these claims is based on Defendants' release of new products and versions of their systems, it appears to the Court that Ameranth's request is simply a response to the judgment in the Domino's case, and an attempt at a "do-over," as Defendants put it. (Defs.' Resp. at 3.)  Under similar circumstances, other courts have denied requests for leave to assert new claims. *See VLSI Tech. LLC v. Intel Corp.*, No. CV 18-0966-CFC, 2020 WL 4437401, at *2 (D. Del. Aug. 3, 2020) (rejecting patentee's interpretation of *Katz* to allow reintroduction of certain patent claims because under that reading, "district courts could never limit the number of claims asserted by a plaintiff, and this Court's docket would grind to a halt."); *Papst Licensing GmbH & Co., KG v. Apple, Inc.*, No. 6:15-CV-01095-RWS, 2020 WL 11613777, at *3 (E.D. Tex. July 1, 2020) (denying motion to amend claim election because it "would inappropriately allow Papst a "do over" of claim election.")  This Court finds the reasoning of those cases persuasive, and adopts the same conclusion here, namely that Ameranth has not shown good cause to reassert claims 2 and 12.

With this ruling, the parties requested to brief the issue of claims 4 and 5 in the cases in which those claims remain pending.  The briefing schedule on those claims is as follows:

1. Defendants shall file their opening brief on the issue of claims 4 and 5 on or before **January 18, 2022**.

2. Ameranth shall file its responsive brief on or before **February 1, 2022**.

---

[3] It is worth noting that Ameranth advised Defendants' Counsel of this belief on March 10, 2020, (*see* Defs.' Resp., Ex. 1), well after service of its amended infringement contentions in 2017, and several months after the Federal Circuit's decision affirming this Court's summary judgment order.  Ameranth's delay in conveying this information to Defendants and the Court weighs against a finding of diligence, which defeats any finding of good cause.  *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1367–68 (Fed. Cir. 2006) (concluding "district court did not abuse its discretion in finding a lack of diligence and therefore a lack of 'good cause.'")

3. Defendants shall file their reply brief on or before **February 8, 2022**.

4. Absent further order of the Court, the issue will be submitted on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**IT IS SO ORDERED**.

Dated: December 27, 2021

Hon. Dana M. Sabraw
United States District Judge